IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., and CHRISTOPHER SMITH, Plaintiffs | : : : : |
| v. | : : C.A. No. 04 12611 JLT |
| ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, and RICHARD WEIN, Defendants | : : : : : : |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE**

I.   **STATEMENT OF THE CASE**

Plaintiff American Graphics Institute, Inc. ("AGI") is a Massachusetts corporation engaged in the business of providing consulting services and computer training courses. (Plaintiffs' Complaint, ¶3). Plaintiff Christopher Smith is the president and founder of AGI. (Plaintiffs' Complaint, ¶4).

Defendant Acquired Learning Inc. ("Acquired Learning") is a Pennsylvania corporation also engaged in the business of providing consulting services and computer training. (Plaintiffs' Complaint, ¶4). Defendants Dean Novosat and Clark Edwards are co-owners and officers of Acquired Learning. Defendant Judeann Stipe is an employee of Acquired Learning. (Plaintiffs' Complaint, ¶¶7,8,9). Defendant Systems Solution, Inc. ("SSI") is a Delaware corporation engaged in the resale of computer hardware and software as well as providing computer consulting services. Defendant Richard Wein is President and co-owner of SSI. (Plaintiffs' Complaint, ¶10).

2541150_v2

AGI owns copyrighted work on an internet website located at URL www.agitraining.com. ("AGI website") (Plaintiffs' Complaint, ¶11). Subsequent to the alleged acts of infringement, AGI filed a copyright application on December 10, 2004, attached as Exhibit C to the Complain, in order to further protect the content of the AGI website. (Plaintiffs' Complaint, ¶11). Plaintiffs also allege that Mr. Smith is an owner of certain undefined copyrighted work in the book entitled InDesign for QuarkXPress Users, which Plaintiffs allege the Defendants infringed upon. (Plaintiffs' Complaint, ¶12).

In 2004, AGI closed its Pennsylvania offices and ceased doing business in the state. Thereafter, in the summer of 2004, Defendants Edwards and Novosat started Acquired Learning to engage in the business of offering computer training courses and computer consulting in the southeastern Pennsylvania region. Acquired Learning utilizes a website located at www.acquiredlearning.com, to promote its business. (Plaintiffs' Complaint, ¶¶13,14). Similarly, SSI operates a website known as www.ssi-net.com.

Plaintiffs initiated this action on December 14, 2004, against the Defendants arguing that they collectively infringed on the Plaintiffs' copyrighted works in the promotion of their respective businesses and unfairly competed with AGI. (Plaintiffs' Complaint, ¶¶14-17). Specifically, Plaintiffs allege that Acquired Learning and SSI copied proprietary content from the AGI website, without authorization, and used such work on their own websites and course materials. (Plaintiffs' Complaint, ¶¶15,16,18,19).

II.   **QUESTIONS PRESENTED**

    A.   WHETHER PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER THE DEFENDANTS?

        *Suggested answer in the affirmative.*

    B.   WHETHER THIS MATTER SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA BECAUSE VENUE IS IMPROPER IN THIS DISTRICT?

        *Suggested answer in the affirmative.*

III.   **ARGUMENT**

    A.   THIS FORUM LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS.

A court must always initially determine whether it has subject matter and personal jurisdiction over the parties prior to adjudicating a claim. The plaintiff bears the burden of demonstrating that jurisdiction is proper. *Jet Wine & Spirits, Inc. v. Bacardi & Company, Ltd.*, 298 F.3d 1, 7 (1st Cir. 2004). In the case where an out-of-state defendant contests personal jurisdiction, the plaintiff must show that the defendant had such connections with the state or with the events within the state pertinent to the claim as to permit the constitutional exercise of jurisdiction under the state's long-arm statute. *Andresen v. Diorio*, 349 F.3d 8, 12 (1st Cir. 2003). To meet this burden, the plaintiff must adduce "competent evidence of specific facts." *Barrett v. Lombardi*, 239 F.3d 23, 26 (1st Cir. 2001). It cannot rest on averments alone. *Id.*

It is axiomatic that there must be a clear statutory and constitutional basis to exercise jurisdiction over a defendant. *See, e.g., World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). Thus, to maintain this action, the Plaintiffs must demonstrate both that personal jurisdiction is appropriate under the Massachusetts Long-Arm Statute *and* that the exercise of jurisdiction comports with the requirements of the Due Process Clause of the United States Constitution. *Cambridge Literary Properties v. W. Goebel Porzellanfabrik, et al.*, 295 F.3d 59

2541150_v2                                                3

(1st Cir. 2002); *United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1086 (1st Cir. 1992). Neither the Massachusetts Long-Arm Statute nor the United States Constitution affords this Court a sufficient basis to exercise jurisdiction over the Defendants, and therefore the action must be dismissed.

### 1.  The Massachusetts Long-Arm Statute Does Not Afford a Sufficient Basis of Personal Jurisdiction over the Defendants.

The Massachusetts Long-Arm Statute provides, in pertinent part, that a court sitting in Massachusetts may exercise personal jurisdiction over an out-of-state defendant only if the case arises from the defendant's:

- (a) transacting any business in this commonwealth;
- (b) contracting to supply services or things in this commonwealth;
- (c) causing tortious injury by an act or omission in this commonwealth;
- (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
- (e) having an interest in, using or possessing real property in this commonwealth; or
- (f) contracting to insure any personal, property or risk located within this commonwealth at the time of contracting.

Massachusetts General Laws Chapter 223A, § 3. Plaintiffs cannot demonstrate that the exercise of jurisdiction is proper over any of the Defendants under any provision of this law.

### a.  There Is No Statutory Basis for Personal Jurisdiction over Defendants Acquired Learning, Novosat, Edwards, and Wein.

Defendants Acquired Learning, Novosat, Edwards, and Wein have absolutely no contacts with Massachusetts. Specifically, Acquired Learning, Novosat, Edwards, and Wein never transacted business in Massachusetts and have not contracted to supply any services in Massachusetts. (See Affidavit of Clark Edwards, "Edwards Affidavit" ¶4 (Exhibit A); Affidavit of Dean Novosat, "Novosat Affidavit" ¶4 (Exhibit B); Affidavit of Richard Wein "Wein Affidavit" ¶7 (Exhibit C)). In addition, neither Acquired Learning, Edwards, Novosat or Wein

committed any torts in the state of Massachusetts. Assuming, *arguendo*, the Defendants did infringe the Plaintiffs' copyrighted works, or converted such works for their own use as the Plaintiffs allege, the injury occasioned by a conversion is deemed to occur where such conversion would have occurred. *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30 (1st Cir. 1999). Since the Defendants do not transact or promote their business in Massachusetts, such conversion would have had to occur in Pennsylvania. Finally, Acquired Learning, Edwards, Novosat, and Wein do not have any interest in real property in Massachusetts and have never contracted to insure any personal property or risk located in Massachusetts. (Clark Affidavit, ¶¶3,6; Novosat Affidavit, ¶¶3,6; Wein Affidavit, ¶3). Consequently, there is no conceivable basis to extend personal jurisdiction over the Defendants Acquired Learning, Novosat, Edwards or Wein under the Massachusetts Long-Arm Statute.

        b.    <u>There Is No Statutory Basis for Personal Jurisdiction over Defendants SSI and Stipe.</u>

Similarly, the Massachusetts Long-Arm Statute does not afford a sound basis for personal jurisdiction over Defendants SSI and Stipe. SSI has two attenuated contacts with Massachusetts. First, several years ago, SSI provided technological support to a law firm litigating a matter in Massachusetts. (Wein Affidavit, ¶5 ). This contact was in no way related to the Plaintiffs or the subject of this litigation. (Wein Affidavit, ¶5 ). Second, in 2004, SSI registered with the Massachusetts Department of Revenue to collect sales tax on goods. (Wein Affidavit ¶3). SSI has never collected any taxes in connection with this registration because it does not do business in Massachusetts. (Wein Affidavit ¶3). In addition, SSI has neither committed any torts in the state of Massachusetts nor does SSI have any interest in real property in Massachusetts. (Wein Affidavit ¶3). SSI has also never contracted to insure any personal property or risk located in Massachusetts. (Wein Affidavit, ¶3).

Defendant Stipe's contacts with Massachusetts are likewise insufficient to confer personal jurisdiction. Defendant Stipe was employed by Plaintiff AGI from 1996 through July of 2004. (Affidavit of Judeann Stipe, "Stipe Affidavit" ¶2 (Exhibit D)). During her employment with AGI, Defendant Stipe was required to travel to Massachusetts approximately twice a year to attend company meetings and meet with clients. (Stipe Affidavit, ¶2). None of her trips to Massachusetts had anything to do with the subject matter of this litigation and certainly did not form the basis for any cause of action as the Massachusetts Long Arm Statute requires for jurisdiction. Defendant Stipe does not transact business in Massachusetts nor does she contract to supply any services in Massachusetts. (Stipe Affidavit, ¶4). In addition, she has not neither committed any torts in the state of Massachusetts nor does she have any interest in real property in Massachusetts. (Stipe Affidavit, ¶5). Finally, Defendant Stipe has never contracted to insure any personal property or risk located in Massachusetts. (Stipe Affidavit, ¶6).

In sum, while Defendants SSI and Stipe have had occasional, very limited contacts with Massachusetts, the contacts are too attenuated to support the exercise of jurisdiction, and they are not related to the Plaintiffs' claims, as required by the Massachusetts Long-Arm Statute. There is therefore simply no basis for the exercise of personal jurisdiction over SSI or Stipe under the Massachusetts Long-Arm Statute. The case should be dismissed on this basis alone.

   2.    **The Exercise of Personal Jurisdiction over the Defendants Would Not Comport with the Due Process Requirements of the United States Constitution.**

Even if the Massachusetts Long-Arm Statute provided a statutory basis for the exercise of personal jurisdiction over the Defendants, which it does not, the exercise of jurisdiction would still violate the Due Process Clause of the United States Constitution. *See Cambridge Literary Props.*, 295 F.3d at 63 (jurisdiction may be barred on due process grounds even where the literal

terms of the statute might seem to permit it), *citing Bond Leather Co., Inc. v. Q.T. Show Mfg. Co., Inc.*, 764 F.2d 928, 932-35 (1st Cir. 1985). Under the Due Process Clause, personal jurisdiction can arise in a forum state by either general or specific jurisdiction. To establish general jurisdiction, a plaintiff must show that the defendant has had continuous and systematic contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408 (1984); *Mass. School of Law at Andover v. American Bar Ass'n*, 142 F.3d 26, 34-35 (1st Cir. 1998). Clearly, the Defendants in this matter have not had any continuous or systematic dealings in Massachusetts. (See generally Affidavits of Clark, Novosat, Wein and Stipe). The personal jurisdiction inquiry, therefore, will turn on whether this court may exercise specific jurisdiction over the Defendants.

Specific jurisdiction exists only when the plaintiff's claim is related to or arises out of the defendant's contacts with the forum. *See United Radio and Elec. Machine Workers of America v. 163 Pleasant Street Corp.,* 960 F.2d at 1089; *Rush v. Savchuk,* 444 U.S. 320, 327 (1980); *Shaffer v. Heitner,* 433 U.S. 186 (1977); *McGee v. International Life Insurance Co.,* 355 U.S. 220 (1957). To establish specific jurisdiction, a plaintiff must not only prove relatedness. It must also demonstrate that the defendant has sufficient "minimum contacts" with the forum state, *i.e.* the defendant has deliberately engaged in activities or created continuing obligations within the forum state to the extent that he has availed himself of the privilege of conducting business there. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985); *Barrett v. Lombardi*, 239 F.3d at 26. Finally, the plaintiff must demonstrate that the exercise of jurisdiction over the defendant would be reasonable under a "Gestalt" test. *United Radio,* 960 F.2d at 1088. Establishing specific jurisdiction under the federal Due Process Clause requires a "somewhat more extensive showing" than does the Massachusetts Long-Arm Statute. *Barrett*, 239 F.3d at

26. A cursory review of the facts in this matter clearly reveals that the exercise of specific personal jurisdiction over the Defendants would fail the constitutional test.

          a.    The Defendants Lack Minimum Contacts with Massachusetts.

Before a court may exercise personal jurisdiction over an out-of-state defendant, it must determine that the defendant has "minimum contacts" with the forum state such that asserting jurisdiction will not offend traditional notions of "fair play and substantial justice." *See International Shoe Co. v. Washington,* 326 U.S. 310, 320 (1945). A finding of minimum contacts is reserved for those that reach out to the forum state and create continuing relationships and obligations with citizens of the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985); *see also, Travelers Health Ass'n v. Virginia,* 339 U.S. 643, 647 (1950); *McGee v. International Life Insurance Co.,* 355 U.S. 220 (1957). Only where a defendant has purposefully directed its activities at the forum state can it satisfy the Due Process Clause's requirement that a defendant receive "fair warning" of the likelihood that its conduct may subject it to jurisdiction in a foreign forum. *Keetn v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984).

As described above, Defendants Acquired Learning, Novosat, Edwards, and Wein have had no contacts with the Commonwealth of Massachusetts. SSI has done only one single transaction with a law firm in Massachusetts, (Wein Affidavit, ¶5)[1], and Ms. Stipe's required visits to Massachusetts were while she was employed at Plaintiff AGI. Other than these attenuated contacts, which are unrelated to this lawsuit, the Defendants have not reached out to

---

[1] Even assuming, *arguendo*, that SSI was subject to personal jurisdiction (which is strongly denied), there is still no basis to exert jurisdiction over its officers or directors, such as Defendant Wein. "An individual's mere status as an officer or director of a corporation conducting business in Massachusetts is generally insufficient for a Massachusetts court to exercise personal jurisdiction over the person." *Harbourvest Int. Pvt. Equity Partners, et al. v. Axent Technologies, et al.,* 12 Mass. L. Rep. 323 (2000), *citing Roy v. Roy,* 47 Mass. App. Ct. 921, 715 N.E.2d 70 (1999).

Massachusetts by any stretch of the imagination. The Defendants do not transact business in Massachusetts nor do they serve clients or own or lease any property in Massachusetts.

In short, Defendants Acquired Learning, Clark, Novosat, Wein, SSI, and Stipe have not "purposefully availed" themselves of the privilege of doing business in Massachusetts. They have insufficient contacts in Massachusetts to support the constitutional exercise of personal jurisdiction over them. The case should be dismissed on this basis alone.

        b.      Whatever Contacts the Defendants Have with Massachusetts Are Unrelated to the Plaintiffs' Claims in this Case.

Jurisdiction is also improper because the limited contacts the Defendants do have with Massachusetts are wholly unrelated to the Plaintiff's claims. Specific jurisdiction requires a "demonstrable nexus" between the defendant's forum-related conduct and the claims before the court. *Mass. School of Law*, 142 F.3d at 34. This nexus requirement is designed to ensure that "a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King*, 471 U.S. 475. To establish relatedness under the law of this Circuit, the plaintiff must show that the defendant's forum-related activities were both the cause-in-fact and the legal cause of its alleged injury. *Id.* at 35. As described in Part III.A.1. of this Memorandum, none of the Defendants' forum-related activities had any relation to the Plaintiffs' claim of infringement. The Plaintiffs therefore cannot satisfy the relatedness prong of the constitutional test, and the case should be dismissed.

        c.      It Would Be Unreasonable to Exercise Jurisdiction over the Defendants in Massachusetts.

Finally, even if the Court were to somehow determine that the Defendants established minimum contacts with Massachusetts and that those contacts were related to the claims at bar, the case should still be dismissed because the exercise of jurisdiction over the Defendants in Massachusetts would be unreasonable. *See United Radio*, 960 F.2d at 1088. Courts in this

Circuit apply a "Gestalt" test to determine whether the exercise of jurisdiction over a particular defendant is reasonable. *Id.* As the Supreme Court has explained, it is only reasonable to assert jurisdiction over a defendant if it has had "fair warning that a particular activity may subject [it] to the jurisdiction of a foreign sovereign." *Shaffer v. Heitner*, 433 U.S. at 218. There are no facts to suggest that the Defendants could have possibly contemplated being sued in Massachusetts. The Due Process Clause "protects an individual's liberty interest in not being subject to a forum with which he has established no meaningful contacts, ties, or relations." *Burger King v. Rudzewicz*, 471 U.S. at 471-72. Forcing the Defendants to litigate in Massachusetts on flimsy or non-existent contacts would be a gross violation of due process and, therefore, unreasonable under the constitutional test.

B.  **VENUE IS IMPROPER IN THIS DISTRICT.**

The Plaintiffs have prefaced their argument for proper jurisdiction under 28 U.S.C. §1331 (federal question jurisdiction). Pursuant to 28 U.S.C. §1391(b), venue is proper for federal question matters in (1) a judicial district where any defendant resides; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred; or (3) a judicial district in which any defendant may be found.

None of the Defendants reside in or transact business in Massachusetts. (Clark Affidavit, ¶¶4,6; Novosat Affidavit, ¶¶4,6; Wein Affidavit, ¶5; Stipe Affidavit ¶¶1,4). There are no substantial events or omissions which occurred in Massachusetts which would give rise to Plaintiffs' claims. Finally, none of the Defendants have a presence in Massachusetts. There is, therefore, no basis for this matter being litigated in this forum.

Pursuant to 28 U.S.C §1404 and §1406, a court may transfer a matter to the proper forum for the convenience of the parties. Although 1404 and 1406 are derivatives of the common law

doctrine of *forum non conveniens*, a lesser showing of inconvenience is required when transferring under §1404 or §1406. *Norwood v. Kirkpatrick,* 349 U.S. 29 (1955). A decision to transfer may be made if all parties can be made parties in another, more convenient forum. *See* 28 U.S.C. §§ 1404(a) and 1406. Because all parties are subject to personal jurisdiction in Pennsylvania and because the Eastern District of Pennsylvania is a more convenient forum to litigate the dispute, this matter should be transferred to the Eastern District of Pennsylvania.

### 1. The Eastern District of Pennsylvania is the Proper Forum to Litigate This Dispute.

All Defendants are domiciled in Pennsylvania. In fact, other than the SSI single contact in Massachusetts, the Defendants have all conducted their business exclusively in Pennsylvania. If the Defendants copied or accessed Plaintiffs' copyrighted material illegally, such acts would have been done in Pennsylvania.

Moreover, with respect to Plaintiffs' unfair competition claim, the Defendants, if they competed at all with Plaintiffs, competed in Pennsylvania, as that is where their computer training and course offerings are located, further evidencing the fact that all substantial events occurred in Pennsylvania. Because all improper acts were allegedly done in Pennsylvania, they all arise under Pennsylvania law. This is significant because the choice of applicable law in a matter is particularly relevant in determining which venue is proper. *See, e.g., Luca Oil Drilling Co. v. Gulf Oil Corp.,* 593 F.Supp. 1198 (W.D. Pa. 1984).

### 2. This Matter Should be Transferred to the Eastern District of Pennsylvania in the Interest of Judicial Economy.

As discussed in Part III.A., *supra*, this Court clearly lacks jurisdiction over Defendants Acquired Learning, Novosat, Edwards, and Wein. Any action against them would have to proceed in Pennsylvania. Therefore, even if Plaintiffs were to succeed in establishing

jurisdiction over Defendants SSI and/or Stipe, the claims against them should be transferred to Pennsylvania so that the action could proceed as a whole rather than in piecemeal fashion. Trial efficiency is "paramount among the factors considered in the interest of justice analysis." *JMTR Enterprises LLC v. Duchin*, 42 F. Supp. 2d 87, 99-100 (D. Mass. 1999). Proceeding simultaneously with two identical cases in two different federal courts would be antithetical to the goals of judicial economy, consistent results, and the just speedy determination of the action. As a result, this matter should be transferred to the Eastern District of Pennsylvania in order to completely adjudicate this matter and avoid concurrent, piecemeal litigation and wasting judicial resources.

## IV.    CONCLUSION

For the reasons set forth above, the Defendants respectfully request that this action be dismissed for lack of personal jurisdiction. In the alternative, the Defendants respectfully request that the matter be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1404(a) or §1406.

                              ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS and RICHARD WEIN

                              By their Attorneys,

                              HOLLAND & KNIGHT LLP

                              _/s/ James D. Smeallie_
                              James D. Smeallie (BBO #467380)
                              10 St. James Avenue
                              Boston, MA  02116
                              (617) 523-2700

Dated: January 21, 2005

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

    I hereby certify that, on January 20, 2005, counsel for the parties conferred in an effort to resolve or narrow the issues raised in this motion. Counsel for the Plaintiffs indicated that Plaintiffs would contact Defendants if they were inclined to dismiss the suit, but that, absent such a communication, Defendants should file their motion to dismiss. To date, Plaintiffs have not indicated a willingness to dismiss the action.

_____
James D. Smeallie, Esq.