UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., and CHRISTOPHER SMITH<br><br>               Plaintiffs,<br>   v.<br><br>ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, and RICHARD WEIN,<br><br>               Defendants. | Civil Action No. 04-12611-JLT |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS FOR LACK OF JURISDICTION OR, IN
<u>THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE</u>**

Plaintiffs American Graphic Institute, Inc. ("AGI") and Christopher Smith submit this Opposition to Defendants' Motion to Dismiss for Lack of Jurisdiction or, in Alternative, to Transfer for Improper Venue ("Motion to Dismiss"). Defendants' contention that this Court lacks personal jurisdiction over them has no basis in law or fact. Moreover, the Defendants' argument in the alternative to transfer the case based on improper venue is entirely unsupported by statute or caselaw.

The claims against the Defendants arise out of Defendants' copying and continuing to copy Plaintiffs' advertising materials from the website of a Massachusetts company, and also arise out of Defendants' scheme of conduct to misdirect customers from a Massachusetts company through the use of Defendants' websites (the "Infringing Websites"). In addition to operating and maintaining the Infringing Websites, which advertise continuously into Massachusetts and form the basis for this lawsuit, Defendants have had numerous contacts with the Commonwealth sufficient to establish personal jurisdiction. Defendants have also committed

tortious acts in Massachusetts that were targeted at the Plaintiffs who are Massachusetts residents.

## I.   FACTUAL BACKGROUND

Plaintiff AGI is a Massachusetts company engaged in the business of providing consulting services and software training courses.  For the past five years, AGI's principal place of business has been in Massachusetts. (Smith Aff., ¶12.)  AGI provides advertising materials on its website ("AGI Website") to promote its business.  Plaintiff Christopher Smith is a Massachusetts resident and is the president and co-founder of AGI. (Smith Aff., ¶¶1,2.)

AGI has classroom locations in Massachusetts, Pennsylvania, and New York. (Smith Aff., ¶9.)  AGI was first incorporated as a Pennsylvania company.  However, in the late 1990's, the Route 128 region around Boston emerged as a much more attractive location for AGI because of the presence of print publishing and technology-related companies and the area's major research universities. (Smith Aff., ¶¶10,11.)  In addition, many of AGI's clients were closer to the Boston area.  As a result, five years ago, AGI made a business decision to move its principals and senior level management to its Woburn, Massachusetts office. (Smith Aff., ¶11.) AGI incorporated as a Massachusetts company in 2004.  (Smith Aff., ¶11.)

### A.   Facts Relating to Personal Jurisdiction Over Defendants Systems Solutions, Inc. and Richard Wein

Defendant System Solutions, Inc. ("SSI") is a Delaware Corporation engaged in the business of consulting, reselling and leasing computer hardware and software. (Wein Aff., ¶2.) Defendant Richard Wein is the president of SSI. (Wein Aff., ¶1.)

SSI provided computer consulting services for Plaintiff AGI, a Massachusetts company. (Smith Aff., ¶¶13,14.)  Specifically, SSI provided AGI's customers with equipment throughout the country and resold AGI's training courses. (Smith Aff., ¶19.)  On behalf of SSI, Defendant

2

Wein had entered into business arrangements with AGI to resell and promote AGI's courses. (Smith Aff., ¶19.) AGI paid SSI for its services from its Massachusetts bank account. (Smith Aff., ¶¶17,18.) As late as February 11, 2005, SSI sent its W-9 Form, which was signed by Defendant Wein, to AGI's Massachusetts office. (Smith Aff., ¶15.)

Without Plaintiffs' permission, SSI and Wein copied AGI's course advertising materials from the AGI Website onto SSI's website, *www.ssi-net.com*, ("SSI Infringing Website"). (Smith Aff., ¶20.) The SSI Infringing Website used verbatim content, over two dozen pages of proprietary content, from Plaintiffs' advertising materials on the AGI Website. (Smith Aff., ¶20.) SSI used the unauthorized copies of Plaintiffs' advertising materials to promote SSI courses that are in direct competition with AGI. (Smith Aff., ¶21.) A substantial portion of Plaintiff AGI's course advertising materials, which SSI and Wein copied, are for the same courses that SSI and Wein previously resold for Plaintiffs. (Smith Aff., ¶21.)

The SSI Infringing Website offers onsite training courses at any location throughout the nation. (Smith Aff., ¶23.) Defendants SSI and Wein use the SSI Infringing Website to promote their consulting and computer related services. (Smith Aff., ¶21, Motion to Dismiss, pg. 5.) The SSI Infringing Website is an interactive website that solicits prospective clients to register for its training courses online. (Smith Aff., ¶24.) The SSI Infringing Website provides an interactive online form that allows customers to register for SSI's software training courses. (Smith Aff., ¶24). The form is directed to and can be completed by residents of any state, including Massachusetts. (Smith Aff., ¶24.) Thus, via the SSI Infringing Website, SSI is engaging in on-line commerce through a web-based interface containing AGI's proprietary content, which is continuously accessible to Massachusetts residents.

SSI is registered with the Massachusetts Department of Revenue in order to collect sales and use tax. (Wein Aff., ¶3.) SSI leased software to a Massachusetts business. (Wein Aff., ¶5.)

Richard Wein, on behalf of SSI, has been involved in telephone calls, facsimile email communications that were sent to AGI in Massachusetts. (Smith Aff., ¶¶15,16.)

SSI has an ongoing business relationship with several Massachusetts companies. (Smith Aff., ¶25.) For example, SSI buys and resells software from Massachusetts companies Monaco Systems, Inc. and Creo, Inc. (Smith Aff., ¶¶25,26.) SSI's staff has received sales and service training from a Massachusetts company, Media 100, Inc. (Smith Aff., ¶27.) Media 100, Inc. and SSI ship equipment back and forth between Massachusetts and Pennsylvania. (Smith Aff., ¶28.) SSI purchases equipment from Media 100. (Smith Aff., ¶28.) SSI uses its website to promote products offered by Massachusetts companies. (Smith Aff., ¶¶29,30.)

Richard Wein and other SSI management have traveled to Massachusetts for business on numerous occasions. (Smith Aff., ¶31.) They have attended meetings, trade-shows and seminars related to print, video and Internet publishing in Massachusetts. (Smith Aff., ¶31.)

**B.      Facts Relating to Personal Jurisdiction Over Defendants Judeann Stipe, Dean Novosat, Clark Edwards and Acquired Learning, Inc.**

Defendants Judeann Stipe and Clark Edwards are former employees of AGI, a Massachusetts company. (Stipe Aff., ¶2, Smith Aff., ¶33.) Defendant Dean Novosat is a former consultant to AGI. (Smith Aff., ¶33.) Judeann Stipe and Clark Edwards provided services for AGI in Pennsylvania and Massachusetts. (Smith Aff., ¶34.)

Judeann Stipe was a Sales Manager at AGI and was actively involved in promoting AGI's business in Massachusetts. While employed by AGI, she often traveled for business to AGI's Woburn, Massachusetts office and managed client relationships with AGI clients in Massachusetts. (Smith Aff., ¶35.) She was involved in meetings, telephone calls and email communications sent to Plaintiffs AGI and Smith in Massachusetts. (Smith Aff., ¶35.) She also attended seminars, conferences and trade-shows in Massachusetts to promote AGI's consulting

4

services and software training courses to its current and prospective clients. (Smith Aff., ¶¶35,37.) On behalf of AGI, Judeann Stipe was involved in assisting with the reseller business arrangements that Defendant SSI intended to provide for AGI. (Smith Aff., ¶38.) Judeann Stipe received her paychecks from AGI in Massachusetts. (Smith Aff., ¶40.)

While Defendant Clark Edwards was employed by AGI, he traveled for business to Massachusetts. (Smith Aff., ¶44.) He was involved in meetings, telephone calls and email communications sent to Plaintiffs AGI and Smith in Massachusetts. (Smith Aff., ¶45.) In November 2002, for example, he came to Massachusetts and met with Plaintiff Smith to assist AGI in meetings and negotiations for an acquisition of another company. (Smith Aff., ¶44.) He was responsible for overseeing AGI's financial operations in Massachusetts. (Smith Aff., ¶42.) He was also responsible at AGI for purchasing and insuring vehicles and other property in Massachusetts. (Smith Aff., ¶42.) He received payment for his fees from AGI in Massachusetts, which were signed by an officer of the company in Massachusetts. (Smith Aff., ¶43.)

While Defendant Dean Novosat was a consultant for AGI, he was involved in telephone and email communications with AGI and Smith in Massachusetts. (Smith Aff., ¶48) Defendant Novosat provided information technology support services for AGI. (Smith Aff., ¶46.) Defendant Novosat received payments from AGI in Massachusetts. (Smith Aff., ¶47.) Whenever Defendant Novosat had a billing dispute with AGI, he contacted Christopher Smith in Massachusetts to resolve the issue. (Smith Aff., ¶48.) Dean Novosat has attended trade-shows in Massachusetts related to computer graphics technology. (Smith Aff., ¶49.)

In July 2004, Judeann Stipe, Dean Novosat and Clark Edwards formed the Defendant corporation, Acquired Learning, Inc. ("Acquired Learning"). (Smith Aff., ¶50.) Acquired Learning is a Pennsylvania corporation. (Edwards Aff., ¶2.) Like AGI, Acquired Learning is engaged in the business of providing consulting services and software training. Acquired

5

Learning admits, although not in its Motion to Dismiss, that it offers its "Training Solutions Nationwide!" (Smith Aff., ¶55.) It also admits that it is a "national software training company," that "currently [has] over two dozen certified experts performing training. . . all over the United States." (Smith Aff., ¶¶56,57.) Judeann Stipe, on behalf of Acquired Learning, has knowingly solicited two of AGI's clients. (Smith Aff., ¶58.) Stipe knew these were AGI clients because she used to handle their accounts for AGI. (Smith Aff., ¶59.)

Defendants Stipe, Novosat and Edwards have created an interactive website, *www.acquiredlearning.com*¸ for Acquired Learning ("Acquired Infringing Website") to promote their consulting and software training services. (Smith Aff., ¶52, Motion to Dismiss, pg. 5.) The Acquired Infringing Website used unauthorized copies of AGI's advertising materials to promote Acquired Learning's courses that are in direct competition with AGI. (Smith Aff., ¶53.) The Acquired Infringing Website contained verbatim content, at least a dozen pages of proprietary content, from AGI's advertising materials. (Smith Aff., ¶52.) A substantial portion of AGI's advertising materials, which were incorporated into the Acquired Infringing Website, were for the same AGI courses that SSI resold for AGI. (Smith Aff., ¶53.)

The Acquired Infringing Website is an interactive website that solicits prospective clients to register for Acquired Learning's software training courses online and provides an interactive online form that allows customers to register for its software training courses. (Smith Aff., ¶54) The form is directed to and can be completed by residents of any state, including Massachusetts. (Smith Aff., ¶54.) Thus, Acquired Learning via its Acquired Infringing Website is engaging in on-line commerce through a web-based interface containing AGI's proprietary content, which is continuously accessible to Massachusetts residents.

6

## II.  DISCUSSION

**A.     Standard For Motion to Dismiss for Lack of Personal Jurisdiction.**

The Court, in ruling on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, should apply the "prima facie" standard to govern its determination.  See, United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 619 (1st Cir. 2001). "The prima facie showing must be based upon evidence of specific facts set forth in the record. To meet this requirement, the plaintiff must go beyond the pleadings and make affirmative proof. However, in evaluating whether the prima facie standard has been satisfied, the district court is not acting as a factfinder; rather, it accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law." Id. at 618-619 (Citations omitted); see also Daynard v. Ness. Motley, Loadholt, Richardson, & Poole, 290 F.3d 42, 51 (1st Cir. 2002) ( "We must accept the plaintiff's (properly documented) evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing. . . . We take these facts as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim. . . .We then add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." [Citations omitted.])

**B.     The Massachusetts Long-Arm Statute Permits Jurisdiction Over All Defendants**

The Massachusetts General Law Chapter 223A §3 (the "Long-Arm Statute") states in relevant part:

> "A Court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> (a) transacting any business in this commonwealth; . . .
> (c) causing tortious injury by an act or omission in this commonwealth; [or]
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other

7

persistent course of conduct, or derives substantial revenue . . . in this commonwealth . . . ."

Mass. G.L. c. 233A §3 (2004).

While the Plaintiffs need only demonstrate that the Defendants satisfy one of the provisions set forth in the Long-Arm Statute to assert jurisdiction, based upon evidence set forth in the record, the Plaintiffs have made a prima facie showing that jurisdiction is proper pursuant to § 3(a), (c) and (d), as to all Defendants.

> 1. **Jurisdiction is Proper Pursuant to Section 3(c) of the Long-Arm Statute, Which Governs Tortious Injury by Act in Massachusetts**

Jurisdiction exists as to all Defendants pursuant to § 3(c). As set forth in the Smith Affidavit and in Count I of the Complaint, each of the Defendants acquired proprietary content, which was posted on AGI's website, and copied this content on to their computer servers and in their advertising materials. (Complaint, ¶¶14,17, Count I, Smith Aff., ¶¶22,52.) Further, as set forth in the Smith Affidavit and in Count II of the Complaint, these acts were part of a scheme of conduct to misdirect AGI customers to the Acquired and SSI Infringing Websites. (Complaint, ¶¶29,30, Smith Aff., ¶22.) Thus, by copying proprietary material from the website of AGI, a Massachusetts company, and then posting this proprietary material on to the Acquired and SSI Infringing Websites with the intent of misdirecting AGI's customers, the Defendants have caused tortious injury in Massachusetts.

Specifically, Defendants readily admit that the function of the Infringing Websites is to *promote their respective businesses*. (Motion to Dismiss, pg. 5.) These websites are not passive, rather, they actively solicit business from potential customers. (Smith Aff., ¶¶24,54.) See Comer v. Comer, 295 F. Supp. 2d 201, 210 (D. Mass. 2003) (discussing that a passive website only posts information for those who are interested). The Defendants' businesses are in direct competition with AGI, a Massachusetts company. (Smith Aff., ¶¶51,53.)

8

Thus, the Defendants, via the SSI and Acquired Infringing Websites, engaged in on-line commerce through a web-based interface containing AGI's copyrighted content, which is accessible to Massachusetts residents. (Smith Aff., ¶¶24,54.)  As set forth in the Complaint and in the Smith affidavit, *each* of the Defendants was conducting this activity with the purposeful intent of misdirecting AGI's customers. (Complaint, ¶¶29,30,33.)  Because the lawsuit arises from this activity, jurisdiction is established pursuant to § 3(c) of the Long-Arm Statute.  See Digital Equipment v. Alta Vista, 960 F. Supp 456, 466 (D. Mass 1997) (finding that the requirements of § 3(c) were satisfied by a defendant who knowingly maintained a website accessible in Massachusetts which contained an infringing trademark); Northern Light Technologies, Inc. v. Northern Lights Club, 97 F.Supp 2d 96, 105 (D. Mass 2000) (finding that plaintiff had established a prima facie case for jurisdiction under § 3(c) for knowingly maintaining a website containing plaintiff's trademark, which was accessible in Massachusetts) *aff'd on other grounds,* Northern Light Technologies, Inc. v. Northern Lights Club 236 F.3d 57, 63-64 (1st Cir. 2001), *cert. denied*, 533 U.S. 911 (2001).

Defendants' argument in their Motion to Dismiss with respect to the location of the injury is without merit.  "It has long been the law that harm is caused by the very offer of an infringing work, even if not one single sale is made." Digital Equipment v. Alta Vista, supra, 960 F. Supp at 472; see also Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc., 829 F. Supp. 62, 64 (S.D.N.Y. 1993) ("Offering one copy of an infringing work for sale in [the forum state], even if there is no actual sale, constitutes commission of a tortious act within the state sufficient to imbue this Court with personal jurisdiction over the infringers."); AED Research & Services Corp. v. International Equipment Exchange, 223 U.S.P.Q. (BNA) 457 (N.D. Ill. 1983) (explaining that the injury in a cause of action for copyright infringement occurs in the location

9

of plaintiff's major place of business where there is injury to plaintiffs' "pocketbook"); 3 M. and D. Nimmer, NIMMER ON COPYRIGHT, § 12.01[C] (2004).

Defendants promote their businesses nationally including in Massachusetts via the SSI and Acquired Infringing Websites. The bases for this lawsuit arise not only out of the Defendants' unauthorized and willful copying, but also the subsequent utilization of the Plaintiffs' proprietary material on their competitive websites, which are promoted in Massachusetts, to the detriment of the Plaintiffs, Massachusetts residents. The content that the Defendants unlawfully used, and the subsequent actions by the Defendants, injured the Plaintiffs in Massachusetts. (Complaint, Count I and II.) Accordingly, jurisdiction pursuant to §3(c) is proper as to all Defendants.

    **2.**    **Jurisdiction is Proper Pursuant to Section 3(d) of the Long-Arm Statute, Which Governs Tortious Injury by Act Outside of Massachusetts**

For similar reasons, jurisdiction is also proper as to all Defendants pursuant to §3(d). Under §3(d), the Court may exercise jurisdiction if Defendants' activities constitute regularly soliciting or engaging in any other persistent course of conduct. See, Northern Light Technologies, Inc. v. Northern Lights Club, supra, 97 F.Supp 2d at 105. The relevant evidence before the Court is that the Defendants' Infringing Websites actively solicit business and they are available nationally, including within Massachusetts twenty-four hours per day, seven days a week. See id.; see also Hasbro, Inc. v. Clue Computing, Inc., 994 F. Supp. 34, 44 (D. Mass. 1997) *aff'd on other grounds*, Hasbro, Inc. v. Clue Computing, Inc., 232 F.3d 1 (1st Cir. Mass. 2000). (Smith Aff., ¶¶24,54.) All of the Defendants are involved in this solicitation.

In addition, with respect to SSI and Richard Wein, SSI provided services for AGI, a Massachusetts company. (Smith Aff., ¶¶13,14.) On behalf of SSI, Richard Wein negotiated business arrangements with AGI concerning the resale of AGI's courses. (Smith Aff., ¶19.)

10

Further, as set forth above, SSI and Richard Wein have business dealings with several Massachusetts companies and have provided services to a Massachusetts law firm. (Smith Aff., ¶25, Wein Aff., ¶5.) Acquired Learning, Judeann Stipe, Dean Novosat and Clark Edwards have numerous contacts with Massachusetts. (Smith Aff., ¶¶35-49.)

Accordingly, based on the activity of the Acquired and SSI Infringing Websites, which gave rise to this lawsuit, in combination with the Defendants' additional ties to Massachusetts, jurisdiction is proper pursuant to §3(d). See Northern Light Tech., Inc. v. Northern Lights Club, supra, 97 F. Supp. 2d at 105-106; see also Hasbro, Inc. v. Clue Computing, Inc., 994 F. Supp. 34, 44 (D. Mass. 1997) ("By maintaining a Web site which can be continuously accessed by Massachusetts residents, combined with the actions discussed above, [the defendant] does regularly solicit business in Massachusetts through its Web site, and therefore satisfies the jurisdictional requirements of § 3(d).").

    **2. Jurisdiction is Proper Pursuant to Section 3(a) of the Long-Arm Statute, Which Governs Transacting Business in Massachusetts**

The Plaintiffs' causes of action are grounded in the Defendants' infringing activity related to Defendants' Infringing Websites, which advertise continuously into Massachusetts. The claims against the Defendants also arise out of Defendants' scheme of conduct to misdirect customers from AGI to Defendants' Infringing Websites. "Massachusetts courts construe section 3(a)'s 'transacting business' requisite as extending jurisdiction as far as permitted by the due process clause of the Fourteenth Amendment. So, in the ordinary case, we can proceed directly to the constitutional due process test." Cambridge Literary Props. v. W. Goebel Porzellanfabrik G.m.b.H & Co. Kg., 295 F.3d 59, 63 (1st Cir., 2002). Accordingly, because the exercise of personal jurisdiction comports with due process as set forth below, jurisdiction is also proper pursuant to § 3(a).

**C.     The Court May Exercise Personal Jurisdiction Over All Defendants Under the Due Process Clause of the United States Constitution**

In accordance with due process under the Constitution, a district court may exercise authority over a defendant by virtue of either general or specific jurisdiction. See <u>United States v. Swiss Am. Bank, Ltd.</u>, supra, 274 F.3d at 618. Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities. See <u>id.</u> For specific jurisdiction, the question before the Court is, do the Defendants have "minimum contacts" with Massachusetts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice? See, <u>Daynard v. Ness. Motley, Loadholt, Richardson, & Poole</u>, supra, 290 F.3d at 51-52. The First Circuit divides the constitutional analysis into three categories: relatedness, purposeful availment and reasonableness. <u>Id.</u>

**1.  Plaintiffs' Claims Relate to or Arise Out of Defendants' Contacts with Massachusetts**

Relatedness is a "flexible, relaxed standard . . . ." <u>Sawtelle v. Farrell</u>, 70 F.3d 1381, 1389 (1st Cir. 1995). "The relatedness inquiry separates general jurisdiction from specific jurisdiction cases. . . . When alleged contacts fall short of being continuous and systematic so that the exercise of general jurisdiction would be unfair, those contacts may still support the exercise of specific jurisdiction if they are related to the cause of action." (Citation omitted; internal quotation marks omitted.) <u>United States v. Swiss Am. Bank, Ltd.</u>, supra, 274 F.3d at 623. The analysis under this prong is whether the claim underlying the litigation directly arises out of, or relates to, the Defendants' forum-state activities. See, <u>Daynard v. Ness. Motley, Loadholt, Richardson, & Poole</u>, supra, 290 F.3d at 53. In performing its analysis, the Court must examine the causal nexus between the Defendants' contacts and the Plaintiffs' cause of action. See <u>Phillips Exeter Academy v. Howard Phillips Fund. Inc.</u>, 196 F.3d 284, 288 (1st Cir. 1999).

12

Here, the Plaintiffs' causes of action are grounded in the Defendants' infringing activity related to the SSI and Acquired Infringing Websites. These websites have been continuously available to Massachusetts residents while containing the Plaintiffs' proprietary material that is used to compete with the Plaintiff, AGI, a Massachusetts company. The harm caused to the plaintiffs is caused by the very offer of infringing material on the SSI and Acquired Infringing websites in Massachusetts. See Digital Equipment v. Alta Vista, supra, 960 F. Supp at 472; see also Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc., 829 F. Supp. 62, 64 (S.D.N.Y. 1993). Thus, the plaintiffs' causes of action arise out of the defendants' contacts with Massachusetts. See Swarovski Optik North America Limited v. Euro Optics, Inc. 2003 U.S. Dist. LEXIS 14881, (D.R.I. 2004) ("District courts in this circuit have held that trademark infringement via a continuously available Internet web site satisfies the relatedness requirement."); see also Northern Light Tech., Inc. v. Northern Lights Club, supra, 97 F. Supp. 2d at 106; Hasbro, Inc. v. Clue Computing, Inc., supra, 994 F. Supp. at 44.

As noted in Digital Equipment v. Alta Vista, "[i]t cannot be disputed that the underlying claims in this litigation arise directly from and relate to [the defendant's] forum-state activities, both in the form of its contract with [the plaintiff], and in its subsequent maintenance of a Web-site which allegedly breached that contract and caused torts in Massachusetts." 960 F. Supp at 468. Therefore, the evidence demonstrates that the Plaintiffs have satisfied the relatedness prong as to all Defendants.

**2. Defendants Have Purposefully Availed Themselves of the Laws of Massachusetts**

In this prong of the Constitutional analysis, the Court must determine whether the Defendants' in-state contacts "represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and

13

making the defendant's involuntary presence before the state's courts foreseeable. . . . The cornerstones upon which the concept of purposeful availment rests are voluntariness and foreseeability." Daynard v. Ness. Motley, Loadholt, Richardson, & Poole, supra, 290 F.3d at 54, 55 (Citations omitted.)

When determining whether the Defendants purposefully established minimum contacts, the Court must evaluate, among other things, the defendants' "contemplated future consequences". See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 479 (1985). Further, the Defendants' communications with the plaintiffs are contacts for the purposes of personal jurisdiction. See id. at 476 ; see also Daynard v. Ness. Motley, Loadholt, Richardson, & Poole, supra, 290 F.3d at 62.

With respect to Defendants, SSI and Richard Wein, by their own admission, these Defendants have established the purposeful availment prong of the analysis. Specifically, in addition to operating the SSI Infringing Website, these Defendants admit that SSI registered with the Massachusetts Department of Revenue "in order to collect sales and use tax." (Wein Aff., ¶4.) These defendants, therefore, purposely availed themselves of the laws of this State in order to conduct business with its residents. (Wein Aff., ¶4.) Despite that they aver that they have never actually collected such taxes, this registration, in and of itself, demonstrates their intent to do business with the forum state. See Northern Light Tech., Inc. v. Northern Lights Club, supra, 97 F. Supp. 2d at 107 ("I find that the Defendants have expressed an intention to do business in Massachusetts."). Moreover, SSI leased litigation software to a law firm in Massachusetts. (Wein Aff., ¶5.) SSI also provided services for AGI from 1998-2004 and conducted business with several other businesses in Massachusetts. (Wein Aff., ¶4, Smith Aff., ¶¶13,25.) SSI and Wein have also engaged in a series of email and facsimile communications, which were sent to AGI and Christopher Smith in Massachusetts, as late as February 11, 2005. (Smith Aff.,

¶¶15,16.)  Finally, Defendant Wein has traveled to Massachusetts many times for meetings, trade-shows, and seminars and entered into business arrangements with Massachusetts companies on behalf of SSI. (Smith Aff., ¶19.)

Defendants Acquired, Judeann Stipe, Dean Novosat and Clark Edwards have numerous contacts to Massachusetts, which manifest their intent to do business in Massachusetts.  The Acquired Infringing Website is available in Massachusetts and states that Acquired Learning offers its Training Solutions "Nationwide" and that Acquired Learning is a "national software training company." (Smith Aff., ¶¶55,56.)  The Acquired Infringing Website also states that Acquired Learning "currently [has] over two dozen certified experts performing training for [Acquired Learning] all over the United States." (Smith Aff., ¶57.)

Defendants, Judeann Stipe, Dean Novosat and Clark Edwards have also conducted significant business with Plaintiff AGI, a Massachusetts company.  Judeann Stipe and Clark Edwards provided services for Plaintiff AGI in both Pennsylvania and Massachusetts. (Smith Aff., ¶34.)  As an employee of AGI, Judeann Stipe traveled for business to AGI's Woburn Office and attended seminars, conferences and trade-shows in Massachusetts to promote Plaintiff AGI's consulting services and software training courses. (Smith Aff., ¶¶35,37.)  Judeann Stipe, Clark Edwards and Dean Novosat have had numerous email and telephone conversations communications with Plaintiff Christopher Smith at AGI in Massachusetts. (Smith Aff., ¶¶36,45,48.) They all received their checks from AGI in Massachusetts. (Smith Aff., ¶¶39,40,43,47.)  While Clark Edwards worked for AGI, he traveled for business to Massachusetts and was responsible for overseeing AGI's financial operations in Woburn, Massachusetts, as well as purchasing vehicles in Massachusetts and obtaining insurance. (Smith Aff., ¶42.)  Dean Novosat attended trade-shows in Massachusetts. (Smith Aff., ¶49.)

Thus, all of the defendants had a litany of contacts with Massachusetts such that the Court's jurisdiction would not offend traditional notions of fair play and substantial justice. See Brown Rudnick Berlack Israels LLP v. Brooks, 311 F. Supp. 2d 131, 134 (D. Mass., 2004). The purposeful availment prong is therefore satisfied as to all defendants.

### 3. It is Reasonable to Exercise Personal Jurisdiction over Defendants

In determining the fairness and reasonableness of asserting personal jurisdiction the First Circuit uses the "gestalt factors." See Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik, supra, 295 F.3d at 66. These factors include:

> (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.  See Hasbro, Inc. v. Clue Computing, Inc., supra, 994 F. Supp. at 45, 46.

In analyzing these factors, the Court must accord deference to the plaintiff's choice of forum. See United States v. Swiss Am. Bank, Ltd., supra, 274 F.3d at 635. Thus, "[t]he gestalt factors rarely seem to preclude jurisdiction where relevant minimum contacts exist." See Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik, supra, 295 F.3d at 66.

As to the first gestalt factor, it is the *defendants'* burden to demonstrate that the "exercise of jurisdiction in the present circumstances is onerous in a special, unusual, or other constitutionally significant way." Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 718 (1st Cir. 1996). This burden requires more than simply demonstrating that jurisdiction is inconvenient and costly. See id. In assessing defendants' burden of appearance, the Court may also consider whether defendants do business in the forum and the distance between the forum and their place of business. See United States v. Swiss Am. Bank, Ltd., supra, 274 F.3d at 635.

Defendants conduct business in the State of Massachusetts and the individual defendants in this case are able and willing to travel, as evidenced by their self-proclaimed frequent and extensive business travel. (Smith Aff., ¶¶23,31,35,37,44,49,57 Wein Aff., ¶5.)  See Hasbro, Inc. v. Clue Computing, Inc., supra, 994 F. Supp. at 45.  Therefore, the first factor weighs in favor of the Plaintiffs.

As to the second factor, Massachusetts has a significant interest in obtaining jurisdiction over a defendant who causes tortious injury within its borders.  See Nowak v. Tak How Invs., Ltd., supra, 94 F.3d at 718.  Further, Massachusetts has an interest in providing its citizens with a convenient forum in which to assert their claims. See id.  This factor, therefore, also weighs in favor of the defendants, as the injuries alleged occurred in Massachusetts[1] and the Plaintiffs hail from this State.

As to the third factor, it is obvious that this forum is most convenient to the Plaintiffs. AGI is a Massachusetts company and Christopher Smith is a Massachusetts resident. Accordingly, the Court must accord deference to the plaintiff's choice of forum. See United States v. Swiss Am. Bank, Ltd., supra, 274 F.3d at 635.

As to the fourth factor, if this case is dismissed, it is unlikely that the parties will be able to resolve the dispute without judicial intervention in some forum.  The most efficient path for the judicial system, then, is to move forward with the lawsuit in the present forum.  Therefore, the fourth gestalt factor weighs in favor of the Plaintiffs.  See Hasbro, Inc. v. Clue Computing, Inc., supra, 994 F. Supp. at 46.

Finally, as to the fifth factor, "Massachusetts has an interest in protecting its citizens from out-of-state providers of goods and services as well as affording its citizens a convenient forum

---

[1] The injury in a cause of action for copyright infringement is deemed to occur in the location of plaintiff's major place of business. See Digital Equipment v. Alta Vista, supra, 960 F. Supp at 472; see also Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc., 829 F. Supp. 62, 64 (S.D.N.Y. 1993).

in which to bring their claims.  These interests are best served by the exercise of jurisdiction in Massachusetts." <u>Nowak v. Tak How Invs., Ltd.</u>, supra, 94 F.3d at 719.  Accordingly, the last factor also weighs in favor of the Plaintiffs.

**D.** **Venue is Proper As To All Defendants Pursuant to 28 U.S.C. §1400 (a) and §1391 (b) and (c).**

The Defendants' venue argument is without merit.  The Plaintiffs' Complaint asserts proper venue in this case pursuant to 28 U.S.C. §1400 (a) and §1391 (b) and (c).  §1400(a) provides that "proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be *found*." (Emphasis added.) 28 U.S.C. §1400(a).  The term "found" in §1400(a) is "*interpreted to permit venue in any district in which personal jurisdiction may be obtained over the defendant*."  See <u>McFarland v. Yegen</u>, 699 F. Supp. 10, 13 (D.N.H. 1988) analyzing, <u>Varsic v. United States Dist. Ct. for the S.D. Cal.</u>, 607 F.2d 245, 248 (9th Cir. 1979). Thus, because personal jurisdiction is proper, venue is proper pursuant to §1400(a) as to all Defendants.

Similarly, 28 U.S.C. §1391 (c) provides in relevant part, "[f]or purposes of venue under this chapter [28 USCS §§ 1391 et seq.], a defendant that is a corporation shall be deemed to reside in any judicial district *in which it is subject to personal jurisdiction at the time the action is commenced*." (Emphasis added.)  With respect to the named Defendant Corporations, SSI and Acquired Learning, because the Court may assert personal jurisdiction, they "reside" in Massachusetts for venue purposes under 28 U.S.C. § 1391(c).

Moreover, venue is proper in Massachusetts as to all individual Defendants pursuant to §1391(b)(2), which provides that a claim may be brought in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b)(2).  "[T]he relevant question regarding venue [pursuant to this section] is whether the

district the plaintiff chose has a substantial connection to the claim regardless of whether another forum had greater contacts." Gary Scott Int'l, Inc. v. Baroudi, 981 F. Supp. 714, 717-718 (D. Mass. 1997). In the case at bar, the Defendants have advertised and solicited business from Massachusetts residents through the Acquired and SSI Infringing Websites. The Defendant expressed an interest in conducting business in Massachusetts. These facts, therefore, are sufficient to find that a substantial part of the events giving rise to this claim occurred in Massachusetts. See Gary Scott Int'l, Inc. v. Baroudi, supra, 981 F. Supp. 714.

Accordingly, because the Plaintiffs have established personal jurisdiction over all Defendants and a substantial part of the events giving rise to the claims occurred in Massachusetts, venue is proper as to all Defendants pursuant to 28 U.S.C. §1391(b) and (c) and §1400(a).

### III.  CONCLUSION

For the above-stated reasons, the exercise of personal jurisdiction and venue by this Court over the Defendants is proper. Plaintiffs therefore respectfully request that the Court deny Defendants' Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, to Transfer for Improper Venue.

### IV.  REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Plaintiffs respectfully request an oral argument on the Defendants' Motion to Dismiss.

Respectfully submitted,

**AMERICAN GRAPHICS INSTITUTE, INC., and CHRISTOPHER SMITH**

By their attorneys,

Dated: February 18, 2005

/s/ John L. DuPré
John L. DuPré   (BBO No. 549659)
Giovanna H. Fessenden (BBO No. 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
Facsimile:   (978) 341-0136

532629