IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., and CHRISTOPHER SMITH, Plaintiffs | : : : : | |
| v. | : : | NO. 04-12611 JLT |
| ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, and RICHARD WEIN, Defendants | : : : : : | |

DEFENDANTS' ANSWER WITH AFFIRMATIVE
DEFENSES TO PLAINTIFFS' COMPLAINT

NATURE OF ACTION

1. Admitted.

JURISDICTION AND VENUE

2. Denied as a conclusion of law.

THE PARTIES

3. Admitted, upon information and belief.

4. Denied. It is specifically denied that Plaintiff Christopher Smith is the founder of AGI. Defendants are without sufficient knowledge or information to respond to the remaining allegations and the same are, therefore, denied.

5. Admitted in part, denied in part. It is admitted that Acquired Learning, Inc. ("Acquired Learning") is a Pennsylvania corporation in the business of providing consulting services and training courses relating to computers, software and electronic print publishing. It is denied that Acquired Learning transacts business in this district. It is further denied that the mailing address of Acquired Learning is 1514 Quarry Lane, Lancaster, Pennsylvania. By way of

64767

further response, Acquired Learning's business address is 1861 Charter Lane, Lancaster, Pennsylvania 17601.

6. Admitted in part, denied in part. It is admitted that Systems Solution, Inc. ("SSI") is a Delaware corporation at the noted address engaged in the business of computer reselling and provider of technical services. It is denied, however, that SSI regularly conducts business in this district.

7. Admitted.

8. Denied as stated. Mr. Novosat is an officer and shareholder of Acquired Learning.

9. Denied as stated. Mr. Edwards is an officer and shareholder of Acquired Learning.

10. Denied as stated. Richard Wein is the president of SSI.

## FACTS

11. Denied. Defendants are without sufficient knowledge or information to respond to the allegations and the same are, therefore, denied. By way of further answer, the documents attached as Exhibits A and B are writings, which speak for themselves.

12. Denied. Defendants are without sufficient knowledge or information to respond to the allegations and the same are, therefore, denied. By way of further answer, the document attached as Exhibit C is a writing, which speaks for itself.

13. Admitted in part, denied in part. It is admitted that Stipe and Edwards were former employees of AGI. It is admitted that Novosat was a former consultant to AGI. It is further admitted that Ms. Stipe left AGI in June of 2004. It is denied, however, that Mr. Edwards left AGI in June of 2002. Mr. Edwards' employed with AGI concluded in February 2002. It is

further denied that Stipe participated in forming or starting Acquired Learning. By way of further answer, Acquired Learning was formed by co-owners and Defendants Clark and Novosat in July of 2004.

14. Denied as stated. On behalf of Acquired Learning, Novosat and Edwards operate a website found at or through URL "acquiredlearning.com," which offers course descriptions and software training courses online. The website was registered by Mr. Novosat. The remaining allegations of Paragraph 14 are specifically denied and strict proof thereof is demanded.

15. Denied. The allegations in Paragraph 15 are specifically denied and strict proof thereof is demanded.

16. Denied. The allegations in Paragraph 16 are specifically denied and strict proof thereof is demanded.

17. Denied as stated. SSI operates a website found at or through URL "ssi-net.com," which describes and markets software training courses online. The website was registered by Defendant Wein. The remaining allegations of Paragraph 17 are specifically denied and strict proof thereof is demanded.

18. Denied. The allegations in Paragraph 18 are specifically denied and strict proof thereof is demanded.

19. Denied. The allegations in Paragraph 19 are specifically denied and strict proof thereof is demanded.

## CAUSE OF ACTION

### Count I: Copyright Infringement

20. Defendants incorporate their responses to the foregoing allegations.

64767                                                        3

21. Denied. Defendants are without sufficient knowledge or information to respond to the allegations and the same are, therefore, denied.

22. Denied. Defendants are without sufficient knowledge or information to respond to the allegations and the same are, therefore, denied.

23. Denied as a conclusion of law.

24. Denied as conclusions of law.

25. Denied. The allegations set forth in Paragraph 25 are specifically denied and strict proof thereof is demanded.

26. Denied as a conclusion of law. By way of further response, the factual components in Paragraph 26 are specifically denied and strict proof thereof is demanded.

27. Denied as a conclusion of law. By way of further response, the factual components in Paragraph 27 are specifically denied and strict proof thereof is demanded.

### Count II: Common Law Unfair Competition

28. Defendants incorporate their responses to the foregoing allegations.

29. Denied. The allegations contained in Paragraph 29 are specifically denied and strict proof thereof is demanded.

30. Denied. The allegations contained in Paragraph 30 are specifically denied and strict proof thereof is demanded.

31. Denied. The allegations contained in Paragraph 31 are specifically denied and strict proof thereof is demanded.

32. Denied. The allegations contained in Paragraph 32 are specifically denied and strict proof thereof is demanded. By way of further response, the allegations contain conclusions of law to which no response is necessary.

33.   Denied.  The allegations contained in Paragraph 33 are specifically denied and strict proof thereof is demanded.  By way of further response, the allegations contain conclusions of law to which no response is necessary.

34.   Denied as conclusions of law.

WHEREFORE, Defendants Acquired Learning, Inc., Systems Solution, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, and Richard Wein respectfully request that Plaintiffs' Complaint be dismissed.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

35.   Plaintiffs' claims fail to allege a cause of action upon which relief can be granted.

### Second Affirmative Defense

36.   Some or all of Plaintiffs' claims are barred for lack of subject matter jurisdiction.

### Third Affirmative Defense

37.   Some or all of Plaintiffs' claims are barred by the Doctrine of Waiver.

### Fourth Affirmative Defense

38.   Some or all of Plaintiffs' claims are barred by the Doctrine of Consent.

### Fifth Affirmative Defense

39.   Some or all of Plaintiffs' claims are barred by the Doctrine of Estoppel.

### Sixth Affirmative Defense

40.   Some or all of Plaintiffs' claims are barred by their failure to mitigate damages.

**Seventh Affirmative Defense**

41.  Some or all of Plaintiffs' claims are barred for lack of personal jurisdiction.

HOLLAND & KNIGHT LLP

By: _____
James D. Smeallie, Esquire
BBO # 467380
10 St. James Avenue, 11th Floor
Boston, MA 02116
(617) 573-5812
Attorney for Defendants Acquired
Learning, Inc., Systems Solution, Inc.,
Judeann Stipe, Dean Novosat, Clark
Edwards, and Richard Wein

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following persons and in the manner indicated below:

Service by regular mail:

John L. DuPré, Esq.
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133

HOLLAND & KNIGHT LLP

By: _____
James D. Smeallie, Esquire

# 2692607_v1