UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS INSTITUTE,
INC. and CHRISTOPHER SMITH,
    Plaintiffs,

v.

ACQUIRED LEARNING, INC.,
SYSTEMS SOLUTION, INC.,
JUDEANN STIPE, DEAN NOVOSAT,
CLARK EDWARDS and RICHARD
WEIN,
    Defendants.

C.A. No. 04 12611 JLT

## MOTION FOR IMMEDIATE STATUS CONFERENCE

Defendant Acquired Learning, Inc. ("ALI") hereby requests that the Court convene a status conference for the purpose of assisting the parties to resolve this dispute where legal costs have already far outstripped any damages the plaintiffs might recover. Because the parties are currently engaged in costly discovery, and plaintiffs have now filed a premature motion for summary judgment to which defendants must soon respond, ALI requests that the status conference be scheduled at the Court's earliest convenience. In support of its request, ALI states:

ALI is a small start-up company located in Lancaster, Pennsylvania. It was founded in July 2004 and has only three employees, defendants Clark Edwards, Dean Novosat, and Judeann Stipe. ALI markets and sells computer training courses in collaboration with its co-defendant, Systems Solution, Inc.

In December 2004, ALI was sued by its sizeable competitor, American Graphics Institute ("AGI"), for copyright infringement and unfair competition. AGI alleged that ALI had copied certain of the plaintiffs' course descriptions and used them on the ALI website to market ALI's own computer training courses. ALI had used this language because it believed it had permission to do so. As soon as ALI learned – only through the filing of this lawsuit – that the plaintiffs claimed exclusive rights to the descriptions, ALI immediately removed the language from its website and has not used the language for any purpose since then.

In all, the alleged proprietary material appeared on the ALI website for less than four months. *No sales resulted* from the use of plaintiffs' course descriptions. Moreover, ALI's total sales for the period during which the disputed material appeared on ALI's website were *less than $36,000*, before deduction of expenses.

The damages at issue in this case are therefore minimal, but the likely costs of mounting an adequate defense are very significant, particularly to ALI, a three-person company located in rural Pennsylvania. ALI has tried since the outset of this litigation to obtain an amicable resolution, committing not to use the disputed language in the future and offering to pay some compromise amount in damages. The plaintiffs initially agreed to explore settlement, and indeed indicated that settlement was likely just before the Rule 16 Conference held by this court on May 12, 2005. Both parties therefore represented to the Court at that conference that settlement talks were heading in a good direction and that Court intervention was unnecessary.

Immediately following the Rule 16 Conference, however, the plaintiffs reversed course, refusing to respond to ALI's counteroffer and, when ALI proposed mediation, refusing to participate. Instead, the plaintiffs served voluminous, invasive discovery requests seeking, for example, all of ALI's training course materials and all of its communications with its clients or prospects since the time the company was founded. Plaintiffs have also served lengthy document subpoenas on several of ALI's clients and independent contractors, a move that was obviously meant to disrupt ALI's business with those third parties.

Today, without providing defendants with any discovery whatsoever beyond initial disclosures, plaintiffs filed a motion for partial summary judgment claiming, on the basis of plaintiff Chris Smith's affidavit, that the facts in this case are "undisputed." The motion was denied without prejudice because plaintiffs had failed to confer with ALI or its co-defendants. Defendants anticipate, however, that plaintiffs will refile, and that additional costs will be incurred responding to this clearly premature motion.

It is clear from the excessive discovery being taken in this case, the subpoenas served on ALI's valuable customers, the premature summary judgment motion, and plaintiffs' bald refusal to even attempt mediation of the dispute that plaintiffs are using the litigation process not to vindicate their legal rights but to force ALI to incur substantial legal fees in a transparent effort to drive a fledgling competitor out of business.

ALI therefore requests the Court's assistance in bringing the parties to the table to discuss a reasonable resolution of this case. Because discovery is scheduled to end by September 1, 2005, ALI must proceed with discovery until such a resolution is reached. ALI therefore requests that the Court schedule the status conference at the earliest possible date.

WHEREFORE, Defendant Acquired Learning, Inc. moves the Court to schedule a status conference at its earliest convenience.

Respectfully submitted,

ACQUIRED LEARNING, INC.

By its attorneys,

James D. Smeallie (BBO No. 467380)
H. Esme Caramello (BBO No. 600896)
**HOLLAND & KNIGHT LLP**
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (Telephone)
(617) 523-6850 (Facsimile)

## **RULE 7.1(A)(2) CERTIFICATION**

Undersigned counsel hereby certifies that the parties have conferred and attempted in good faith to resolve the issues raised in this motion.

HOLLAND & KNIGHT LLP

James D. Smeallie (BBO No. 467380)
H. Esme Caramello (BBO No. 600896)
**HOLLAND & KNIGHT LLP**
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (Telephone)
(617) 523-6850 (Facsimile)

Attorneys for Defendants