UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., and CHRISTOPHER SMITH,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, and RICHARD WEIN,<br><br>　　　　Defendants. | Civil Action No. 04-12611-JLT |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR PARTIAL SUMMARY
<u>JUDGMENT ON AGI'S COPYRIGHT INFRINGEMENT CLAIM</u>**

Plaintiff AGI has moved for partial summary judgment in this matter because there are no genuine issues of material fact in the case as to infringement of its copyrights. The undisputed evidence shows (1) that plaintiff American Graphics Institute, Inc. ("AGI") is the owner of copyright in the website identified in the Complaint, (2) that copyrightable expression from this website was copied without permission and posted on the websites of defendants Acquired Learning, Inc. ("Acquired") and Systems Solution, Inc. ("SSI"), (3) that Acquired was, at all relevant times, owned by defendants Dean Novasat and Clark Edwards and operated by defendant Judeann Stipe, and (4) that SSI was, at all relevant times, owned by Richard Wein. Because unauthorized copying of substantial portions of plaintiff AGI's website constitutes an infringement of its copyrights, plaintiff AGI is entitled to partial

summary judgment on the ground that such infringement has occurred.

## I. STATEMENT OF FACTS

A.   **AGI and its Copyrighted Works**

AGI is in the business of providing consulting services and training courses. AGI specializes in providing computer training of software applications for the Internet, print and video publishing, and communications industries. (Smith Aff., ¶3.) AGI has devoted significant resources to the development of materials used in the promotion and sale of its training services. (Smith Aff., ¶4.) AGI provides advertising materials on its website ("AGI Website") to promote its training services to its current and prospective customers. (Smith Aff., ¶7.) AGI has registered copyrights (U.S. Copyright Registration Nos. TX 6-052-029 and TX 6-062-024) in its website advertising materials. (Smith Aff., ¶6, Exh. 1, 2.)

B.   **Defendants SSI and Richard Wein and their Infringing Activities**

Defendant System Solutions, Inc. ("SSI") is engaged in the business of consulting, reselling and leasing computer hardware and software. (Smith Aff., ¶8; Fessenden Aff., ¶6, Exh. E.) Defendant Richard Wein is the president of SSI and 50% owner. (Fessenden Aff., ¶2, Exh. A.) Starting in 1998, SSI provided computer consulting services for plaintiff AGI. (Smith Aff., ¶8.) Specifically, SSI provided AGI's customers with computer equipment throughout the country, while AGI provided the training services. (Smith Aff., ¶8.)

In 1999, SSI entered into a reseller business arrangement with AGI to resell and promote AGI's courses. (Smith Aff., ¶9.) SSI began advertising AGI's courses on SSI's website and SSI received a commission on the AGI course sales that originated from SSI. SSI created an "Education" section on *www.ssi-net.com*¸ ("SSI Infringing Website"), where it

2

promoted AGI's training courses. (Smith Aff., ¶9, Exh. 3.) While this arrangement was in effect, AGI did not object to SSI's use of AGI's course advertising materials on the SSI website because they were used to promote AGI's courses.

In the early fall of 2003, however, AGI and SSI terminated their reseller business arrangement. (Smith Aff., ¶10.) As a result, AGI prohibited SSI from reselling and promoting AGI's courses. (Smith Aff., ¶10.) Accordingly, SSI removed the link to the "Education" section from the SSI homepage. (Smith Aff., ¶10.) By October 2, 2003, the "Education" section was no longer accessible from the homepage of the SSI website. (Smith Aff., ¶10, Exh. 4.)

Over a year after AGI terminated its reseller arrangement with SSI, in October of 2004, AGI's president, Christopher Smith, discovered that SSI had reinstated the link to the "Education" section on the SSI website homepage, located at the SSI Infringing Website. (Smith Aff., ¶12.) This "Education" section contained AGI's copyrighted online advertising materials, which had previously been removed, and also listed at least one new course title that was substantially similar to a new custom course offered on the AGI website, which was modeled after Christopher Smith's copyrighted book. (Smith Aff., ¶12.) The courses that SSI advertised via the "Education" section on the SSI website homepage were taught by defendants SSI and its education partner, Acquired Learning. (Smith Aff., ¶12.) SSI was promoting defendants' courses through AGI's web-based interface using AGI's copyrighted works. (Smith Aff., ¶12.)

The SSI Infringing Website used verbatim content, at least twenty-eight pages of proprietary content, taken from plaintiffs' advertising materials on the AGI Website. (Smith

Aff., ¶¶13, 17-44, Exh. 6-33.) SSI used the unauthorized copies of plaintiffs' advertising materials to promote SSI courses that are in direct competition with AGI. (Smith Aff., ¶16.) A substantial portion of plaintiff AGI's course advertising materials, which SSI and Wein copied, are for the same courses that SSI and Wein previously resold for plaintiffs. (Smith Aff., ¶16.) Neither AGI nor Christopher Smith granted defendants permission to copy AGI's course advertising materials from the AGI Website onto the SSI Infringing Website, or permission to use AGI's proprietary advertising content to promote defendants' competitive courses. (Smith Aff., ¶14.) The SSI Infringing Site also contained the same typographical errors that existed in AGI's copyrighted works. (Smith Aff., ¶20, 21.)

**C.     Defendants Judeann Stipe, Dean Novosat, Clark Edwards and Acquired Learning, Inc. And Their Infringing Activities**

Defendants Judeann Stipe and Clark Edwards are former employees of AGI. (Fessenden Aff., ¶¶3, 6, Exh. B, E; Smith Aff., ¶45.) Defendant Dean Novosat is a former consultant to AGI. (Smith Aff., 45.) In July of 2004, Dean Novosat and Clark Edwards formed the defendant corporation, Acquired Learning, Inc. ("Acquired"). (Fessenden Aff., ¶6, Exh. E; Smith Aff., ¶46.) Mr. Edwards is the President and co-owner of Acquired. (Fessenden Aff., ¶5, Exh. D.) Mr. Novosat is the Chief Operating Officer and co-owner of Acquired. (Fessenden Aff., ¶4, Exh. C.) Judeann Stipe is a sales representative for Acquired. (Fessenden Aff. ¶3, Exh. B.) Like AGI, Acquired is engaged in the business of providing consulting services and software training. (Smith Aff., ¶47; Fessenden Aff., ¶¶4, 5, Exh. C, D.)

4

Defendant Acquired has an interactive website, *www.acquiredlearning.com*, ("Acquired Infringing Website"), which is used to promote its consulting and software training services. (Smith Aff., ¶47.) The Acquired Infringing Website is an interactive website that solicits prospective clients to register for Acquired's software training courses online. (Smith Aff., ¶47.) In 2004, the Acquired Infringing Website used unauthorized copies of AGI's advertising materials to promote Acquired's courses that are in direct competition with AGI. (Smith Aff., ¶48.) The Acquired Infringing Website contained verbatim content, at least eighteen pages of proprietary content, from AGI's advertising materials. (Smith Aff., ¶50.) Neither AGI nor anyone else ever granted any of the defendants any permission to use its copyrighted works in any way. (Smith Aff., ¶49.)

The defendants allege that they have removed this content from their websites. The defendants, however, maintain that they had a right to use AGI's copyrighted works and assert that infringement has not occurred. (Fessenden Aff., ¶¶6, 7, Exh. E, F; Smith Aff., ¶69.)

## II. ARGUMENT

A.      **Standard**

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

5

requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). Moreover, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials … but the adverse party's response … must set forth specific facts showing that there is a genuine issue for trial." F.R.Civ.P. 56(e); see also Roger Edwards, LLC v. Fiddes & Sons, Ltd., 387 F.3d 90, 94 (1st Cir. 2004) ("Conjectural allegations, conclusory assertions, and inconsequential evidence do not suffice to establish a genuine issue of fact." [Internal quotation marks omitted.]).

**B.    There Are No Genuine Issues Of Material Fact In This Case As To Defendants' Infringement Of AGI's Copyrighted Works**

The Copyright Act provides the owner of a copyright with the exclusive right to reproduce, or to authorize others to reproduce, the copyrighted work. 17 U.S.C. §106(1). Any person who violates this exclusive right is an infringer. 17 U.S.C. Sec. 501(a). The plaintiff in a copyright infringement case bears the burden of proving:

(1) ownership of a valid copyright; and

(2) unauthorized copying of constituent elements of the work that are original. See
    Saenger Organization, Inc. v. Nationwide Ins. Licensing Associates, Inc., 119 F.3d
    55, 59 (1st Cir. 1997).

**1.    Ownership Of A Valid Copyright**

With respect to the first element of copyright infringement, in order to show ownership of a valid copyright, "a plaintiff bears the burden of proving that the work, when viewed as a whole, is original and that he has complied with the requisite statutory formalities.

. . . In judicial proceedings, a certificate of copyright registration constitutes prima facie evidence of copyrightability and shifts the burden to the defendant to demonstrate why the copyright is not valid." Saenger Organization, Inc. v. Nationwide Ins. Licensing Associates, Inc., supra, 119 F.3d at 59.

Here, AGI registered copyrights (U.S. Copyright Registration Nos. TX 6-052-029 and TX 6-062-024) in its website advertising materials. (Smith Aff., ¶6, Exh. 1, 2.)  Accordingly, AGI has established prima facie evidence of copyrightability and there is no issue of material fact with respect to ownership.

> **2.    The Defendants Engaged In Unauthorized Copying Of Elements Of The Work That Are Original**

In order to satisfy the second prong of copyright infringement, "a plaintiff must first prove that the alleged infringer copied plaintiff's copyrighted work as a factual matter; to do this, he or she may either present direct evidence of factual copying or, if that is unavailable, evidence that the alleged infringer had access to the copyrighted work and that the offending and copyrighted works are so similar that the court may infer that there was factual copying (i.e., probative similarity)." Lotus Development Corp. v. Borland International, Inc., 49 F.3d 807, 813 (1st Cir. 1995).  Where there are unquestionably sufficient articulable similarities to justify a finding that the defendant has copied from the protected work, however, the plaintiff need not show access.  See Segrets, Inc. v. Gillman Knitwear Co., 207 F.3d 56, 62 (1st Cir. 2000); see also Lipton v. Nature Co., 71 F.3d 464, 471 (2d Cir. 1995) ("[I]f the two works are so strikingly similar as to preclude the possibility of independent creation, 'copying' may be

proved without a showing of access.") (quoting Ferguson v. NBC, Inc., 584 F.2d 111, 113 (5th Cir. 1978); Gaste v. Kaiserman, 863 F.2d 1061, 1067-68 (2d Cir. 1988) (same)).

Once copying has been established, the plaintiff must establish that the copying was sufficient to constitute "unlawful appropriation" by using the "ordinary observer test." See Franklin v. Ciroli, 865 F. Supp. 940, 944 (D. Mass. 1994). "The test is whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protected expression by taking material of substance and value. . . . " (Internal quotations omitted.) Yankee Candle Co. v. Bridgewater Candle Co., 259 F.3d 25, 33-34 (1st Cir. 2001).

Following this analysis, there is no genuine issue of material fact that the defendants had access to the copyrighted works. First, the AGI's website was widely available to the public prior to the infringement via the Internet. See Microsoft Corp. v. PC Express, 183 F. Supp. 2d 448, 453 (D.P.R. 2001) ("Access may be established by wide dissemination of the copyrighted works . . . ."); Hoch v. Mastercard International, Inc., 284 F. Supp. 2d 1217, 1220 (D. Minn. 2003) ("A reasonable possibility of access may be established by evidence that prior to the creation of the infringing work, the copyrighted work was widely disseminated to the public."). Second, all of the defendants had business ties with AGI and were familiar with the copyrighted works. (Smith Aff. ¶¶8-10, 45.) For example, before it embarked on its infringing activities, SSI advertised AGI's courses on SSI's website and SSI received a commission on the AGI course sales that originated from SSI. (Smith Aff. ¶9.) Defendants Judeann Stipe and Clark Edwards are former employees of AGI, and defendant Dean Novosat is a former consultant to AGI. (Smith Aff. ¶45; Fessenden, Aff. ¶6, Exh. E.)

Further, there is no genuine issue of material fact as to whether the SSI and Acquired Infringing websites and AGI website are so similar that the Court may infer that there was factual copying. The SSI and Acquired Infringing websites contain *verbatim* portions, which constitutes literal copying. See Lotus Development Corporation v. Borland International Inc., Inc., supra, 49 F.3d at 815 n.8 ("[F]or literal copying, it is not necessary to determine the level of abstraction at which similarity ceases to consist of an expression of ideas, because literal similarity by definition is always a similarity as to the expression of ideas." [Internal quotation marks and citation omitted.]).

Moreover, this literal copying is so extensive that it renders the SSI and Acquired Infringing websites substantially similar to the constituent elements that are original in the AGI Website. To the ordinary reasonable observer, a comparison of these elements of infringing websites and AGI's website would conclude that the defendant unlawfully appropriated the plaintiff's protected expression by taking material of substance and value. Both the Acquired and SSI Infringing Websites used verbatim content that was copied from the AGI website. On the SSI Infringing Website, this content consisted at least twenty-eight pages of proprietary content, which appeared verbatim. (Smith Aff. ¶¶13, 16-44, Exh. 6-33.) On the Acquired Infringing Website, this content consisted of at least eighteen pages of proprietary content, which appeared verbatim. (Smith Aff. ¶¶48-68, Exh. 34-51.) See, Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 549 (1985) (finding defendant liable for incorporating verbatim quotations from plaintiff's copyrighted material that constituted approximately 13% of defendant's work).

Thus, there is no genuine issue of material fact that the defendant's have infringed AGI's copyrighted works.  Specifically, there is no genuine issue of material fact that: (i) the defendants had access to the copyrighted works; (ii) the offending and copyrighted works are so similar that the court may infer that there was factual copying; or (iii) the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar.  Accordingly, summary judgment against the defendants for copyright infringement should be granted.

**C.     Defendants Are Vicariously Liable for Acts of Infringement**

Section 501(a) of the Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by Sections 106 through 121 . . .is an infringer of the copyright . . ." 17 U.S.C. §501(a).

The corporate defendants, Acquired and SSI, are responsible for the tortious actions of their employees under the doctrine of *respondeat superior*.  Wihtol v. Crow, 309 F.2d 777, 782-783 (8th Cir. 1962); M. Witmark & Sons v. Calloway, 22 F.2d 412, 414 (D. Tenn. 1927).  See generally Harper et al., THE LAW OF TORTS, §26.3[A] (2d ed. 1996).  See also M. and D. Nimmer, NIMMER ON COPYRIGHT, §12.04[A] (2004).

Further, defendants Dean Novasat and Clark Edwards are individually liable for the infringements that occurred at the Acquired Infringing Website and Richard Wein is individually liable for the infringements that occurred at the SSI Infringing Website.  "A corporate officer may be held vicariously liable under the Copyright Act when: (1) the officer personally participated in the actual infringement; or (2) the officer derived financial benefit from the infringing activities as either a major shareholder in the corporation, or through some

10

other means such as receiving a percentage of the revenues from the activity giving rise to the infringement; or (3) the officer used the corporation as an instrument to carry out a deliberate infringement of copyright; or (4) the officer was the dominant influence in the corporation, and determined the policies which resulted in the infringement; or (5) on the basis of some combination of the above criteria." Marvin Music Co. v. BHC Limited Partnership, 830 F. Supp. 651, 654-55 (D. Mass. 1993) (general manager of club, and president of corporation which was general partner of limited partnership that owned and operated club, was jointly liable for copyright infringements);  see also Broadcast Music, Inc. v. Old Colonial Corp., 62 U.S.P.Q.2d 1685 (D.Mass. 2002).

      With respect to Acquired, Mr. Edwards is the President and co-owner of Acquired. (Fessenden Aff., ¶5, Exh. D.)  Mr. Novosat is the Chief Operating Officer and co-owner of Acquired. (Fessenden Aff., ¶4, Exh. C.)  With respect to SSI, Richard Wein is the President and 50% owner of SSI. (Fessenden Aff., ¶2, Exh. A.)  Mr. Edwards and Mr. Novosat have derived financial benefit from the Acquired Infringing Website, and their roles at Acquired as President and CEO, respectively, demonstrate their dominant influence in the corporation that determined the policies which resulted in the infringement.  The same is true for Mr. Wein and the SSI Infringing Website.  Thus, Mr. Edwards and Mr. Novosat are individually liable, jointly and severally, for the infringements that occurred on the Acquired Infringing Website and Mr. Wein is individually liable, jointly and severally, for the infringements that occurred on the SSI Infringing Website.

### III.  CONCLUSION

Here, infringement has occurred and the defendants presumably continue to have unauthorized copies of AGI's copyrighted works.  Further, despite defendants' allegation that they have removed this content from their websites, the defendants have remained adamant that they had a right to use AGI's copyrighted works and maintain that infringement has not occurred.  Therefore, the plaintiffs seek summary judgment of infringement to, among other things, confirm that infringement has occurred and ensure that the defendants never resume their unauthorized use of AGI's copyrighted works.

For all of the foregoing reasons, plaintiffs request that the Court enter partial summary judgment of infringement of AGI's copyrights against the defendants.

AMERICAN GRAPHICS  INSTITUTE, INC., and
CHRISTOPHER SMITH

By their attorneys,

Dated: July 19, 2005

/s/ Giovanna H. Fessenden
John L. DuPré   (BBO No. 549659)
Giovanna H. Fessenden (BBO No. 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
Facsimile:   (978) 341-0136

562132