UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., and CHRISTOPHER SMITH,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, and RICHARD WEIN,<br><br>　　　　Defendants. | Civil Action No. 04-12611-JLT |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION FOR IMMEDIATE STATUS CONFERENCE**

In an attempt to diminish the significance of defendants' unlawful activities, and to avoid discovery, defendant Acquired Learning, Inc. ("ALI")[1] has filed a Motion for an Immediate Status Conference, despite that *the Court has already scheduled a status conference in just over a month's time*, on September 6, 2005. Defendants are now pressing a request for an additional status conference as a dilatory tactic as an attempt to avoid required discovery disclosures and to avoid responding to plaintiffs' Motion for Partial Summary Judgment. An immediate status conference is redundant and would serve nothing more than to tax the resources of all parties and frustrate judicial economy.

Defendant ALI portrays itself as the small startup victim in this matter by complaining about the cost of discovery. If ALI can be believed, however, nothing could

---

[1] It should be noted that defendant Acquired Learning, Inc refers to itself as "ALI," which sounds very similar to the acronym plaintiff "AGI" has used to identify itself in its business. Yet another example of how defendant ALI has taken steps to trade on plaintiff AGI's established business.

be further from the truth.  ALI has received major funding and is poised to be the nation's largest software training company.  On ALI's website it states:

> **Acquired Learning announces major investor**
> **Acquired Learning, Inc.** a national software training company, has announced they have **secured working capital** from a major investor. The influx of working capital will allow Acquired Learning to **aggressively expand** its software training operations. "*We are excited by this investor's confidence in our staff to allow us to become the nations largest software training company by end of 2006*," states Acquired Learning's president Clark Edwards.

(Copy of webpage attached as Exhibit A.)  Indeed, this action was initiated because of defendants' inequitable and predatory business practices, which have caused harm to plaintiff American Graphics Institute, Inc. ("AGI"), the real victim in the case.

Plaintiff AGI <u>never</u> gave defendants permission to use its copyrighted material on their websites.  Defendant ALI's arguments presented in support of its request for a status conference, in which it maintains that it believes it had permission to use plaintiffs' software, should instead be presented in its opposition to plaintiffs' motion for partial summary judgment.  Further, defendant ALI's alleged belief flies in the face of common sense.  Defendant ALI, a company that was founded and operated, in part, by former AGI employees, could not believe that it had permission to use proprietary content of its primary competitor, AGI, to promote its own competitive product.  AGI could not have given permission to ALI because AGI did not even know that ALI existed until after it noticed that ALI's website contained misappropriated copyrighted content of AGI.  AGI seeks proper redress from the Court to effectively prevent defendants from committing these improper acts in the future.

In violation of the Rule 408 of the Federal Rules of Evidence, defendant ALI discloses in its Motion that it offered to pay some compromise during settlement talks

2

with plaintiff AGI. Defendant ALI, however, fails to mention that the amount they offered was insulting, and they even characterized the offer as being "nominal." Defendants are correct that plaintiffs agreed to explore settlement, but due to the inadequate monetary offer defendants made, and due to the fact that defendants' initial disclosures evidenced that defendants were contacting plaintiff AGI's customers and potential customers for work, plaintiffs could not agree to settle.

From plaintiffs' perspective, some particularly chilling information came to light during the course of this action when plaintiff Christopher Smith reviewed defendants' initial disclosures. Mr. Smith noticed that three out of four ALI customers, with whom the defendants conducted business in 2004, were previously associated with AGI. In fact, their association with AGI mysteriously ended when defendant Judeann Stipe left AGI in July 2004. As plaintiffs have now learned, Ms. Stipe contacted at least some of these customers in September 2004 immediately after she began working for ALI. In one instance, AGI's customer database indicates that while defendant Judeann Stipe was working for plaintiff AGI in the summer of 2004, she received a call from Monotype Composition Corporation ("Monotype") about a request for software training services from AGI. Ms. Stipe never informed anyone associated with plaintiff AGI about this business opportunity, however, as soon as she began working for the defendant corporation ALI, she contacted Monotype and solicited defendant ALI's software training services.

Plaintiffs' Motion for Partial Summary Judgment stands on its merits. The defendants have not, and cannot, contest that plaintiff AGI's copyrighted material was posted on their competitive websites. Any allegations by defendant ALI that it had

3

permission from AGI belie common sense.  Thus, any arguments by defendant ALI to that effect, only serve to demonstrate that ALI is grasping at straws to create an issue of fact.

In sum, the Court in its initial scheduling conference set a discovery cutoff and set a status conference on September 6, 2005.  An immediate status conference would serve nothing more than to tax the resources of all parties, frustrate judicial economy and impede defendants' ability to complete its already initiated discovery within the court's deadline.  Defendants have committed copyright infringement in a most egregious and predatory fashion.  Further, defendants' initial disclosures reveal that defendant ALI and its employees appear to have engaged in a course of conduct to improperly steer customers away from AGI to ALI.  Settlement talks have proved fruitless up until this point as a result of the defendants' unwillingness to be reasonable.  Finally, Plaintiffs' Motion for Partial Summary Judgment stands on its merits and defendants should respond to the Motion and outstanding discovery requests appropriately, rather than with dilatory and unnecessary requests for status conferences.

AMERICAN GRAPHICS INSTITUTE, INC., and CHRISTOPHER SMITH

By their attorneys,

Dated: July 20, 2005

/s/ Giovanna H. Fessenden
John L. DuPré   (BBO No. 549659)
Giovanna H. Fessenden (BBO No. 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
Facsimile:   (978) 341-0136

563426

4



Home | Locations | Classroom Schedule | About Us | News | Contact Us

**News**

May 3, 2005
**Acquired Learning Announces Plans for New Boston Office**
Acquired Learning, Inc., an Adobe-authorized training provider based in Lancaster, PA, today announced that they have retained a local real estate broker in Cambridge Massachusetts for property assessment in the metro Boston area. *"The New England area is a huge technology corridor and companies need software training,"* states Clark Edwards, president of Acquired Learning. *"We plan to provide world-class quality software training in a convenient Boston location."* The company is also aggressively searching for qualified instructors and sales staff. Interested persons are asked to email resumes to Mr. Edwards.

April 27, 2005
**Acquired Learning Opens New San Diego Office**
**Acquired Learning, Inc.** is pleased to announce the opening of their newest training office in San Diego, CA. The office, located at 935 Orange Ave, Coronado, will position Acquired Learning to be the leading training provider in Southern California. Darin Andersen has been retained to handle the entire Southern California market for the company. *"We are excited by the prospect of providing services in California,"* says Clark Edwards, president of the company, *"and we feel that Mr. Andresen brings a level of experience and knowledge that bests serves the So Cal market. We are also looking for instructors to fill several key positions in the San Diego market."* Interested instructors are asked to email Mr. Edwards.

December 21, 2004
**Acquired Learning outlines expansion plans**
**Acquired Learning, Inc.** a national software training company, has announced **plans for expansion** during the first half of 2006. *"We are currently looking at classroom space in San Diego, Minneapolis, Phoenix, Austin, and Houston,"* states Clark Edwards, president of Acquired Learning. *"We have been spending a lot of time traveling and researching available space in these markets. We are also actively seeking trainers in these areas as well."* The new classrooms will add to the existing training centers in Lancaster, PA, King of Prussia (Philadelphia), PA, and Richmond, VA.

December 14, 2004
**Acquired Learning announces major investor**
**Acquired Learning, Inc.** a national software training company, has announced they have **secured working capital** from a major investor. The influx of working capital will allow Acquired Learning to **aggressively expand** its software training operations. *"We are excited by this investor's confidence in our staff to allow us to become the nations largest software training company by end of 2006,"* states Acquired Learning's president Clark Edwards.

December 8, 2004
**Acquired Learning opens new classroom facility in Lancaster, PA**
**Acquired Learning** is pleased to announce its **new state-of-the-art training center** in the **Greenfield Corporate Center**. Located at **1861 Charter Lane, Suite 105**, the new facility boasts two classrooms and the ability to teach both large and small classes, offer one-on-one and one-on-two training, as well as seminars. It will also house the Northeast Region corporate offices.

October 1, 2004
**Acquired Learning establishes EDUCATION and SOFTWARE TRAINING Partnership**
**Systems Solutions Incorporated** (SSI)(www.ssi-net.com) is proud to announce their re-entry into the Software Education and Training segment. SSI has partnered with **Acquired Learning Incorporated** (ALI) to provide hands-on, customized and advanced software training designed to meet your needs in the ever-changing

software environment.

September 25, 2004
**Acquired Learning Opens Richmond, VA Offices**
Acquired Learning is happy to announce the opening of two Richmond, VA training classrooms. Classes have been scheduled up to the end of 2004. Contact Clark Edwards at 717-735-3850 or clark@acquiredlearning.com for more information.

©Copyright 2005 Acquired Learning, Inc. All rights reserved.