UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., and CHRISTOPHER SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, and RICHARD WEIN,<br><br>Defendants. | Civil Action No. 04-12611-JLT |

**PLAINTIFFS' MEMORANDUM IN**
<u>**SUPPORT OF THEIR MOTION TO AMEND THE COMPLAINT**</u>

Plaintiffs, American Graphics Institute, Inc. ("AGI") and Christopher Smith, submit this memorandum in support of their motion to amend the complaint.

AGI served the original Complaint on December 15, 2004, upon the defendants, Acquired Learning, Inc. ("Acquired Learning"), Systems Solution, Inc. ("SSI"), Judeann Stipe, Dean Novosat, Clark Edwards, and Richard Wein. The original Complaint alleges two counts against all named defendants, a cause of action for copyright infringement, and a cause of action for unfair competition. The proposed Amended Complaint seeks to bring five additional causes of action: (i) common law misappropriation of AGI's trade secrets by defendants Acquired Learning, Stipe, Edwards and Novosat; (ii) trade secret misappropriation – Mass G.L. ch. 93 §42, by defendants Acquired Learning, Stipe, Edwards and Novosat; (iii) breach of common law duty of loyalty by defendant Stipe; (iv) unfair competition by defendants Acquired Learning, Stipe, Edwards and Novosat --

1

Mass. G.L. Ch. 93a, §11; and (v) tortious interference with business advantage by defendants Acquired Learning, Stipe, Edwards and Novasat.

These allegations are related to specific instances of AGI's unfair competition cause of action set forth in the original Complaint. The allegations have been brought to plaintiffs' attention based on new information found in documents produced by Carl Leinbach on July 18, 2005, in response to a plaintiffs' subpoena *duces tecum* (the "Leinbach documents"), and on the information in defendant's Initial Disclosures, which were disclosed to Plaintiff on April 25, 2005.

With regard to the Leinbach documents, it is evident that defendant Judeann Stipe had been directing Carl Leinbach to access AGI's confidential customer scheduling database to send her confidential customer information about one of AGI's prominent clients, Harley-Davidson, Inc. (Smith Aff. ¶¶12, 17, 19, Exh. A.) AGI had a business relationship with Harley Davidson and anticipated financial benefit to be derived from this relationship. (Smith Aff. ¶14.)

Mr. Leinbach is an AGI contractor, who had previously been an AGI instructor in software training. (Smith Aff. ¶¶7, 9.) From 2000 through September 2001, Mr. Leinbach worked full-time as an AGI instructor, and during this period he was given software and password protected login information so that he could access AGI's confidential customer scheduling database. (Smith Aff. ¶¶7-8.) Mr. Leinbach needed to access AGI's confidential customer scheduling database because AGI used this database to record important information about its customers' specific contact persons and scheduling information for courses and Mr. Leinbach was required to have contacts with AGI customers as part of his duties. (Smith Aff. ¶¶8, 10.) In September 2001, Mr.

Leinbach requested that instead of being a full-time employee at AGI, he would prefer to work on a contracting basis so that he could focus on his photography career. (Smith Aff. ¶9.) AGI allowed Mr. Leinbach to continue to have access to its confidential customer scheduling database while he was a contractor because he still needed to be able to access the customer information in order to provide contracting services for AGI and its customers. (Smith Aff. ¶9, 10.)

Just over one month after defendant Judeann Stipe quit working for AGI, she contacted Mr. Leinbach and requested that he send her some of AGI's confidential customer information for Harely-Davidson, Inc., an AGI client for whom Mr. Leinbach was delivering training on behalf of AGI as a contract instructor. (Smith Aff. ¶12, Exh. A.) Ms. Stipe, a former AGI employee, knew of AGI's business relationship with Harley-Davidson. (Smith Aff. ¶15.) Defendant Stipe contacted Mr. Leinbach using her Acquired Learning e-mail address on August 1, 2004. (Smith Aff. Ex. A.) In response to defendant Stipe's August 1, 2004 e-mail, Mr. Leinbach logged-onto AGI's confidential customer scheduling database and accessed the records for Harley-Davidson. (Smith Aff. ¶¶14, 16, 17.) Mr. Leinbach sent Ms. Stipe a reply to her August 1, 2004 email containing the name of AGI's customer contact at Harley-Davidson, as well as the e-mail address, physical address and telephone number for the Harley-Davidson contact. In addition, Mr. Leinbach sent Ms. Stipe information about the types of AGI courses Harley-Davidson had received from AGI in the past, and the types of AGI courses Harley-Davidson wanted to receive from AGI in the future. Mr. Leinbach also sent defendant Stipe information about the AGI instructors who were handling the courses. (Smith Aff. ¶17, Exh. A.) It appears that Ms. Stipe wanted the contact information for

3

Harley-Davison so that she could try to make a sale on behalf of AGI's competitor, Acquired Learning. (Smith Aff. ¶16.)

With regard to defendant's Initial Disclosures, at least four customer contacts from AGI's customer list were identified in the defendants' Initial Disclosure. (Smith Aff. ¶25.) Acquired Learning had made sales to these customers during the period that AGI's copyrighted content appeared on the Acquired Learning website. Acquired Learning positioned itself to make these sales using AGI's copyrighted content and AGI's confidential customer contacts from the customer list. AGI's customer list is a trade secret because the customer list is a compilation of business information that is not generally known or readily ascertainable by others in the similar field of business. (Smith Aff. ¶22.) Defendants, Acquired Learning, Stipe, Edward and Novosat could not have known about these contacts, but for Stipe's access to the confidential contact information while she worked for AGI. (Smith Aff. ¶26.)

In light these events, AGI moves for leave to file the Amended Complaint. The issues raised in the Amended Complaint are substantially related to the issues raised in the original Complaint. In particular, the new claims are specific instances of defendants Acquired Learning, Stipe, Edwards and Novosat's scheme to misdirect AGI's customers to Acquired Learning as set forth in the unfair competition claim in the original Complaint. The Amended Complaint involves four of the same parties and the same inappropriate activities. The burden of initiating separate actions on these allegations would be far greater to both the parties and the Court, than simply allowing the Amended Complaint, as the issues are so closely intertwined. Further, Plaintiffs brings this Amended Complaint in good faith and the Amended Complaint will not cause undue

delay.  See Benitez-Allende v. Alcon Aluminio do Brasil, S.A., 857 F.2d 26, 36 (1st Cir. 1988) (vacating denial of leave to amend where there was no "substantial reason" for such denial).

Moreover, the plaintiffs respectfully submit that justice requires leave to file the Amended Complaint.  See Fed. R. Civ. P. 15(a) (Leave to amend "shall be freely given when justice so requires."); see also Farkas v. Texas Instruments, Inc., 429 F.2d 849, 851 (1st Cir. 1970).  The additional allegations that form the basis of the Amended Complaint are based on the compelling new information that surfaced during the discovery period.  See Johnson v. Ventra Group, 1997 U.S. App. LEXIS 21714 (6th Cir. 1997) ("[W]hen new information giving rise to specific allegations of fraud is allegedly obtained during discovery, the mandate of Rule 15(a) that leave to amend shall be 'freely given' must be adhered to in order to decide a case on the merits."); Conneely v. Butterworth Jetting Systems, 219 F.R.D. 25, 27-28 (D. Mass. 2003) (allowing the motion to amend based on previously unavailable information).  Thus, in light of this new information, leave to amend should be granted.

Finally, leave to file the Amended Complaint at this stage of the proceedings does not prejudice defendants.  Indeed, the Motion is timely.  The end of discovery period will not end until October 1, 2005.  As defendants and potential witnesses are yet to be deposed, and the plaintiffs and defendants have yet to produce any documents beyond their Initial Disclosures, the facts concerning the additional allegations can be collected at the previously scheduled times.  As such, there is no prejudice in adding additional allegations to the suit.

**CONCLUSION**

For the above reasons, it is respectfully requested that the Motion to Amend the Complaint be granted.

Dated: August 10, 2005   /s/ Giovanna H. Fessenden
John L. DuPré   (BBO No. 549659)
Giovanna H. Fessenden (BBO No. 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
Facsimile:  (978) 341-0136

560637