UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC. and CHRISTOPHER SMITH,<br><br>                Plaintiffs,<br><br>v.<br><br>ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS and RICHARD WEIN,<br><br>                Defendants. | Civil Action No. 04-12611 JLT |

**AFFIDAVIT OF CHRISTOPHER SMITH IN
<u>SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT</u>**

CHRISTOPHER SMITH states under oath as follows:

      1.      I am the president and co-founder of Plaintiff American Graphics Institute, Inc. ("AGI"). I make this affidavit in support of Plaintiffs' Motion for Leave to File Amended Complaint.

      2.      AGI is engaged in the business of providing consulting services and computer training courses. AGI specializes in providing software applications training for the Internet, print and video publishing and communications industries.

      3.      AGI has training facilities throughout the country in, for example, Pennsylvania, New York and Massachusetts.

**AGI's Confidential Customer Scheduling Database**

4.   AGI has extensive client contacts, including client contacts at fortune five hundred companies, print, video and Internet publishing companies, law firms, technology companies and universities.

5.   AGI has a confidential customer scheduling database where it stores its proprietary and confidential information about its extensive client contacts.

6.   AGI's confidential customer scheduling database provides, among other things, direct customer contacts, including the name of the person in charge of discussing training services at the company, as well as that person's e-mail, telephone number and address. The database also includes information about the dates on which services are scheduled, and the specific needs requested by each particular customer.

**Carl Leinbach and AGI's Confidential Customer Scheduling Database**

7.   From November 2000 through September 2001, Carl Leinbach worked full-time as an instructor in software training for AGI at its Blue Bell facility in Pennsylvania.

8.   As an employee of AGI, Mr. Leinbach was required to have contacts with AGI customers as part of his duties. As such, Mr. Leinbach was provided with scheduling software and secure login information to access AGI's confidential customer scheduling database. Mr. Leinbach needed to access AGI's confidential customer scheduling database because AGI used this database to record important information about its customers' specific contact persons and scheduling information for courses.

9.   In September 2001, Mr. Leinbach requested that instead of being a full-time employee at AGI, he would prefer to work on a contracting basis.

10. AGI allowed Mr. Leinbach to continue to have access to its confidential customer scheduling database while he was a contractor because he still needed to be able to access the customer information in order to provide contracting services for AGI and its customers.

**Judeann Stipe Asked Carl Leinbach to Send Her AGI's Confidential Customer Information**

11. I recently reviewed the non-confidential documents produced by Mr. Leinbach in this case. Upon review of these documents, I discovered some very disturbing e-mail correspondence between Mr. Leinbach and defendant Judeann Stipe of Acquired Learning, Inc. ("Acquired Learning").

12. In particular, attached as Exhibit A is a copy of e-mail correspondence between Mr. Leinbach and Ms. Stipe where, in an August 1, 2004 email, Ms. Stipe requests that Mr. Leinbach send her customer contact information for Harley-Davidson, Inc., a prominent AGI client for whom Mr. Leinbach was delivering training on behalf of AGI as a contract instructor.

13. Ms. Stipe sent this August 1, 2004 e-mail from her Acquired Learning e-mail account just over one month after she quit working for AGI.

14. AGI had a business relationship with Harley Davidson and anticipated financial benefit to be derived from this relationship.

15. Ms. Stipe, a former AGI employee, knew of AGI's business relationship with Harley-Davidson.

16. It appears that Ms. Stipe wanted the contact information for Harley-Davidson so that she could try to make a sale on behalf of AGI's competitor, Acquired Learning.

17. In reply to Ms. Stipe's August 1, 2004 e-mail, Mr. Leinbach sent Ms. Stipe the name of AGI's customer contact at Harley-Davidson, his e-mail address, his physical address and his telephone number. In addition, Mr. Leinbach sent Ms. Stipe information about the types

of AGI courses Harley-Davidson had received from AGI in the past, and the types of AGI courses Harley-Davidson wanted to receive from AGI in the future. Mr. Leinbach also sent Ms. Stipe information about the AGI instructors that were handling the courses.

18. The information Mr. Leinbach sent Ms. Stipe is consistent with the information that is in the database record for Harely-Davidson in AGI's confidential customer scheduling database.

19. Mr. Leinbach obtained this information about AGI's confidential customer by logging onto AGI's confidential customer scheduling database. At Ms. Stipe's request, he then sent to her, AGI's confidential information for Harley-Davidson.

20. To access AGI's confidential customer scheduling database, Mr. Leinbach would have had to execute AGI's scheduling software and entering his user name and password at the login screen. Once he was logged-in, he could access the confidential customer record for Harley-Davidson, as well as Mr. Leinbach's teaching schedule, and copied the relevant customer information for Harley-Davidson, which he sent to Ms. Stipe in reply to her August 1, 2004 e-mail.

21. It is my understanding that because Ms. Stipe had also worked for AGI previously, she knew how valuable and confidential AGI's customer information in its confidential customer scheduling database was to AGI.

**AGI's Customer List**

22. AGI's customer list is a compilation of business information that is not generally known or readily ascertainable by others in the similar field of business.

23. When Ms. Stipe worked for AGI, part of her duties and responsibilities involved managing AGI's confidential customer list.

24. I have reviewed the defendants' initial disclosures. I noticed that in several of the documents defendants produced that are related to Acquired Learning they appear to indicate that shortly after its inception, Acquired Learning had contacts with customers that were affiliated with AGI or AGI clients. For example, I noticed in some of Acquired Learning's documents that there were specific contacts within Colgate University's Information Technology department that could not have been made unless Ms. Stipe had taken this information from AGI's confidential customer list.

25. I noticed in Acquired Learning's Initial Disclosures that contacts from AGI's customer list appear to have been taken from AGI's customer list. This is evidenced by the fact that the only sales that were identified in Acquired Learning's Initial Disclosures for fall of 2004 were made to four customers, and four out of five of those customers, Colgate University, Education Testing Services, MBNA and Monotype Composition Corporation, are from AGI's customer list.

26. Defendants, Acquired Learning, Stipe, Edward and Novosat could not have known about these customer contacts, but for Stipe's access to the contact information while she worked for AGI.

                                                    /s/ Christopher Smith
                                                    Christopher Smith

Signed under oath before me
this _____ day of August, 2005.


_____
Notary Public
My commission expires:

Dated: August 10, 2005
567407

- 5 -

**Exhibit A**

**From:** cleinbach@comcast.net
**Date:** Mon, 02 Aug 2004 12:52:24 +0000
**To:** Judeann Stipe <sales@acquiredlearning.com>
**Subject:** Re: Harley Contact

His name is Dale Toomey.

dale.toomey@harley-davidson.com

1425 Eden Road
York, PA 17402
717-852-6713

They mentioned in passing something about Flash training in the future. They have an Illustrator session left at AGI, which I am not teaching. I'm not sure who is assigned to that one. I tried to access my schedule to update it, but it won't let me.

Good talking with you, as well. Good luck to all of you. I wish you only the best!

--
Carl Leinbach
cleinbach@comcast.net
--------------- Original message ---------------

> Hi Carl,
>
> It was nice talking with you the other day.
> I am looking forward to working with you again soon!
>
> Please email me the Harley contact info you have.
>
> Talk with you soon.
>
> Judeann
>

-----Original Message-----
From: Judeann Stipe [mailto:sales@acquiredlearning.com]
Sent: Sunday, August 01, 2004 9:53 PM
To: Carl Leinbach
Subject: Harley Contact


Hi Carl,

It was nice talking with you the other day.
I am looking forward to working with you again soon!

Please email me the Harley contact info you have.

Talk with you soon.

Judeann