UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., and CHRISTOPHER SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, and RICHARD WEIN,<br><br>Defendants. | Civil Action No. 04-12611-JLT |

## STIPULATED PROTECTIVE ORDER

It is hereby ORDERED as follows:

1. This Protective Order governs any document or other thing subject to production or inspection, interrogatory answer, deposition testimony, request for admission, admission, or other information obtained through any means of discovery, or any portion thereof, which has been designated confidential by a party to this lawsuit (including any of its subsidiaries, parents, or affiliates) or any other third party ("Designating Party"). By way of example and not by way of any limitation, the term "document(s)" shall include correspondence, memoranda, bulletins, circulars, advertisements, catalogs, publications, or other printed matter, interoffice and/or intracorporate communications, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, maps, charts, books of

1

accounts, work sheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, specifications, photographs, motion pictures, compilation from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), blueprints, disclosures, models, data reports, work assignments, instructions and other writings or anything else that would fall within the definition of documents or tangible things in Rule 34 of Federal Rules of Civil Procedure.

2.   A Designating Party may designate material for protection under this Protective Order as "CONFIDENTIAL" in accordance with the terms of this Protective Order. Any recipients of material designated CONFIDENTIAL under this Protective Order are hereinafter referred to as "Receiving Party." Designation of written material shall be done by stamping or otherwise physically marking the material on each page with the appropriate classification. Any copy made of any such document or thing, or any abstract, summary, memorandum or paper filed with the Court that contains or embodies information designated pursuant to this Protective Order shall bear on its face the legend "CONFIDENTIAL." The Designating Party may designate material as CONFIDENTIAL only as to that information which it reasonably believes is confidential, proprietary, or secret information that is used by it in furtherance of its business enterprise, which that party normally would not reveal to third parties, or, if disclosed, would cause such third parties to maintain in confidence, including technical, financial, pricing, costs, sales, marketing, business strategy or

customer information. Except as expressly provided hereinafter, parties receiving any such designated material shall maintain it in confidence in accordance with the requirements of this Protective Order, and shall not use it for any purpose other than for the prosecution or defense of this action. The fact that a Designating Party has designated any material as CONFIDENTIAL does not mean that the material is actually confidential and warrants the protection of this Protective Order. Any other Party has a right, pursuant to paragraph 11 hereof, to move, on motion with notice to the Designating Party and all other parties, to have such material removed from some or all of the protections of this Protective Order. However, the Receiving Party may not act unilaterally in such regard, and shall treat all designated materials in accordance with the designation except as is otherwise agreed with the Designating Party or by order of this Court as provided in the preceding sentence. At the time a document or portion thereof is made available for inspection to the Receiving Party, it is a sufficient designation of CONFIDENTIAL materials for the Designating Party to make the designation on copies of the materials actually delivered to the Receiving Party, and it is not required that designation be on the materials at the time of the Receiving Party's inspection for the purpose of identifying materials to be copied.

3.  In the case of documents received by the Receiving Party from third parties, the Receiving Party shall treat such documents as CONFIDENTIAL until the expiration of five (5) business days from the date the opposing parties in the suit first receive such documents. If before the expiration of such five (5) business days the Receiving Party receives notice from an opposing party

requesting that one or more of the documents should be treated as CONFIDENTIAL and the Receiving Party agrees, then such documents for which there is agreement shall continue to be treated as CONFIDENTIAL. If before the expiration of such five (5) business days the Receiving Party does not receive notice requesting that one or more documents should be treated as CONFIDENTIAL, then all such documents for which no notice has been received shall no longer be treated as CONFIDENTIAL. If before the expiration of such five (5) business days the Receiving Party receives notice requesting that one or more documents should be treated as CONFIDENTIAL and the Receiving Party does not agree, then the Receiving Party shall continue to treat the documents as CONFIDENTIAL for an additional five (5) business days while the parties attempt to resolve their disagreement as to the designation of the documents. If no agreement is reached before the expiration of such additional five (5) business days, then the opposing party may file a motion before such expiration requesting CONFIDENTIAL treatment for the documents. While any such motion is pending, the documents that are the subject of the motion shall continue to be treated as CONFIDENTIAL. If no motion is filed by the opposing party before the expiration of such additional five (5) business days, then all such documents for which no motion has been filed shall no longer be treated as CONFIDENTIAL.

4.      This Protective Order has no effect on, and its scope shall not extend to, any party's use of its own CONFIDENTIAL designated materials.

5.  The first page of all correspondence, legal memoranda, motion papers, pleadings, and other written materials that quote from or refer to the substance of any material designated CONFIDENTIAL shall be prominently labeled with such designation and shall be treated as confidential in accordance with the provisions of this Protective Order.

6.  A Designating Party in a deposition shall designate on the record during the deposition that specified disclosure is to be treated as CONFIDENTIAL under this Protective Order. Such designation shall be indicated on the title page of the deposition transcript, and on each page of the transcript where such designated disclosure appears. When testimony that a Designating Party considers CONFIDENTIAL is being taken, or materials containing such information are being discussed or disclosed in a deposition, persons not entitled to have access to such information will leave the deposition until such time as the testimony concerning the material designated CONFIDENTIAL is over. A party may also, within thirty (30) days after copies of a deposition transcript are served, designate in a separate writing all or any portion of the testimony given in the deposition as CONFIDENTIAL even if such testimony was not designated as such during the deposition. Notice of such CONFIDENTIAL treatment shall be deemed effective immediately.

7.  If a Designating Party believes that inspection, measuring, testing, sampling or photographing of that Designating Party's processes, products, equipment, premises or other property pursuant to Federal Rule of Civil Procedures Rule 34 will reveal or disclose information that is in good faith

5

deemed CONFIDENTIAL, that Designating Party will advise in advance the party or parties seeking such discovery that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis, and will designate in writing served upon all counsel of record the material, and information derived from that material, to be treated and labeled as CONFIDENTIAL, as appropriate. Upon such service, the designated material will be treated in accordance with this Order.

8. Material designated as "CONFIDENTIAL" may be disclosed only to the following persons, subject to satisfaction of conditions set forth in paragraph 8 below, except upon the prior written consent of the Designating Party:

    a. outside counsel of record for the parties to this lawsuit at the law firm Hamilton, Brook, Smith & Reynolds, P.C., representing the plaintiffs, and Holland & Knight, L.L.P., representing defendants, and employees and such counsel;

    b. experts, including their support personnel, who are not employees or consultants of any party, who are retained by outside counsel to assist in the preparation and trial of this action, but only to the extent necessary for the conduct of this action;

    c. the author, addressee, and recipient of a document containing the material designated CONFIDENTIAL;

    d.    any Court having jurisdiction over this action or witnesses involved in this action (hereinafter "Court") and any persons employed by the Court working on this action;

    e.    court reporters (including stenographers and video technicians) engaged by counsel of record to record, transcribe, or videotape testimony in this litigation, and copy services, data entry, and computer support services engaged by counsel of record;

    f.    any other person who subsequently is designated either by (i) agreement of all parties to this Protective Order, or (ii) by order of the Court upon motion by a party, after notice to all the parties.

9.    Prior to the disclosure of material designated CONFIDENTIAL to any person as referenced in ¶8(b) above, such person shall be shown a copy of this Protective Order and shall execute a Written Acknowledgment (in the form of the attached EXHIBIT A) (the "Acknowledgement") that he or she has received a copy of this Protective Order and is familiar with the provisions of it, and all such persons shall:

    a.    be bound thereby;

    b.    not use material designated CONFIDENTIAL for any purpose other than in connection with the prosecution or defense of this action;

    c.     not disclose any material designated CONFIDENTIAL to any person other than a person authorized to receive such information under this Protective Order; and

    d.     upon termination of his or her connection with this action, return all documents containing material designated CONFIDENTIAL to the counsel or other person who provided such documents to such person.

The Acknowledgment for each person identified in subparagraph 7(c) shall be served upon opposing counsel and any counsel for the Designating Party by facsimile and first-class mail prior to providing that person with access to any materials designated CONFIDENTIAL. The Acknowledgement for each person identified in subparagraph 7(d) shall be served by facsimile and first-class mail upon opposing counsel and upon counsel for the Disclosing Party at least five (5) business days prior to the initial disclosure of material designated CONFIDENTIAL with such person's name, address, employment history, and résumé or *Curriculum Vitae*. If, within the five (5) business day period, an objection to the proposed disclosure to such person is served by facsimile and first-class mail upon counsel who provided the expert's name, disclosure is not permitted until the matter is resolved by agreement of the parties or by order of the Court.

10.    No designated material shall be used for any purpose other than preparation for the trial of this action and any pre-trial and post-trial proceedings (including appeals) in this action.

11.    Any designated material filed with any Court shall be filed under seal and shall remain under seal until further order of the Court. Such materials shall be

filed with the Court in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the following notation or its equivalent:

**CONFIDENTIAL INFORMATION**
**Subject To Protective Order**
**in Civil Action No. 04-12611-JLT**

**This Envelope Is Not To Be Opened Or The**
**Contents Thereof Displayed, Copied Or Revealed**
**Other Than For Inspection By The Court Or Pursuant to Further**
**Order Of The Court Or By Agreement Of The Parties**

12. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party objects at any stage to the designation by another party, the party shall first request by writing to the Designating Party that the designation be modified or withdrawn. If the Designating Party does not agree to redesignation within ten days of receipt of the written request, the party requesting the modification may apply to the Court for relief. Upon any such application, the party seeking the modification must state the basis for its belief that the classification was improper. The Designating Party shall then have the burden to show that the classification is proper. Grounds for determining that the designation should be modified include (i) a determination that the information is already public knowledge; (ii) a determination that the information has become public knowledge other than as a result of disclosure of the Receiving Party; or (iii) the information has come into the Receiving Party's legitimate possession

9

independently of the producing party or any court order in this or any other legal action.

13. The inadvertent or unintentional production of documents containing, or other disclosure of, any confidential, proprietary, secret or privileged information without being designated as CONFIDENTIAL at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, or as to any attorney-client privilege; provided, however, that the disclosing party promptly makes a designation under this Order upon discovery of the disclosure. In that event, the Receiving Party shall thereafter treat the designated material in accordance with this Order, and shall return to the Designating Party any privileged material that was inadvertently disclosed.

14. In the event any Receiving Party having possession, custody, or control of any materials designated CONFIDENTIAL receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such Receiving Party shall immediately notify counsel for the Designating Party of the subpoena or other process or order, furnish counsel for the Designating Party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party or by a related entity whose interests would be affected. The Designating Party asserting the treatment of the material as CONFIDENTIAL material shall have the burden of defending against such

subpoena, process, or order. The Receiving Party receiving the subpoena or other process or order shall make reasonable efforts to obtain an extension of the deadline for compliance as appropriate to permit the Designating Party to contest the subpoena, process, or order. The Receiving Party receiving the subpoena, process, or order shall be entitled to comply with it, but only to the extent required by law.

15. Within thirty days after the termination of this action, including any appeals, all designated material, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to the party which produced it or destroyed.

16. Designated material shall receive *in camera* treatment at any trial, hearing, or other court proceeding, except upon written agreement by the parties or further order of the Court.

17. The treatment accorded designated material under this Protective Order shall survive the termination of this action.

18. Any person receiving material designated CONFIDENTIAL under this Protective Order agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order. After termination of this action, the Court retains jurisdiction to enforce this Protective Order.

19. This Protective Order can only be modified by the Court or by written agreement with approval of the Court.

Approved and agreed:

*[signature]*

John L. DuPré (BBO No. 549659)
Giovanna H. Fessenden (BBO No. 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone: (978) 341-0036
Facsimile: (978) 341-0136
Attorneys for Plaintiffs

*[signature]*

James D. Smeallie (BBO #467380)
Heather E. Carmello (BBO #600896)
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
Telephone (617) 523-2700
Facsimile: (617) 523-6850
Attorneys for Defendants

IT IS SO ORDERED

Dated: ~~July~~ 8/9/05 ~~200~~

*[signature]*
United States District Judge

564788_1.DOC

EXHIBIT A
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., and CHRISTOPHER SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, and RICHARD WEIN, <br><br> Defendants. | Civil Action No. 04-12611-JLT |

## WRITTEN ASSURANCE

_____, declares that:

I reside at _____ in the city of
_____ state of _____.

I am [position]_____ employed by _____.

I have read and understand the Protective Order dated _____ and of record in *American Graphics Institute, Inc. v. Acquired Learning Inc.*, Civil Action No. 04-12611-JLT pending in the United States District Court for the District of Massachusetts and I agree to comply with and be bound by the provisions of said Protective Order.

_____
Print Name:

Subscribed and sworn to before me this \_\_\_\_\_ day of _____, 200\_\_.

_____
Notary Public
My commission expires:

564788_1.DOC

13