UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC. and CHRISTOPHER SMITH,<br>           Plaintiffs,<br><br>v.<br><br>ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS and RICHARD WEIN,<br>           Defendants. | C.A. No. 04 12611 JLT |

### AFFIDAVIT OF CLARK EDWARDS

I, Clark Edwards, hereby depose and state as follows, based on my personal knowledge and my review of documents:

1.   I am President and co-owner of Defendant Acquired Learning, Inc. ("Acquired Learning"), which is a Pennsylvania company engaged in the business of providing computer consulting services and computer training. I submit this affidavit in support of Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment and in support of Defendants' Cross-Motion for Summary Judgment.

2.   From September 2000 through March 2, 2002, I was employed as the Finance Manager, and at times referred to as the CFO, at American Graphics Institute, Inc. ("AGI") and, before that, at Cyber Solutions, Inc. ("CyberSolutions"). Around the time that I started, Cyber Solutions, Inc. changed its name to American Graphics Institute, Inc, and AGI essentially took over the work that CyberSolutions had been doing with SSI and others.

3.   During that time, I had the occasion to work with Richard Wein and others at Defendant Systems Solution, Inc. ("SSI"). I also viewed SSI's website and the course

descriptions listed on its website. I also noticed that SSI indicated copyright ownership in its website and related content. At no time during my employment at AGI did anyone from AGI suggest that any content on the SSI website belonged in any way to AGI, that the SSI website content infringed any AGI copyright, or that there were any restrictions of any kind on SSI's ability to use its website content for whatever purpose it chose.

4.   In early August of 2004, Dean Novosat and I contacted Richard Wein at SSI, and told him about a new software training company we had started, Acquired Learning, Inc. We asked Wein whether SSI might be interested in partnering with us to provide training classes to SSI customers and others in SSI's then-unused training facility. Wein agreed.

5.   As we discussed marketing efforts, Wein explained to us that SSI already had class listings for most of the basic courses the new venture would offer. He told us that the listings were in the inactive "Education" tab of the SSI website, and he authorized us to use any or all of that content to develop the Acquired Learning website. Because the material had appeared on the SSI website for so many years, no one (including myself) believed, or had any reason to believe, that AGI had any claim to ownership or exclusive use of the material.

6.   Shortly thereafter, AGI filed copyright registration applications for its website, and then brought this lawsuit. That was the first time I learned that Smith and AGI claimed a proprietary right in the course descriptions that are in dispute. In an abundance of caution, we immediately had Dean Novosat edit the Acquired Learning website to replace any potentially offending text with different language. None of us has any reason, desire, or intent to use any of the disputed content in the future, as there is no intrinsic value in the course descriptions themselves.

Signed this 12th day of August 2005 under the pains and penalties of perjury.

_Clark Edwards_
Clark Edwards