UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC. and CHRISTOPHER SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS and RICHARD WEIN,<br><br>    Defendants. | C.A. No. 04 12611 JLT |

## AFFIDAVIT OF DEAN NOVOSAT

I, Dean Novosat, hereby depose and state as follows, based on my personal knowledge and my review of documents:

    1.    I am Chief Operating Officer and co-owner of Defendant Acquired Learning, Inc. ("Acquired Learning"), which is a Pennsylvania company engaged in the business of providing computer consulting services and computer training. I submit this affidavit in support of Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment and in support of Defendants' Cross-Motion for Summary Judgment.

    2.    From 1995 through 2003, I provided technical consulting services for Plaintiff America Graphics Institute, Inc. ("AGI"). AGI was formerly known as CyberSolutions, Inc. ("Cyber"), another business venture of Plaintiff Christopher Smith ("Smith"). During that time, I had the occasion to work with Richard Wein and others at Defendant Systems Solution, Inc. ("SSI").

    3.    During the course of my employment at AGI, I viewed SSI's website and the course descriptions listed on its website. I also noticed that SSI indicated copyright ownership in

its website and related content.  At no time during my employment at AGI did anyone from AGI suggest that any content on the SSI website belonged in any way to AGI, that the SSI website content infringed any AGI copyright, or that there were any restrictions of any kind on SSI's ability to use its website content for whatever purpose it chose.

      4.      In or around the Summer of 2004, Clark Edwards and I contacted Richard Wein at SSI, and told him about a new software training company we were thinking about starting, Acquired Learning, Inc.  We asked Wein whether SSI might be interested in partnering with us to provide training classes to SSI customers and others in SSI's then-unused training facility.  Wein agreed.

      5.      As we discussed marketing efforts, Wein explained to us that SSI already had class listings for most of the basic courses the new venture would offer.  He told us that the listings were in the inactive "Education" tab of the SSI website, and he authorized us to use any or all of that content to develop the Acquired Learning website.  Because the material had appeared on the SSI website for so many years, no one (including myself) believed, or had any reason to believe, that AGI had any claim to ownership or exclusive use of the material.

      6.      In or about August 2004, I developed a website for Acquired Learning using the authorized materials from the Education section of the SSI website.  This website went public at http://www.acquiredlearning.com on or about September 2004.  Shortly thereafter, in October 2004, SSI reactivated its Education tab and modified the content to reflect the fact that Acquired Learning would be conducting the trainings.

      7.      Shortly thereafter, AGI filed copyright registration applications for its website, and brought this lawsuit, which we learned about from a third party.  In an abundance of caution, I stayed up all night that night editing the Acquired Learning website to replace any potentially offending text with new language.  None of us has any reason, desire, or intent to use any of the disputed content in the future.

Signed this 12th day of August 2005 under the pains and penalties of perjury.

_____
Dean Novosat