UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC. and CHRISTOPHER SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS and RICHARD WEIN, <br><br> Defendants. | C.A. No. 04-12611-JLT |

## DEFENDANTS' MOTION TO QUASH THIRD-PARTY SUBPOENAS AND FOR A PROTECTIVE ORDER TO USE DISCOVERY FOR LITIGATION PURPOSES ONLY

Defendants seek to quash certain third-party subpoenas *duces tecum* and to obtain a standard protective order that will prevent Plaintiffs from using documents obtained in the course of discovery to harass, intimidate, and annoy Defendants' customers and instructors. The third-party subpoenas should be quashed because (1) the Court's discovery orders specifically do not allow for third-party subpoenas, and expressly limit the witnesses who are subject to depositions; (2) Plaintiffs have failed to comply with the requirements of Rule 45, having issued subpoenas to third-parties from the wrong court and requiring out-of-state witnesses to produce documents in Massachusetts; and (3) Plaintiffs have been abusing the discovery process to harass, intimidate, and annoy Defendants' customers and instructors (independent contractors), and the requested discovery has no relevance to the copyright claims at issue in this litigation.

## BACKGROUND

In 1996, Defendant Systems Solution, Inc. ("SSI") entered into an agreement with CyberSolutions, Inc. ("CyberSolutions"), a former business venture of Defendant Christopher Smith, to provide training services to SSI's existing clients. Under the 1996 Agreement, CyberSolutions agreed to offer training courses to SSI's clients, and SSI agreed to market and promote CyberSolutions' services. The 1996 Agreement was signed by Plaintiff Smith on behalf of CyberSolutions and by Defendant Richard Wein ("Wein") on behalf of SSI. At some point, in or around 2000, Plaintiff American Graphics Institute, Inc. ("AGI") assumed CyberSolutions' role as contractor to SSI, and SSI and AGI continued to work together.

By September 2003, the level of activity in SSI's education branch had diminished significantly, and it decided to leave the training business. Shortly thereafter, SSI removed the "Education" portion of its website from public view. SSI took this action not at the request of AGI, which was entirely silent on the subject of the use of any joint marketing materials, but because there was no longer any need for SSI to advertise courses.

A year later, in the Summer of 2004, Defendants Clark Edwards and Dean Novosat contacted Wein and told him about a new software training company they were thinking about starting, Acquired Learning, Inc. ("Acquired Learning"). They asked Wein whether SSI might be interested in partnering with them to provide training classes to SSI customers and others in SSI's then-unused training facility. Wein agreed. In or about August 2004, Novosat developed a website for Acquired Learning using the authorized materials from the Education section of the SSI website. In or about October 2004, SSI reactivated its Education section and modified the content to reflect the fact that Acquired Learning would be conducting the trainings.

In early October 2004, shortly after the Acquired Learning website and new SSI Education tab had gone live, SSI sent out an email announcement that Acquired Learning would be SSI's new training partner. SSI listed several of the instructors who would be conducting the trainings, and several were current and former AGI instructors (also independent contractors). Finally, the email announced that Judeann Stipe, a former AGI sales representative, would be working for Acquired Learning.

Defendant Christopher Smith did not take the news well. He tried to break up the new venture by suggesting to Rich Wein at SSI that Novosat was a competitor and therefore an inappropriate business partner. Smith also contacted trainers who were listed in the SSI/Acquired Learning announcement and threatened to withdraw business from them if they did not remove their names from the Acquired Learning website. (See Aff. of Judeann Stipe ("Stipe Aff."), submitted herewith.) He even told one prospective Acquired Learning trainer (Carl Leinbach), *a propos* of nothing, that Judeann Stipe had filed a personal bankruptcy petition, suggesting that she was not worthy of doing business with. (Id.)

Without warning, in or about December 2004, Plaintiffs applied for a copyright of the disputed content and, immediately thereafter, filed a lawsuit for copyright infringement. After learning that the Complaint had been filed, in an abundance of caution, SSI and Acquired Learning both replaced the disputed content on their respective websites.

On March 24, 2005, this Court issued a Discovery Order. (See **Exhibit 1**.) That Order required the parties to exchange and review documents, sworn statements, and a list of persons to be deposed, by April 26, 2005 The Order also stated: "**No additional discovery shall take place without further order of the court**." (Emphasis added). On or before April 26, 2005, the parties submitted their Local Rule 16.1 Joint Statement.

A Scheduling Conference was held on May 12, 2005. Thereafter, this Court issued another discovery Order. (See **Exhibit 2**.) That Order expressly limited discovery to depositions of witnesses identified by the parties at the conference and, again, stated: "**No additional discovery will be permitted without leave of this court**." (Emphasis added).

Up through the May 12, 2005 Scheduling Conference, the parties were discussing settlement. In fact, both parties informed the Court that settlement discussions were heading in the right direction, and that Court intervention was not necessary at that time. Immediately following the Scheduling Conference, however, Plaintiffs withdrew from settlement discussions and refused Defendants' proposal to mediate the dispute. Thereafter, Plaintiffs served voluminous, invasive document requests, seeking Defendants' training course materials, and all communications with Defendants customers and prospective customers.[1] On or about July 1, 2005, Plaintiffs also began serving burdensome subpoenas *duces tecum* on many of Defendants' clients and instructors, with the obvious goal of disrupting Defendants' business operations.

On July 19, 2005, Plaintiffs moved for partial summary judgment. On August 12, 2005, Defendants filed their opposition and cross-moved for summary judgment. Plaintiffs' motion and Defendants' cross-motion for summary judgment are still pending.[2]

Brian Reese

Brian Reese had been a contract instructor for Acquired Learning since the company started. He wanted to build his business as an independent contractor and ALI wanted to build its business as a training organization. After Reese and Acquired Learning came to an agreement on rates, Acquired Learning asked Reese to affiliate his Adobe certifications with its Lancaster,

---

[1] The parties have voluntarily agreed to exchange written discovery requests. Defendants have provided their responses to Plaintiffs' requests; however, Defendants have withheld the production of documents pending resolution of this motion for protective order. Plaintiffs have not yet responded to Defendants' requests.

[2] On July 19, 2005, Defendants also filed a Motion for Immediate Status Conference, which Plaintiffs opposed on July 20, 2005. No action has been taken on that motion.

Pennsylvania facility.  Reese agreed.  That relationship was good until July 2005, when Reese was served with a subpoena *duces tecum* by Plaintiffs.  (Stipe Aff. ¶ 7.)

Upon receiving a subpoena from Plaintiffs, Reese informed Acquired Learning that he could not work with Acquired Learning anymore because he was concerned about Plaintiff Christopher Smith coming after him.  Reese asked to be removed from Acquired Learning's contract instructor roster.  He also has disaffiliated his Adobe certifications with Acquired Learning's Lancaster facility.  After that, Acquired Learning immediately saw a drop in business, with fewer incoming calls and on-line inquiries.  (Stipe Aff. ¶ 8.)

<u>Carl Leinbach</u>

Carl Leinbach is another contract instructor who has stopped working with Acquired Learning after being harassed by Christopher Smith.  In January 2005, Leinbach called Acquired Learning and asked to have his name removed from the company's website, because he had been contacted by Plaintiffs Christopher Smith to do so.  Leinbach had been working for both Acquired Learning and AGI at the time.  (Stipe Aff. ¶ 9.)

Leinbach continued to do classroom training for Acquired Learning from January to June 2005.  In or about June 2005, Leinbach received a subpoena *duces tecum* from Plaintiffs in connection with this case, demanding that he produce documents related to his working relationship with Acquired Learning.  (Stipe Aff. ¶¶ 10-11.)  In response to the subpoena, Leinbach produced to Plaintiffs' counsel more than 850 pages of documents.

In July 2005, Smith contacted Leinbach and threatened him with civil and criminal sanctions or penalties based on an email that Leinbach had produced in response to the subpoena. On August 2, 2005, Christopher Smith sent Leinbach an email in which he claimed that Leinbach had crossed "the bounds of civil wrongdoing" and moved "into criminal activity" for

providing Stipe with contact information for a gentleman at Harley Davidson.  In that email, Smith also threatened to use "civil and criminal channels" and seek "damages" from Leinbach. (Stipe Aff. ¶¶ 12-13; see also 08/02/05 Email, attached hereto as **Exhibit 3**.)

Two days later, Smith offered not to pursue civil and criminal charges against Leinbach if he would sign an affidavit prepared by Smith, to be used against Defendants in this litigation. On August 5, 2005, Smith emailed Leinbach a proposed settlement agreement (**Exhibit 4**) and an affidavit (**Exhibit 5**) that attempted to have Leinbach admit to statements that were not true or with which Leinbach did not agree.  (Stipe Aff. ¶ 14.)

For example, the settlement agreement attempted to have Leinbach agree that he had collaborated with Defendants to harm Plaintiffs (Ex. 4, "Whereas" clauses) and that Leinbach would no longer accept employment with Defendant Acquired Learning during the course of this litigation (Ex. 4, ¶ 6).  The affidavit proposed by Smith also attempted to have Leinbach agree that Judeann Stipe asked him to provide her with confidential information belonging to Plaintiffs, that he accessed Plaintiffs' confidential customer database, and that he provided Stipe with confidential information.  (Ex. 5, ¶¶ 15-22.)

Leinbach ultimately refused to sign the proposed settlement agreement and affidavit. Instead, he retained counsel.  On August 8, 2005, his counsel sent a letter to counsel for the parties to this litigation, insisting that no further contact be made directly with Leinbach.  (Stipe Aff. ¶ 15; see also 08/08/05 Letter, attached hereto as **Exhibit 6**.)

Leinbach has not conducted any training for Defendants since being contacted and threatened by Smith.  On July 13, 2005, Acquired Learning received a call from Leinbach in which he requested that, in light of the threats by Smith, he no longer wanted to be an instructor for Acquired Learning.  On July 14, 2005, Carl sent Stipe an email in which he confirmed that he

- 6 -

needed to "eradicate this BS from my life" – referring to his dealings with Smith).  (Stipe Aff. ¶ 16; see also 07/14/05 Email, attached hereto as **Exhibit 7**.)

## ARGUMENT

**A.    The third-party subpoenas *duces tecum* should be quashed.**

  1.    The Court's two discovery orders expressly limit discovery and do not allow for third-party subpoenas *duces tecum* without leave of Court.

Pursuant to the Court's two discovery orders, discovery is limited to the depositions of those witnesses identified by the parties at the May 12, 2005 Scheduling Conference.  The Court's discovery orders in this case both state that no additional discovery will be permitted without leave of Court.  (See Exs. 1 and 2.)

While the parties agreed to exchange written discovery requests, Plaintiffs have ignored Defendants' objections to serving subpoenas *duces tecum* on certain third-parties, including Defendants' current customers and instructors.  That third-party discovery specifically falls into category of "additional discovery" for which leave of Court is required.  Because no leave of Court has been sought or obtained, Plaintiffs' subpoenas *duces tecum* on Defendants' customers and instructors should be quashed, and appropriate sanctions should be levied.  See Allender v. Raytheon Aircraft Co., 220 F.R.D. 661, 665-67 (D. Kan. 2004) (granting sanctions and allowing for the recovery of attorneys fees).

  2.    Plaintiffs have failed to comply with the requirements of Rule 45 for out-of-state third-party subpoenas.

Not only were the third-party subpoenas *duces tecum* improper under the Court's discovery orders, Plaintiffs also have failed to comply with the requirements of Rule 45 for the issuance of such subpoenas on out-of-state parties.  Plaintiffs' procedural failures provide yet another reason for this Court to quash the subpoenas to third-parties.

Rule 45(a)(2) states that "a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." Rule 45(b)(2) provides that "a subpoena may be served at any place within the district of the court by which it is issue, or any place … that is within 100 miles of the place of the deposition, … production, or inspection specified in the subpoena." Plaintiffs have violated both rules.

Plaintiffs have served subpoenas *duces tecum* on the following out-of-state third parties, all of whom are either customers or instructors for Defendants:

- Colgate University (Hamilton, NY)
- Educational Testing Service, Inc. (Princeton, NJ)
- The Monotype Composition Company, Inc. (Baltimore, MD)
- MBNA Corporation (Wilmington, DE)
- Brian Reese (Freehold, NJ)
- Sir Speedy Printing (Lancaster, PA)
- Carl Leinbach (Langhorne, PA)

(See Subpoenas, attached as **Exhibits 8 - 14**.) Each of the issued subpoenas is deficient on its face – each subpoena is issued from a court *outside* of Massachusetts; however, each compels the production of documents *in* Massachusetts. Because the subpoenas required production of documents outside of "the district in which the production [was] to be made," *all* of them violate Rule 45(a)(2).

Several of the subpoenas also were served at a place outside of the district from which they were issued. For example, the subpoenas *duces tecum* that were served on Sir Speedy Printing and Carl Leinbach, both of whom reside in Pennsylvania, were issued from the District of *Maryland*.[3] Plaintiffs have therefore failed to comply with Rule 45(b)(2).[4]

---

[3] The original subpoena *duces tecum* for Brian Reese, who resides in Freehold, New Jersey, also was issued from the U.S. District Court for the District of Maryland; however, Plaintiffs withdrew that subpoena and re-issued it from the District of New Jersey. (See **Exhibit 15**.) Likewise, after the deficiencies in their subpoenas were noted,

Given Plaintiffs violation of the Court's discovery orders and the subsequent procedural violations of Rule 45, Defendants respectfully request that the Court quash the subpoenas *duces tecum* issued by Plaintiffs, that the Court bar Plaintiffs from using any documents obtained through the subpoenas *duces tecum* issued to date, and that the Court order Plaintiff not to issue any further subpoenas on any parties not identified in the Court's discovery orders. Defendants also request reimbursement of their fees and costs in having to file this motion. See Allender, 220 F.R.D. at 665-67.

**B.    The Court should enter a protective order to prevent Plaintiffs from abusing the discovery process and from using documents obtained in discovery to harass, intimidate, and annoy Defendants' customers and instructors.**

The parties entered into an "attorneys-eyes only" stipulated protective order to prevent the disclosure of certain discovery documents to the parties unless and until the documents are no longer deemed "confidential" under the terms of that protective order. That protective order, however, does not specifically provide the additional protection of preventing a party from using discovery documents for purposes unrelated to the instant litigation. Because Plaintiffs have been using discovery documents to harass, intimidate, and annoy Defendants' customers and instructors, a broader protective order is now required.[5]

Rule 26(c) governs protective orders concerning discovery. That rule provides that, "for good cause shown," the Court may issue a protective order "to protect a party or person from

---

Plaintiffs issued a "Substitute Subpoena" on Sir Speedy Printing from the Eastern District of Pennsylvania. (See **Exhibit 16**.) *No attempt has been made to rectify the deficient subpoena for Carl Leinbach.*

[4] Rule 45(b)(1) further provides that: "Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party." Here, that rule also was not followed uniformly, at least not with regard to Brian Reese. The re-issued subpoena *duces tecum* for Brian Reese is dated July 20, 2005. (See Ex. 14.) However, Plaintiffs did not provide notice of that subpoena to Defendants until nine days later, on July 29, 2005. (See **Exhibit 17**.)

[5] The instant dispute does not involve "squabbling over the wording of a standard protective order," as was the case in Big Top USA, Inc. v. Wittern Group, 183 F.R.D. 331, 336 (D. Mass. 1998). Rather, Plaintiffs have flatly refused to agree to a standard protective order or to otherwise limit the use of discovery documents in any way not already covered by the current protective order that covers "attorneys-eyes only" documents.

annoyance, embarrassment, oppression, or undue burden or expense." That includes, among other things an order: (a) that discovery not be had; (b) that discovery be had only on specified terms and conditions; (c) that discovery be limited to certain matters; and (d) that protections be provided for confidential or commercial information. Rule 26(c)(1), (2), (4) and (7).

By this motion, Defendants are not seeking to prevent Plaintiffs or their counsel from viewing discovery documents or from using those documents in this or any other litigation.[6] Rather, Defendants are simply seeking to prevent Plaintiffs from using the discovery process to harass and intimidate Defendants' customers and instructors. Such a protective order is common in litigation involving competitors, and Plaintiffs can show no prejudice by limiting their use of discovery documents for litigation purposes only. See ITT Electro-Optical Prod. v. Electronic Tech. Corp., 161 F.R.D. 228, 231-32 (D. Mass. 1995) (holding that determining "appropriate safeguards for a protective order is within the court's discretion" and fashioning a reasonable protective order); Multi-Core, Inc. v. Southern Water Treatment Co., 139 F.R.D. 262, 263-64 (D. Mass. 1991) (granting protective order to use discovery documents and information "for litigation purposes"); Baker v. Liggett Group, Inc., 132 F.R.D. 123, 125-26 (D. Mass. 1990) (crafting protective order for allowing use of information in tobacco litigations); GTE Prod. Corp. v. Gee, 112 F.R.D. 169, 171-72 (D. Mass. 1986) (granting protective order to prevent improper disclosure of commercial information to a competitor); see also Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 8 (1st Cir. 1985) (noting with approval the use of a protective order requiring that each party use discovery documents and information "only for litigation purposes").

---

[6] Plaintiffs have moved to amend the complaint to bring unrelated, non-copyright claims against some (but not all) of the Defendants. Defendants believe that those claims must be brought, if at all, in a separate action that will not prejudice the instant litigation or unduly delay the just disposition of this case. Defendants have filed a motion for summary judgment that they expect will completely dispose of the current action.

Here, there is "good cause" for entering a standard protective order; namely, to prevent Plaintiffs from using discovery documents and information to harass, intimidate, and annoy Defendants' customers and instructors. The parties are competitors. Third-party discovery aimed at Defendants' customers is thus a highly sensitive issue. Moreover, as noted herein, Plaintiff Christopher Smith is using documents and information obtained in discovery to harass and intimidate witnesses and to prevent Defendants from being able to use certain instructors in the normal course of business, thus injuring Defendants position in the marketplace.

As noted above, Smith has been harassing and intimidating several of Acquired Learning's instructors, and that boorish behavior has resulted in at least two key instructors terminating their relationships with Acquired Learning. Plaintiffs have served subpoenas *duces tecum* on those instructors, even though those instructors have absolutely nothing to do with Plaintiffs' existing copyright claims. Plaintiffs have even taken it so far as to use documents obtained during discovery to threaten one instructor with civil and criminal penalties.

As noted above, on August 2, 2005, Christopher Smith sent Leinbach an email in which he claimed that Leinbach had crossed "the bounds of civil wrongdoing" and moved "into criminal activity" for providing Stipe with the contact information for a gentleman at Harley Davidson, before she began working at Acquired Learning. In that email, Smith also threatened to use "civil and criminal channels" and seek "damages" from Leinbach. (Stipe Aff. ¶¶ 12-13; see also Ex. 3.) Smith then attempted to force Leinbach into signing a settlement agreement and affidavit to be used against Defendants in this litigation. (Exs. 4, 5.) While Leinbach refused to sign the proposed settlement agreement and affidavit, both of which included statements that Leinbach considered to be untrue, it caused him to terminate his business relationship with Acquired Learning. (Stipe Aff. ¶ 16; see also Ex. 7.)

Because Acquired Learning is a small start-up company, it relies heavily on contract instructors, such as Reese and Leinbach.  Losing those instructors significantly hurts Acquired Learning's ability to compete in the marketplace.  (Stipe Aff. ¶ 17.)  The need for a protective order, reasonably tailored to allow open discovery while protecting Defendants' business interests, is thus a necessity.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court <u>grant</u> this motion and order as follows:

(1)    Plaintiffs' third-party subpoenas *duces tecum* shall be quashed;

(2)    Plaintiffs are barred from using any documents obtained through those subpoenas *duces tecum* in this litigation;

(3)    Plaintiffs are barred from issuing and serving additional subpoenas *duces tecum* on persons not listed in the Court's discovery order;

(4)    A protective order shall enter in this case, preventing Plaintiffs from using the discovery process to harass, intimidate, and annoy Defendants customers and instructors, and limiting the parties to using documents or information obtained in this litigation for litigation purposes only; and

(5)    Defendants are entitled to their attorneys' fees and costs incurred in the preparation of this motion.

Respectfully submitted,

 /s/ Jason W. Morgan
Jason W. Morgan (BBO #633802)
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA  02043
Tel.:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dhtmlaw.com

Dated: August 26, 2005

## CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that on August 26, 2005, service of the foregoing was made on all counsel of record through the Court's CM/ECF on-line docket system.

 /s/ Jason W. Morgan
Jason W. Morgan

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Undersigned counsel hereby certifies that the parties have conferred and attempted in good faith to resolve the issues raised in this motion, on several occasions, without success.

 /s/ Jason W. Morgan
Jason W. Morgan

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS

V                                          CIVIL ACTION No. 04-12611 -JLT

ACQUIRED LEARNING                          DISCOVERY ORDER

TAURO,.J.:

On or before, April 26, 2005 the parties shall have exchanged and reviewed (1) all documents in accordance with Local Rule 26.2(A), and (2) sworn statements in accordance with Local Rule 26.1(B), and (3) a list of persons they wish to depose.  A list of the proposed
deponents should be presented to the Court at the scheduling conference.

In addition, the parties shall, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity  in the pleadings, identifying the subjects of the information and

(B) a copy of, or a description by category and location of, all documents, data compilations,   and tangible  things in the possession, custody, or control of the party that are relevant to disputed facts  alleged with particularity in the pleadings.

No additional discovery shall take place without further order of the court.

Counsel shall notify the court in writing, no less than (5) days prior to the scheduled conference, of pending motions.  Any motion not brought to the court's attention (5) days prior to the scheduled conference will be deemed denied as  moot.

The court does not accept any letters requesting decision or action.  Any such request must be in the form of a motion.  Letters submitted for information purposes only must be addressed to Zita Lovett, Deputy Clerk.

IT IS SO ORDERED.
3/24/2005                                  By the Court,
                                            /s/     Zita Lovett,
                                           DEPUTY CLERK

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC. and CHRISTOPHER SMITH, | * * * | |
| Plaintiffs, | * * | |
| v. | * * * | Civil Action No. 04-12611-JLT |
| ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, and RICHARD WEIN, | * * * * * | |
| Defendants. | * | |

## ORDER

May 12, 2005

TAURO, J.

After the Scheduling Conference held on May 12, 2005, this court hereby orders that:

1.  Plaintiffs may depose: (1) the Fed. R. Civ. P. 30(b)(6) designee of Acquired

    Learning, Inc., (2) the Rule 30(b)(6) designee of Systems Solution, Inc.,

    (3) Judeann Stipe, (4) Dean Novosat, (5) Clark Edwards, and (6) Richard Wein;

2.  Defendants may depose: (1) the Rule 30(b)(6) designee of American Graphics

    Institute, Inc., (2) Christopher Smith, (3) Jennifer Smith, (4) Luis Mendez,

    (5) Greg Heald, (6) Larry Happy, (7) Jaime Schoenhelt, (8) Shannon McGurty,

    and (9) Roxanne Nadolny;

3.  All discovery shall be completed by September 1, 2005;

4.    No additional discovery will be permitted without leave of this court; and

5.    A Further Conference is scheduled for September 6, 2005 at 10:45 a.m.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge

2

**EXHIBIT 3**

Re: Harley Contact                                                                           Page 1 of 2

## Carl Leinbach

**From:**    Christopher Smith [csmith@agitraining.com]

**Sent:**    Tuesday, August 02, 2005 9:31 PM

**To:**       'Carl Leinbach'

**Subject:** FW: Harley Contact

Hey Carl,

I hope you are doing well. We're loving the camera and flash setup that you recommended – the camera raw (DNG) files are great. We've actually got some extensive Photoshop work that we're doing now – too bad we're not able to involve you with it.

Anyhow, on to business: It appears that you were taking confidential information and sharing it (see below).

This may cross the bounds of civil wrongdoing and move into criminal activity on your part. You and I need to have a talk, and it needs to be on the level – none of your doublespeak. If our confidential information is being taken and misappropriated by you, as it appears, then you have an extremely serious problem on your hands.

I need to hear from you why you feel it was appropriate to share this type of information (below), and why we should not use every remedy available to vigilantly protect AGI's interests and recover damages from you. You know how to reach me, and if I don't hear from you by end of business tomorrow, this issue will be dealt with exclusively through the appropriate civil and criminal channels.

-c

Christopher Smith
AGI
http://www.agitraining.com

-----Original Message-----

**From:** cleinbach@comcast.net
**Date:** Mon, 02 Aug 2004 12:52:24 +0000
**To:** Judeann Stipe <sales@acquiredlearning.com>
**Subject:** Re: Harley Contact

> His name is Dale Toomey.

> dale.toomey@harley-davidson.com

> 1425 Eden Road
> York, PA 17402
> 717-852-6713

> They mentioned in passing something about Flash training in the future. They have an
> Illustrator session left at AGI, which I am not teaching. I'm not sure who is assigned to that
> one. I tried to access my schedule to update it, but it won't let me.

> Good talking with you, as well. Good luck to all of you. I wish you only the best!

8/4/2005

--
Carl Leinbach
cleinbach@comcast.net

-------------- Original message --------------

> Hi Carl,
>
> It was nice talking with you the other day.
> I am looking forward to working with you again soon!
>
> Please email me the Harley contact info you have.
>
> Talk with you soon.
>
> Judeann
>

**EXHIBIT 4**

-----Original Message-----
From: Christopher Smith [mailto:csmith@agitraining.com]
Sent: Friday, August 05, 2005 12:59 PM
To: 'Carl Leinbach'
Subject: agreement and affidavit

Hey Carl,

Attached are the documents I mentioned.

The agreement protects you from anything you've disclosed in the affidavit. If there are other things that you think need to be included, they should be included here and I'll get our attorney to update the affidavit and you'll get complete protection against anything that in hindsight you think should not have been sent, said, or shared. If there is more, I'd like to get everything out in the open at one time and provide a blanket absolution for you.

Otherwise, please print and sign two copies of these – one of them also needs to be notarized – and return them to me. Once signed, please fax a copy to: 781 376 6047 and ship the originals to: AGI, 444 Washington Street, Suite 412, Woburn, MA 01801 (if you want you can use our FedEx
account: 198226033). I'll then counter-sign and return a copy to you via FedEx for your records.

Have a great weekend. We're going blueberry picking, which I'm sure will be messy.

-c

AGREEMENT

AGREEMENT dated this ___ day of August, 2005 by and between American Graphics Institute, Inc., a Massachusetts corporation, having a place of business at 444 Washington Street, Suite 412, Woburn, Massachusetts 01801-1072 (hereinafter "AGI") and Carl Leinbach, residing at 857 Clay Ave in Langhorne, Pennsylvania (hereinafter "Leinbach").

WHEREAS, AGI is a plaintiff in litigation Civil Action No. 04-12611 JLT in the U.S. District Court of Massachusetts with defendants Acquired Learning Institute, Inc., System Solutions, Inc., Judeann Stipe, Clark Edwards, Dean Novosat, and Richard Wein (hereinafter "ALI Litigation");

WHEREAS, AGI would like Leinbach's assistance in the ALI Litigation;

WHEREAS, Leinbach in collaboration with certain defendants in the ALI Litigation engaged in certain conduct that was harmful to AGI;

WHEREAS, Lienbach has provided information relevant to the ALI Litigation and has set forth that information in the attached affidavit (the "Affidavit") hereinafter incorporated by reference;

WHEREAS, in consideration for Leinbach's complete cooperation in the ALI Litigation, AGI to agrees to provide him with a covenant not to sue as set forth below; and

WHEREAS, the parties wish to resolve all outstanding issues between them;

NOW THEREFORE, in consideration of these premises, the parties agree as follows:

1.    AGI agrees to release Leinbach from any and all liability arising out of the Affidavit.

2.    AGI agrees to forbear from bringing any lawsuit, cause of action, or legal proceeding against Leinbach arising out of his conduct set forth in the Affidavit.

3.    Leinbach agrees to execute the Affidavit attached herein.

4.    Leinbach further agrees to provide AGI with full cooperation in the ALI Litigation, including but not limited to, providing supplemental affidavits, trial testimony, and depositions.

5.    Lienbach expressly waives any and all claims of confidentiality and privilege, with respect to any information, knowledge, and communications about ALI, and the relationship between himself and ALI, which he possesses or comes to possess during the course of the ALI Litigation.

6.     Leinbach agrees to not accept employment from ALI, whether as a contractor or employee, during the course of the ALI Litigation.

7.     The parties understand and agree that the terms of this Agreement are confidential, and that the parties, including their officers, directors, employees, shareholders, terms of this Agreement to any other party, person, or entity, except pursuant to written consent of the parties or as required by law or a court order.

8.     The parties agree to act in a commercially reasonable manner with respect to the confidentiality of the terms of the Agreement

9.     This Agreement shall be governed and construed in accordance with the laws of the Commonwealth of Massachusetts. The parties hereto consent to the jurisdiction of the federal courts located in the Commonwealth of Massachusetts and agree that any action related to this Agreement and its enforcement shall be commenced in the United States District Court for the District of Massachusetts or, if there is no federal subject matter or diversity jurisdiction, in a state court in the Commonwealth of Massachusetts.

10.     The parties hereto agree that this Agreement constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof. No oral statement or prior or contemporaneous written matter, extrinsic to this Agreement or the aforesaid documents, shall have any force or effect in derogation or modification of the provisions hereof, and none of the parties hereto has relied or shall rely on any representations other than those expressly set forth herein. No modification or waiver hereof shall be valid unless in writing signed by all parties or their authorized representatives.

11.     In the event any part of this Agreement shall be held to be invalid, the same shall to be valid and binding. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective agents, representatives, successors, heirs, and assigns.

12.     All notifications required to be made under this Agreement shall be made by e-mail and mail as follows, unless written notice is given of a change:

To AGI:

President
American Graphics Institute
444 Washington Street
Woburn MA 01801
Telephone 781-376-6044
Email  csmith@agitraining.com

To Leinbach:
>    Carl Leinbach
>    857 Clay Ave
>    Langhorne, Pennsylvania
>    Telephone    215-752-9054
>    Email  cleinbach@comcast.net

13.    This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument; but in proving this Agreement, it shall not be necessary to introduce any more than one of such counterparts.

IN WITNESS WHEREOF, the parties hereto cause this Agreement to be executed as of the date first set forth above by their duly authorized representatives and the parties represent and warrant that upon execution of the Agreement it will be binding upon them.

**American Graphics Institute, Inc.**            **Carl Leinbach**

By_____            By_____

Title_____

566883

**EXHIBIT 5**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS INSTITUTE, INC.
and CHRISTOPHER SMITH,

        Plaintiffs,

v.

ACQUIRED LEARNING, INC., SYSTEMS
SOLUTION, INC., JUDEANN STIPE, DEAN
NOVOSAT, CLARK EDWARDS and
RICHARD WEIN,

        Defendants.

Civil Action No. 04-12611 JLT

## AFFIDAVIT OF CARL LEINBACH

STATE OF PENNSYLVANIA   )
                      :ss.:
COUNTY OF BUCKS        )

Carl Leinbach states under oath as follows:

1.      I reside at 857 Clay Ave in Langhorne, Pennsylvania.

2.      I currently provide contracting services as an instructor delivering software training. I provide contract services for training firms, including plaintiff American Graphics Institute, Inc. ("AGI").

3.      AGI is engaged in the business of providing consulting services and computer training courses. AGI specializes in providing software applications training for the Internet, print and video publishing and communications industries.

4.      AGI has training facilities throughout the country in, for example, Pennsylvania, New York and Massachusetts.

**AGI's Confidential Customer Scheduling Database**

5.      From November 2000 through September 2001, I had worked full-time as an instructor in software training for AGI at its Blue Bell facility in Pennsylvania.

6.      AGI has extensive client contacts, including client contacts at fortune five hundred companies, print, video and internet publishing companies, law firms, technology companies and universities.

7.      As an employee of AGI, I was required to have contacts with customers as part of my duties. As such, I was provided with scheduling software and secure login information to access AGI's confidential customer scheduling database. I needed to access AGI's confidential customer scheduling database because AGI used this database to record important information about its customers' specific contact persons and scheduling information for courses.

8.      AGI's confidential customer scheduling database provided, among other things, direct customer contacts, including the name of the person in charge of discussing training services at the company, as well as that person's e-mail, telephone number and address. The database also included information about the dates on which services were scheduled, and the specific needs requested by each particular customer.

9.      I understood that the information contained within AGI's confidential customer scheduling database was proprietary and confidential to AGI.

10.     Although I worked as a course instructor, my true passion has been photography, and I now work full time as a photographer.

11.     In September 2001, I left full-time employee at AGI, and focused primarily on my photography business. I continued to work for AGI on a contracting basis.

12.     AGI allowed me to continue to have access to its confidential customer scheduling database while I was a contractor because I still needed to be able to access the customer information in order to provide contracting services for AGI and its customers.

13.     Because I was a contractor, and no longer a full time employee, I began providing training services to companies other than AGI.

14.     Even though I was working for other companies, I still regarded AGI's confidential customer database as confidential to AGI.

**Judeann Stipe Asked Me to Send Her AGI's Confidential Customer Information**

15.     In the summer of 2004, defendant Judeann Stipe of Acquired Learning, Inc. ("Acquired") contacted me and asked me to send her confidential customer information that belonged to AGI.

16.     For example, attached as Exhibit A is a true and accurate copy of e-mail correspondence I had with Ms. Stipe, in which she requests in an August 1, 2004 e-mail that I send her customer contact information for Harley-Davidson, Inc., an AGI client for whom I was delivering training on behalf of AGI as a contract instructor.

17.     It was my understanding that because Ms. Stipe had also worked for AGI previously, she knew how valuable and confidential AGI's customer information was to AGI.

18.     It was further my understanding that Ms. Stipe wanted the contact information for Harley-Davidson so that she could try to make a sale on behalf of AGI's competitor, Acquired.

19.     In order for Acquired to position itself for a sale, it requires the direct customer contact, such as a person's name at the company and an address, phone number, or e-mail.   In addition, it is preferable that Acquired knows what kind of course instruction is of interest to the

- 3 -

particular customer. This is exactly the kind of information that Ms. Stipe requested me to send her for Harley-Davidson, while she was with Acquired.

20.    It was my understanding that Ms. Stipe expected me to provide her with information found in AGI's confidential customer scheduling database and to send to her AGI's confidential customer information for Harley-Davidson.

21.    In response to Ms. Stipe's August 1, 2004 e-mail, I accessed AGI's confidential customer schedule by executing AGI's scheduling software. I accessed the confidential customer record for Harley-Davidson. I copied the relevant customer information for Harley-Davidson and sent it to Ms. Stipe in reply to her August 1, 2004 e-mail.

22.    Specifically, in reply to Ms. Stipe's August 1, 2004 e-mail, I sent Ms. Stipe the name of AGI's customer contact at Harley-Davidson, his e-mail address, his physical address and his telephone number. In addition, I sent Ms. Stipe information about the types of AGI courses Harley-Davidson had received from AGI in the past, and the types of AGI courses Harley-Davidson wanted to receive from AGI in the future. I also sent Ms. Stipe information about the AGI instructors that were handling the courses.


_____
Carl Leinbach

Signed under oath before me
this _____ day of August, 2005.


_____
Notary Public
My commission expires:

Dated: August ___, 2005
566722

- 4 -

Exhibit A

**From:** cleinbach@comcast.net
**Date:** Mon, 02 Aug 2004 12:52:24 +0000
**To:** Judeann Stipe <sales@acquiredlearning.com>
**Subject:** Re: Harley Contact

His name is Dale Toomey.

dale.toomey@harley-davidson.com

1425 Eden Road
York, PA 17402
717-852-6713

They mentioned in passing something about Flash training in the future. They have an Illustrator session left at AGI, which I am not teaching. I'm not sure who is assigned to that one. I tried to access my schedule to update it, but it won't let me.

Good talking with you, as well. Good luck to all of you. I wish you only the best!

--
Carl Leinbach
cleinbach@comcast.net
-------------- Original message --------------

> Hi Carl,
>
> It was nice talking with you the other day.
> I am looking forward to working with you again soon!
>
> Please email me the Harley contact info you have.
>
> Talk with you soon.
>
> Judeann
>

-----Original Message-----
From: Judeann Stipe [mailto:sales@acquiredlearning.com]
Sent: Sunday, August 01, 2004 9:53 PM
To: Carl Leinbach
Subject: Harley Contact

Hi Carl,

It was nice talking with you the other day.
I am looking forward to working with you again soon!

Please email me the Harley contact info you have.

Talk with you soon.
Judeann

**EXHIBIT 6**

Hatboro, PA 19040

PA & NJ Bars                                         Phone:   215-442-5540
Licensed Since 1990                                 Fax:     215-442-5542
                                                    DonSolomonLaw@aol

                            August 8, 2005
Attention: Giovanna Fasennden, Esquire     Attention: Jason Morgan, Esquire
Hamilton, Brook, Smith & Reynolds, P.C.    Drohan, Hughes, Tocchio & Morgan
530 Virginia Road                          175 Derbey Street, Suite 30
Concord, MA 01742-9133                     Hingham MA 02043


          RE:    American Graphics Institute, Inc. vs. Acquired Learning Institute, Inc., et.al
                 Venue:         U.S. District Court of Massachusetts
                 Court Term and Number: 04-12611 JTL
                 My Client:     Carl Leinbach


Dear Ms. Fasennden & Mr. Morgan:

       Please be aware that I have been retained as personal counsel for Mr. Carl Leinbach,
identified herein above.  It is apparent that my client may be called upon to be a fact witness in
the above named litigation presently pending and as such he has been contacted by parties and/or
counsel in regard to said testimony.

       To date Mr. Leinbach has been cooperative in providing any and all information he has at
his disposal in regard to the matter pending above.  Additionally, Mr. Leinbach intends to
continue to make himself available as necessary for all parties herein.  Please merely schedule
and or request all information from this date forward from the undersigned rather than Mr.
Leinbach directly.

       Your courtesy and cooperation is greatly appreciated.


                              Very truly yours,
                     Law Offices of Don J. Solomon


                     Don J. Solomon, Esquire


js:
cc:    Mr. Carl Leinbach

**EXHIBIT 7**

```
------ Forwarded Message
From: "Carl Leinbach" <cleinbach@comcast.net>
Date: Thu, 14 Jul 2005 09:36:21 -0400
To: "'Judeann Stipe'" <jstipe@acquiredlearning.com>
Subject: RE: Training
```

Jude-

First of all, thank you for the phone call yesterday and the email this morning. I feel terrible that more junk is headed your way.

August 4-12, 25-31 is my availability for August, should you have nobody else to do it. In between there I have a couple football leagues and college football teams to photograph and produce, not to mention my next promotion for children, which I have to be around to field phone calls and shoot.

I wish I could say that overnight has changed my thought process on continuing to do freelance training, but it was a rather restless night, and I feel no different today, probably more so than yesterday. I need to eradicate this BS from my life. It's not healthy. I know my dealings with Mr. S. and portions of the troubles are miniscule compared to yours, but I can do something about it. Perhaps this will be good for the direction of my photography business in that I won't be splitting my time between two masters.

If you have someone else for Chiat Day, I would appreciate them going in. In everything I do I want to produce the best possible product I can, and if my heart isn't into it, I don't think I can do that. That's not fair to your company. I want you guys to succeed, and succeed well. I never want to give your company a bad review or a black eye. If my heart isn't into it, I can't give your clients the training they deserve, and your company the reputation it deserves.

I hope you understand. I think you do, I want my life and business to be about looking forward, not back over my shoulder.

1

CARL LEINBACH
Premiere Imaging
PremiereImaging@comcast.net
http://www.PremiereImaging.com


-----Original Message-----
From: Judeann Stipe [mailto:jstipe@acquiredlearning.com]
Sent: Thursday, July 14, 2005 9:09 AM
To: Carl Leinbach
Subject: Training


Hi Carl,

I hope that you decide to continue to work with us as an instructor. I think that you are
too good at what you do to let someone try and take that from you. Remember, he is only
after you because you stood up to him in your previous emails. You did nothing wrong and
the truth will come out in the end.

Please let me know available dates for Chiat Day, if you want to.

Thanks,
--
Judeann Stipe
Acquired Learning
1861 Charter Lane
Lancaster, PA 17605-0803
www.acquiredlearning.com
Main #717.735.3850
Cell #717.725.2343



*************************************************************************
This communication is confidential and may be legally privileged.  If you are not the
intended recipient, please do not read or disclose to others, please notify the sender by
reply mail, and please delete this communication from your system.  Failure to follow this
process may be unlawful. Thank you for your cooperation.



------ End of Forwarded Message

2

**EXHIBIT 8**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTHERN NEW YORK

AMERICAN GRAPHICS INSTITUTE, INC. and
CHRISTOPHER SMITH,

       v.

ACQUIRED LEARNING, INC., SYSTEMS
SOLUTION, INC., JUDEANN STIPE, DEAN
NOVASAT, CLARK EDWARDS, and
RICHAR WEIN

# SUBPOENA IN A CIVIL CASE

CASE NUMBER[1]: Civil Action No. 04-12611-JLT
    Judge Joseph L. Tauro
    U.S. District Court for the District of Massachusetts

TO:    **Colgate University**
        **13 Oak Drive**
        **Hamilton, NY 13346**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Hamilton, Brook, Smith & Reynolds, P.C. | **July 15, 2005** |
| 530 Virginia Road | **9:00 a.m.** |
| P.O. Box 9133 | |
| Concord, Massachusetts 01742-9133 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Giovanna H. Fessenden, Attorney for Plaintiffs | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Giovanna Fessenden, Esq., Hamilton, Brook, Smith & Reynolds, P.C., 530 Virginia Road, Concord, Massachusetts
01742-9133, (978) 341-0036

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on_____
        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A
### Definitions and Instructions

1.    As used herein, the term "document" shall mean all written, recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in whatever medium it is maintained (paper, magnetic tape, electronic or optical recording, including e-mail, video recordings, computer files or disks, etc). Documents to be produced include the originals of all documents, plus all drafts of any requested document and all copies of any requested document, by whatever means made, which bear any marking or other notation or differ in any way from the original. Each electronic document shall be produced in its native format, with all original file creation and print dates preserved. For example, an e-mail should be produced electronically in its native format, such as ".pst" or ".msg" format. Where a document is in both hardcopy and electronic formats, all copies of both formats shall be produced.

2.    As used herein, the terms "you" and "your" shall refer to Colgate University and any of its employees, agents, representatives, attorneys, servants, successors, assigns and others who have acted on its behalf.

3.    As used herein, the term "ALI" shall refer to defendant Acquired Learning, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

4.    As used herein, the term "SSI" shall refer to defendant Systems Solution, Inc. and any of its officers, directors, employees, agents, representatives, attorneys,

servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

5.     As used herein, the terms "electronic data," "electronic document," and "electronic documents" shall mean any and all information stored on media that may be accessed by a computer, including but not limited to any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files on the media.

6.     As used herein, the phrase "course materials" shall mean any and all documents and electronic data that reflect or relate to any training literature, curriculum, handouts, electronic lesson files, study guides, books, exercises, and other documents used in any computer training courses or computer consulting services.

7.     As used herein, the phrase "training services" shall mean any courses, education, instruction and consulting services related to computers, software, and electronic and print publishing.

8.     As used herein, the terms "communication" or "communications" include, but are not limited to, written communications and oral communications, of any sort, and any document containing records that reflect or relate to any communication, including but not limited, to sound recordings and transcripts thereof, letters, telegrams, faxes, e-mails, notes and memoranda of meetings or conversations.

9.     All documents filed in an identifiable folder, or identifiable as filed in a labeled or named file or filing subdivision, shall be produced together with the file folder, label, name or subdivision in the order in which they occur in the file.

from production pursuant to the work-product doctrine or the attorney-client privilege,

please identify each document as follows: (a) the date of the document; (b) a description

persons known to have received the document, and (c) the name(s) and address(es) of all

withholding the document.

11.     Each of the words "and" and "or" shall be all inclusive of the other, and

shall be taken in the conjunctive as well as the disjunctive, and shall be construed to bring

the maximum number of documents within the scope of this Schedule A.

the other, and shall be construed to bring the maximum number of documents within the

scope of this Schedule A.

1.     Any and all documents and electronic data concerning, referring to, or

constituting communications, including but not limited to any e-mails, letters, bills, or

correspondence between you and ALI, SSI, Judeann Stipe, Dean Novosat, Clark

Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

2.     Any and all documents and electronic data concerning, referring to, or

constituting course materials you received from ALI, SSI, Judeann Stipe, Dean Novosat,

Clark Edwards, Richard Wein, or Carl Leinbach

2005.

3.     Any and all documents and electronic data concerning, referring to, or

evidencing any training services you received from ALI, SSI, Judeann Stipe, Dean

3

Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

4.      Any and all documents and electronic data concerning, referring to, or constituting a list of attendees who received training services by ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

5.      Any and all documents and electronic data concerning, referring to, or constituting any marketing materials you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

6.      Any and all documents and electronic data concerning, referring to, or constituting financial records, including but not limited to, receipts, invoices, and cancelled checks, related to goods or services you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

560392_1.DOC

4

**EXHIBIT 9**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

AMERICAN GRAPHICS INSTITUTE, INC. and
CHRISTOPHER SMITH,

                    v.

ACQUIRED LEARNING, INC., SYSTEMS
SOLUTION, INC., JUDEANN STIPE, DEAN
NOVASAT, CLARK EDWARDS, and
RICHAR WEIN

# SUBPOENA IN A CIVIL CASE

CASE NUMBER[1]: Civil Action No. 04-12611-JLT
Judge Joseph L. Tauro
U.S. District Court for the District of Massachusetts

TO:    **Educational Testing Service, Inc.
       Rosedale Road
       Princeton, NJ 08541**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

                              See Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Hamilton, Brook, Smith & Reynolds, P.C.<br>530 Virginia Road<br>P.O. Box 9133<br>Concord, Massachusetts 01742-9133 | **July 15, 2005<br>9:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Giovanna H. Fessenden, Attorney for Plaintiffs | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Giovanna Fessenden, Esq., Hamilton, Brook, Smith & Reynolds, P.C., 530 Virginia Road, Concord, Massachusetts 01742-9133, (978) 341-0036

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A
### Definitions and Instructions

1.    As used herein, the term "document" shall mean all written, recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in whatever medium it is maintained (paper, magnetic tape, electronic or optical recording, including e-mail, video recordings, computer files or disks, etc). Documents to be produced include the originals of all documents, plus all drafts of any requested document and all copies of any requested document, by whatever means made, which bear any marking or other notation or differ in any way from the original. Each electronic document shall be produced in its native format, with all original file creation and print dates preserved. For example, an e-mail should be produced electronically in its native format, such as ".pst" or ".msg" format. Where a document is in both hardcopy and electronic formats, all copies of both formats shall be produced.

2.    As used herein, the terms "you" and "your" shall refer to Educational Testing Service, Inc. and any of its employees, agents, representatives, attorneys, servants, successors, assigns and others who have acted on its behalf.

3.    As used herein, the term "ALI" shall refer to defendant Acquired Learning, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

4.    As used herein, the term "SSI" shall refer to defendant Systems Solution, Inc. and any of its officers, directors, employees, agents, representatives, attorneys,

servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

5.     As used herein, the terms "electronic data," "electronic document," and "electronic documents" shall mean any and all information stored on media that may be accessed by a computer, including but not limited to any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files on the media.

6.     As used herein, the phrase "course materials" shall mean any and all documents and electronic data that reflect or relate to any training literature, curriculum, handouts, electronic lesson files, study guides, books, exercises, and other documents used in any computer training courses or computer consulting services.

7.     As used herein, the phrase "training services" shall mean any courses, education, instruction and consulting services related to computers, software, and electronic and print publishing.

8.     As used herein, the terms "communication" or "communications" include, but are not limited to, written communications and oral communications, of any sort, and any document containing records that reflect or relate to any communication, including but not limited, to sound recordings and transcripts thereof, letters, telegrams, faxes, e-mails, notes and memoranda of meetings or conversations.

9.     All documents filed in an identifiable folder, or identifiable as filed in a labeled or named file or filing subdivision, shall be produced together with the file folder, label, name or subdivision in the order in which they occur in the file.

2

from production pursuant to the work-product doctrine of the attorney client privilege,

please identify each document as follows:  (a) the date of the document; (b) a description

of the document; (c) the author(s) of the document; (d) the name(s) and address(es) of all

withholding the document.

11.    Each of the words "and" and "or" shall be all inclusive of the other, and shall be taken in the conjunctive as well as the disjunctive, and shall be construed to bring

the maximum number of documents within the scope of this Schedule A.

12.    The singular and the plural use of any word herein shall be all inclusive of

the singular and the plural including the maximum number of documents within the

scope of this Schedule A.

1.    Any and all documents and electronic data concerning, referring to, or

constituting communications, including but not limited to any e-mails, letters, bills, or correspondence between you and ALI, SSI, Judeann Stipe, Dean Novosat, Clark

Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

2.    Any and all documents and electronic data concerning, referring to, or

constituting communications received from ALI, SSI, Judeann Stipe, Dean Novosat,

Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

3

3.    Any and all documents and electronic data concerning, referring to, or evidencing any training services you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

4.    Any and all documents and electronic data concerning, referring to, or constituting a list of attendees who received training services by ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

5.    Any and all documents and electronic data concerning, referring to, or constituting any marketing materials you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

6.    Any and all documents and electronic data concerning, referring to, or constituting financial records, including but not limited to, receipts, invoices, and cancelled checks, related to goods or services you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

558925_1.DOC

4

**EXHIBIT 10**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

AMERICAN GRAPHICS INSTITUTE, INC. and
CHRISTOPHER SMITH,

v.

ACQUIRED LEARNING, INC., SYSTEMS
SOLUTION, INC., JUDEANN STIPE, DEAN
NOVASAT, CLARK EDWARDS, and
RICHAR WEIN

## SUBPOENA IN A CIVIL CASE

CASE NUMBER[1]: Civil Action No. 04-12611-JLT
Judge Joseph L. Tauro
U.S. District Court for the District of Massachusetts

TO:    **The Monotype Composition Company, Inc.**
       **2050 Rockrose Avenue**
       **Baltimore, MD 21211**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Hamilton, Brook, Smith & Reynolds, P.C.<br>530 Virginia Road<br>P.O. Box 9133<br>Concord, Massachusetts 01742-9133 | **July 15, 2005**<br>**9:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Giovanna H. Fessenden, Attorney for Plaintiffs | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Giovanna Fessenden, Esq., Hamilton, Brook, Smith & Reynolds, P.C., 530 Virginia Road, Concord, Massachusetts
01742-9133, (978) 341-0036

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1]If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A
### Definitions and Instructions

1.     As used herein, the term "document" shall mean all written, recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in whatever medium it is maintained (paper, magnetic tape, electronic or optical recording, including e-mail, video recordings, computer files or disks, etc). Documents to be produced include the originals of all documents, plus all drafts of any requested document and all copies of any requested document, by whatever means made, which bear any marking or other notation or differ in any way from the original. Each electronic document shall be produced in its native format, with all original file creation and print dates preserved. For example, an e-mail should be produced electronically in its native format, such as ".pst" or ".msg" format. Where a document is in both hardcopy and electronic formats, all copies of both formats shall be produced.

2.     As used herein, the terms "you" and "your" shall refer to The Monotype Composition Company, Inc. and any of its employees, agents, representatives, attorneys, servants, successors, assigns and others who have acted on its behalf.

3.     As used herein, the term "ALI" shall refer to defendant Acquired Learning, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

4.     As used herein, the term "SSI" shall refer to defendant Systems Solution, Inc. and any of its officers, directors, employees, agents, representatives, attorneys,

servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

5.    As used herein, the terms "electronic data," "electronic document," and "electronic documents" shall mean any and all information stored on media that may be accessed by a computer, including but not limited to any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files on the media.

6.    As used herein, the phrase "course materials" shall mean any and all documents and electronic data that reflect or relate to any training literature, curriculum, handouts, electronic lesson files, study guides, books, exercises, and other documents used in any computer training courses or computer consulting services.

7.    As used herein, the phrase "training services" shall mean any courses, education, instruction and consulting services related to computers, software, and electronic and print publishing.

8.    As used herein, the terms "communication" or "communications" include, but are not limited to, written communications and oral communications, of any sort, and any document containing records that reflect or relate to any communication, including but not limited, to sound recordings and transcripts thereof, letters, telegrams, faxes, e-mails, notes and memoranda of meetings or conversations.

9.    All documents filed in an identifiable folder, or identifiable as filed in a labeled or named file or filing subdivision, shall be produced together with the file folder, label, name or subdivision in the order in which they occur in the file.

2

10.     Should you assert that any of the documents requested may be withheld from production pursuant to the work-product doctrine or the attorney-client privilege, please identify each document as follows: (a) the date of the document; (b) a description of the document; (c) the author(s) of the document; (d) the name(s) and address(es) of all persons known to have received the document; and (e) the factual and legal basis for withholding the document.

11.     Each of the words "and" and "or" shall be all inclusive of the other, and shall be taken in the conjunctive as well as the disjunctive, and shall be construed to bring the maximum number of documents within the scope of this Schedule A.

12.     The singular and the plural use of any word herein shall be all inclusive of the other, and shall be construed to bring the maximum number of documents within the scope of this Schedule A.

## Documents to be Produced

1.     Any and all documents and electronic data concerning, referring to, or constituting communications, including but not limited to any e-mails, letters, bills, or correspondence between you and ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

2.     Any and all documents and electronic data concerning, referring to, or constituting course materials you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

3.     Any and all documents and electronic data concerning, referring to, or evidencing any training services you received from ALI, SSI, Judeann Stipe, Dean

3

Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

4.    Any and all documents and electronic data concerning, referring to, or constituting a list of attendees who received training services by ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

5.    Any and all documents and electronic data concerning, referring to, or constituting any marketing materials you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

6.    Any and all documents and electronic data concerning, referring to, or constituting financial records, including but not limited to, receipts, invoices, and cancelled checks, related to goods or services you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

560404_1.DOC

4

**EXHIBIT 11**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

AMERICAN GRAPHICS INSTITUTE, INC. and
CHRISTOPHER SMITH,

v.

ACQUIRED LEARNING, INC., SYSTEMS
SOLUTION, INC., JUDEANN STIPE, DEAN
NOVASAT, CLARK EDWARDS, and
RICHAR WEIN

## SUBPOENA IN A CIVIL CASE

CASE NUMBER[1]: Civil Action No. 04-12611-JLT
Judge Joseph L. Tauro
U.S. District Court for the District of Massachusetts

TO:     **MBNA Corporation**
        **1100 N. King Street**
        **Wilmington, DE 19884**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Hamilton, Brook, Smith & Reynolds, P.C. | **July 15, 2005** |
| 530 Virginia Road | **9:00 a.m.** |
| P.O. Box 9133 | |
| Concord, Massachusetts 01742-9133 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Giovanna H. Fessenden, Attorney for Plaintiffs | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Giovanna Fessenden, Esq., Hamilton, Brook, Smith & Reynolds, P.C., 530 Virginia Road, Concord, Massachusetts 01742-9133, (978) 341-0036

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1]**If action is pending in district other than district of issuance, state district under case number.**

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on_____
　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A
## Definitions and Instructions

1.    As used herein, the term "document" shall mean all written, recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in whatever medium it is maintained (paper, magnetic tape, electronic or optical recording, including e-mail, video recordings, computer files or disks, etc). Documents to be produced include the originals of all documents, plus all drafts of any requested document and all copies of any requested document, by whatever means made, which bear any marking or other notation or differ in any way from the original. Each electronic document shall be produced in its native format, with all original file creation and print dates preserved. For example, an e-mail should be produced electronically in its native format, such as ".pst" or ".msg" format. Where a document is in both hardcopy and electronic formats, all copies of both formats shall be produced.

2.    As used herein, the terms "you" and "your" shall refer to MBNA Corporation and any of its employees, agents, representatives, attorneys, servants, successors, assigns and others who have acted on its behalf, including but not limited to any employees at the MBNA graphics department in Wilmington, Delaware.

3.    As used herein, the term "ALI" shall refer to defendant Acquired Learning, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

4.    As used herein, the term "SSI" shall refer to defendant Systems Solution, Inc. and any of its officers, directors, employees, agents, representatives, attorneys,

servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

5.    As used herein, the terms "electronic data," "electronic document," and "electronic documents" shall mean any and all information stored on media that may be accessed by a computer, including but not limited to any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files on the media.

6.    As used herein, the phrase "course materials" shall mean any and all documents and electronic data that reflect or relate to any training literature, curriculum, handouts, electronic lesson files, study guides, books, exercises, and other documents used in any computer training courses or computer consulting services.

7.    As used herein, the phrase "training services" shall mean any courses, education, instruction and consulting services related to computers, software, and electronic and print publishing.

8.    As used herein, the terms "communication" or "communications" include, but are not limited to, written communications and oral communications, of any sort, and any document containing records that reflect or relate to any communication, including but not limited, to sound recordings and transcripts thereof, letters, telegrams, faxes, e-mails, notes and memoranda of meetings or conversations.

9.    All documents filed in an identifiable folder, or identifiable as filed in a labeled or named file or filing subdivision, shall be produced together with the file folder, label, name or subdivision in the order in which they occur in the file.

2

10.     Should you assert that any of the documents requested may be withheld from production pursuant to the work-product doctrine or the attorney-client privilege, please identify each document as follows: (a) the date of the document; (b) a description of the document; (c) the author(s) of the document; (d) the name(s) and address(es) of all persons known to have received the document; and (e) the factual and legal basis for withholding the document.

11.     Each of the words "and" and "or" shall be all inclusive of the other, and shall be taken in the conjunctive as well as the disjunctive, and shall be construed to bring the maximum number of documents within the scope of this Schedule A.

12.     The singular and the plural use of any word herein shall be all inclusive of the other, and shall be construed to bring the maximum number of documents within the scope of this Schedule A.

## Documents to be Produced

1.     Any and all documents and electronic data concerning, referring to, or constituting communications, including but not limited to any e-mails, letters, bills, or correspondence between you and ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

2.     Any and all documents and electronic data concerning, referring to, or constituting course materials you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

3.     Any and all documents and electronic data concerning, referring to, or evidencing any training services you received from ALI, SSI, Judeann Stipe, Dean

3

Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

    4.    Any and all documents and electronic data concerning, referring to, or constituting a list of attendees who received training services by ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

    5.    Any and all documents and electronic data concerning, referring to, or constituting any marketing materials you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

    6.    Any and all documents and electronic data concerning, referring to, or constituting financial records, including but not limited to, receipts, invoices, and cancelled checks, related to goods or services you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from January 1, 2004 through the July 1, 2005.

560391_1.DOC

4

**EXHIBIT 12**

}.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

AMERICAN GRAPHICS INSTITUTE, INC. and
CHRISTOPHER SMITH,

v.

ACQUIRED LEARNING, INC., SYSTEMS
SOLUTION, INC., JUDEANN STIPE, DEAN
NOVASAT, CLARK EDWARDS, and
RICHAR WEIN

## SUBPOENA IN A CIVIL CASE

CASE NUMBER[1]: Civil Action No. 04-12611-JLT
Judge Joseph L. Tauro
U.S. District Court for the District of Massachusetts

TO:   **Brian Reese**
**1801 Wagon Wheel Ct.**
**Freehold, NJ 07728**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Hamilton, Brook, Smith & Reynolds, P.C.<br>530 Virginia Road<br>P.O. Box 9133<br>Concord, Massachusetts 01742-9133 | **July 22, 2005**<br>**9:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Giovanna H. Fessenden, Attorney for Plaintiffs | 7/12/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Giovanna Fessenden, Esq., Hamilton, Brook, Smith & Reynolds, P.C., 530 Virginia Road, Concord, Massachusetts 01742-9133, (978) 341-0036

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1]If action is pending in district other than district of issuance, state district under case number.

## Schedule A
## Definitions and Instructions

1.      As used herein, the term "document" shall mean all written, recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in whatever medium it is maintained (paper, magnetic tape, electronic or optical recording, including e-mail, video recordings, computer files or disks, etc). Documents to be produced include the originals of all documents, plus all drafts of any requested document and all copies of any requested document, by whatever means made, which bear any marking or other notation or differ in any way from the original. Each electronic document shall be produced in its native format, with all original file creation and print dates preserved. For example, an e-mail should be produced electronically in its native format, such as ".pst" or ".msg" format. Where a document is in both hardcopy and electronic formats, all copies of both formats shall be produced.

2.      As used herein, the terms "you" and "your" shall refer to Brian Reese and any of his employees, agents, representatives, attorneys, servants, successors, assigns and others who have acted on his behalf.

2.      As used herein, the term "ALI" shall refer to defendant Acquired Learning, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

3.      As used herein, the term "SSI" shall refer to defendant Systems Solution, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

4.      As used herein, the terms "electronic data," "electronic document," and "electronic documents" shall mean any and all information stored on media that may be

accessed by a computer, including but not limited to any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files on the media.

5.      As used herein, the phrase "course materials" shall mean any and all documents and electronic data that reflect or relate to any training literature, curriculum, handouts, electronic lesson files, study guides, books, exercises, and other documents used in any computer training courses or computer consulting services.

6.      As used herein, the phrase "training services" shall mean any courses, education, instruction and consulting services related to computers, software, and electronic and print publishing.

7.      As used herein, the terms "communication" or "communications" includes, but is not limited to, written communications and oral communications, of any sort, and any document containing records that reflect or relate to any communication, including but not limited, to sound recordings and transcripts thereof, letters, telegrams, faxes, e-mails, notes and memoranda of meetings or conversations.

8.      All documents filed in an identifiable folder, or identifiable as filed in a labeled or named file or filing subdivision, shall be produced together with the file folder, label, name or subdivision in the order in which they occur in the file.

9.      Should you assert that any of the documents requested may be withheld from production pursuant to the work-product doctrine or the attorney-client privilege, please identify each document as follows:  (a) the date of the document; (b) a description of the

2

document; (c) the author(s) of the document; (d) the name(s) and address(es) of all persons

known to have received the document; and (e) the factual and legal basis for withholding the

document.

## Documents to be Produced

1.      Any and all documents and electronic data concerning, referring to, or

constituting communications, including but not limited to any e-mails, letters, bills, or

correspondence between you and ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or

Richard Wein from July 1, 2004 through the July 1, 2005.

2.      Any and all documents and electronic data concerning, referring to, or

constituting course materials you received from ALI, SSI, Judeann Stipe, Dean Novosat,

Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

3.      Any and all documents and electronic data concerning, referring to, or

evidencing any training services you provided on behalf of ALI, SSI, Judeann Stipe, Dean

Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

4.      Any and all documents and electronic data concerning, referring to, or

constituting a list of attendees who received any training services you provided on behalf of

ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004

through the July 1, 2005.

5.      Any and all documents and electronic data concerning, referring to, or

constituting any marketing materials you received from ALI, SSI, Judeann Stipe, Dean

Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

3

constituting any consulting services or training services you provided for ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1,

7.      Any and all documents and electronic data concerning, referring to, or constituting any consulting services or training services you provided to Monotype Composition, Inc. from July 1, 2004 through the July 1, 2005.

561773_v.1

4

**EXHIBIT 13**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC. and CHRISTOPHER SMITH, | **SUBPOENA IN A CIVIL CASE** |
| v. | |
| ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVASAT, CLARK EDWARDS, and RICHAR WEIN | CASE NUMBER[1]: Civil Action No. 04-12611-JLT<br>Judge Joseph L. Tauro<br>U.S. District Court for the District of Massachusetts |

TO:    **Sir Speedy Printing**
        **854 N Prince Street**
        **Lancaster, PA 17603**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Hamilton, Brook, Smith & Reynolds, P.C.<br>530 Virginia Road<br>P.O. Box 9133<br>Concord, Massachusetts 01742-9133 | **July 22, 2005**<br>**9:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Giovanna H. Fessenden, Attorney for Plaintiffs | 7/12/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Giovanna Fessenden, Esq., Hamilton, Brook, Smith & Reynolds, P.C., 530 Virginia Road, Concord, Massachusetts 01742-9133, (978) 341-0036

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1]If action is pending in district other than district of issuance, state district under case number.

### Schedule A
### Definitions and Instructions

1.       As used herein, the term "document" shall mean all written, recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in whatever medium it is maintained (paper, magnetic tape, electronic or optical recording, including e-mail, video recordings, computer files or disks, etc). Documents to be produced include the originals of all documents, plus all drafts of any requested document and all copies of any requested document, by whatever means made, which bear any marking or other notation or differ in any way from the original. Each electronic document shall be produced in its native format, with all original file creation and print dates preserved. For example, an e-mail should be produced electronically in its native format, such as ".pst" or ".msg" format. Where a document is in both hardcopy and electronic formats, all copies of both formats shall be produced.

2.       As used herein, the terms "you" and "your" shall refer to Sir Speedy Printing and any of its employees, agents, representatives, attorneys, servants, successors, assigns and others who have acted on its behalf.

2.       As used herein, the term "ALI" shall refer to defendant Acquired Learning, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

3.       As used herein, the term "SSI" shall refer to defendant Systems Solution, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

4.       As used herein, the terms "electronic data," "electronic document," and "electronic documents" shall mean any and all information stored on media that may be

accessed by a computer, including but not limited to any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files on the media.

5.      As used herein, the phrase "course materials" shall mean any and all documents and electronic data that reflect or relate to any training literature, curriculum, handouts, electronic lesson files, study guides, books, exercises, and other documents used in any computer training courses or computer consulting services.

6.      As used herein, the phrase "training services" shall mean any courses, education, instruction and consulting services related to computers, software, and electronic and print publishing.

7.      As used herein, the terms "communication" or "communications" includes, but is not limited to, written communications and oral communications, of any sort, and any document containing records that reflect or relate to any communication, including but not limited, to sound recordings and transcripts thereof, letters, telegrams, faxes, e-mails, notes and memoranda of meetings or conversations.

8.      All documents filed in an identifiable folder, or identifiable as filed in a labeled or named file or filing subdivision, shall be produced together with the file folder, label, name or subdivision in the order in which they occur in the file.

9.      Should you assert that any of the documents requested may be withheld from production pursuant to the work-product doctrine or the attorney-client privilege, please identify each document as follows:  (a) the date of the document; (b) a description of the

2

document; (c) the author(s) of the document; (d) the name(s) and address(es) of all persons known to have received the document; and (e) the factual and legal basis for withholding the document.

## Documents to be Produced

1.      Any and all documents and electronic data concerning, referring to, or constituting communications, including but not limited to any e-mails, letters, bills, or correspondence between you and ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from July 1, 2004 through the July 1, 2005.

2.      Any and all documents and electronic data concerning, referring to, or constituting any addresses, mailing lists, customer lists, client lists, customer profiles, e-mail lists, customer contacts, or any contact information used in bulk mailing postal forms you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from July 1, 2004 through the July 1, 2005.

3.      Any and all documents and electronic data concerning, referring to, or constituting any addresses, mailing lists, customer lists, client lists, customer profiles, e-mail lists, customer contacts, or any contact information used in bulk mailing postal forms you manage for ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from July 1, 2004 through the July 1, 2005.

4.      Any and all documents and electronic data concerning, referring to, or mentioning The Monotype Composition Company, Inc., Kleen-Rite Corporation, Colgate University, Educational Testing Services, Inc., Educational Testing Services, or MBNA

3

Corporation you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards,

Richard Wein, or Carl Leinbach from July 1, 2004 through the July 1, 2005

5.      Any and all documents and electronic data concerning, referring to, or

constituting any marketing materials you received from ALI, SSI, Judeann Stipe, Dean

Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from July 1, 2004 through the July

1, 2005.

561770_v.1

**EXHIBIT 14**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

AMERICAN GRAPHICS INSTITUTE, INC. and
CHRISTOPHER SMITH,

v.

ACQUIRED LEARNING, INC., SYSTEMS
SOLUTION, INC., JUDEANN STIPE, DEAN
NOVASAT, CLARK EDWARDS, and
RICHAR WEIN

## SUBPOENA IN A CIVIL CASE

CASE NUMBER[1]: Civil Action No. 04-12611-JLT
    Judge Joseph L. Tauro
    U.S. District Court for the District of Massachusetts

TO:   **Carl Leinbach**
       **857 Clay Avenue**
       **Langhorne, PA 19047**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Hamilton, Brook, Smith & Reynolds, P.C. | **July 22, 2005** |
| 530 Virginia Road | **9:00 a.m.** |
| P.O. Box 9133 | |
| Concord, Massachusetts 01742-9133 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Giovanna H. Fessenden, Attorney for Plaintiffs | 7/12/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Giovanna Fessenden, Esq., Hamilton, Brook, Smith & Reynolds, P.C., 530 Virginia Road, Concord, Massachusetts
01742-9133, (978) 341-0036

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1]If action is pending in district other than district of issuance, state district under case number.

## Schedule A
### Definitions and Instructions

1.      As used herein, the term "document" shall mean all written, recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in whatever medium it is maintained (paper, magnetic tape, electronic or optical recording, including e-mail, video recordings, computer files or disks, etc). Documents to be produced include the originals of all documents, plus all drafts of any requested document and all copies of any requested document, by whatever means made, which bear any marking or other notation or differ in any way from the original. Each electronic document shall be produced in its native format, with all original file creation and print dates preserved. For example, an e-mail should be produced electronically in its native format, such as ".pst" or ".msg" format. Where a document is in both hardcopy and electronic formats, all copies of both formats shall be produced.

2.      As used herein, the terms "you" and "your" shall refer to Carl Leinbach and any of his employees, agents, representatives, attorneys, servants, successors, assigns and others who have acted on his behalf.

2.      As used herein, the term "ALI" shall refer to defendant Acquired Learning, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

3.      As used herein, the term "SSI" shall refer to defendant Systems Solution, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

4.      As used herein, the terms "electronic data," "electronic document," and "electronic documents" shall mean any and all information stored on media that may be

accessed by a computer, including but not limited to any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files on the media.

5.      As used herein, the phrase "course materials" shall mean any and all documents and electronic data that reflect or relate to any training literature, curriculum, handouts, electronic lesson files, study guides, books, exercises, and other documents used in any computer training courses or computer consulting services.

6.      As used herein, the phrase "training services" shall mean any courses, education, instruction and consulting services related to computers, software, and electronic and print publishing.

7.      As used herein, the terms "communication" or "communications" includes, but is not limited to, written communications and oral communications, of any sort, and any document containing records that reflect or relate to any communication, including but not limited, to sound recordings and transcripts thereof, letters, telegrams, faxes, e-mails, notes and memoranda of meetings or conversations.

8.      All documents filed in an identifiable folder, or identifiable as filed in a labeled or named file or filing subdivision, shall be produced together with the file folder, label, name or subdivision in the order in which they occur in the file.

9.      Should you assert that any of the documents requested may be withheld from production pursuant to the work-product doctrine or the attorney-client privilege, please identify each document as follows: (a) the date of the document; (b) a description of the

2

document; (c) the author(s) of the document; (d) the name(s) and address(es) of all persons known to have received the document; and (e) the factual and legal basis for withholding the document.

## Documents to be Produced

1.     Any and all documents and electronic data concerning, referring to, or constituting communications, including but not limited to any e-mails, letters, bills, or correspondence between you and ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

2.     Any and all documents and electronic data concerning, referring to, or constituting course materials you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

3.     Any and all documents and electronic data concerning, referring to, or evidencing any training services you provided on behalf of ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

4.     Any and all documents and electronic data concerning, referring to, or constituting a list of attendees who received any training services you provided on behalf of ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

5.     Any and all documents and electronic data concerning, referring to, or constituting any marketing materials you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

6.      Any and all documents and electronic data concerning, referring to, or mentioning any consulting services or consulting services you provided for ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

561767_v.1

4

**EXHIBIT 15**

SENT BY: HBS&R    ; 8- 8- 5 ; 6:06PM ;    19783410136→    1 781 740 4335;# 3/ 8

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

AMERICAN GRAPHICS INSTITUTE, INC. and
CHRISTOPHER SMITH,

v.

ACQUIRED LEARNING, INC., SYSTEMS
SOLUTION, INC., JUDEANN STIPE, DEAN
NOVASAT, CLARK EDWARDS, and
RICHAR WEIN

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER[1]: Civil Action No. 04-12611-JLT
Judge Joseph L. Tauro
U.S. District Court for the District of Massachusetts

TO:    **Brian Reese**
**1801 Wagon Wheel Ct.**
**Freehold, NJ 07728**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Hamilton, Brook, Smith & Reynolds, P.C. | **August 9, 2005** |
| 530 Virginia Road | **9:00 a.m.** |
| P.O. Box 9133 |  |
| Concord, Massachusetts 01742-9133 |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Giovanna H. Fessenden, Attorney for Plaintiffs | 7/20/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Giovanna Fessenden, Esq., Hamilton, Brook, Smith & Reynolds, P.C., 530 Virginia Road, Concord, Massachusetts 01742-9133, (978) 341-0036

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____         _____
              DATE                          SIGNATURE OF SERVER

                                         _____
                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A
### Definitions and Instructions

1.     As used herein, the term "document" shall mean all written, recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in whatever medium it is maintained (paper, magnetic tape, electronic or optical recording, including e-mail, video recordings, computer files or disks, etc). Documents to be produced include the originals of all documents, plus all drafts of any requested document and all copies of any requested document, by whatever means made, which bear any marking or other notation or differ in any way from the original. Each electronic document shall be produced in its native format, with all original file creation and print dates preserved. For example, an e-mail should be produced electronically in its native format, such as ".pst" or ".msg" format. Where a document is in both hardcopy and electronic formats, all copies of both formats shall be produced.

2.     As used herein, the terms "you" and "your" shall refer to Brian Reese and any of his employees, agents, representatives, attorneys, servants, successors, assigns and others who have acted on his behalf.

2.     As used herein, the term "ALI" shall refer to defendant Acquired Learning, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

3.     As used herein, the term "SSI" shall refer to defendant Systems Solution, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

4.     As used herein, the terms "electronic data," "electronic document," and "electronic documents" shall mean any and all information stored on media that may be

accessed by a computer, including but not limited to any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files on the media.

5.    As used herein, the phrase "course materials" shall mean any and all documents and electronic data that reflect or relate to any training literature, curriculum, handouts, electronic lesson files, study guides, books, exercises, and other documents used in any computer training courses or computer consulting services.

6.    As used herein, the phrase "training services" shall mean any courses, education, instruction and consulting services related to computers, software, and electronic and print publishing.

7.    As used herein, the terms "communication" or "communications" includes, but is not limited to, written communications and oral communications, of any sort, and any document containing records that reflect or relate to any communication, including but not limited, to sound recordings and transcripts thereof, letters, telegrams, faxes, e-mails, notes and memoranda of meetings or conversations.

8.    All documents filed in an identifiable folder, or identifiable as filed in a labeled or named file or filing subdivision, shall be produced together with the file folder, label, name or subdivision in the order in which they occur in the file.

9.    Should you assert that any of the documents requested may be withheld from production pursuant to the work-product doctrine or the attorney-client privilege, please identify each document as follows:  (a) the date of the document; (b) a description of the

document; (c) the author(s) of the document; (d) the name(s) and address(es) of all persons

known to have received the document; and (e) the factual and legal basis for withholding the

document.

## Documents to be Produced

1.    Any and all documents and electronic data concerning, referring to, or
constituting communications, including but not limited to any e-mails, letters, bills, or
correspondence between you and ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or
Richard Wein from July 1, 2004 through the July 1, 2005.

2.    Any and all documents and electronic data concerning, referring to, or
constituting course materials you received from ALI, SSI, Judeann Stipe, Dean Novosat,
Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

3.    Any and all documents and electronic data concerning, referring to, or
evidencing any training services you provided on behalf of ALI, SSI, Judeann Stipe, Dean
Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

4.    Any and all documents and electronic data concerning, referring to, or
constituting a list of attendees who received any training services you provided on behalf of
ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004
through the July 1, 2005.

5.    Any and all documents and electronic data concerning, referring to, or
constituting any marketing materials you received from ALI, SSI, Judeann Stipe, Dean
Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

3

6.      Any and all documents and electronic data concerning, referring to, or constituting any consulting services or training services you provided for ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

7.      Any and all documents and electronic data concerning, referring to, or constituting any consulting services or training services you provided to Monotype Composition, Inc. from July 1, 2004 through the July 1, 2005.

561773_v.1

4

**EXHIBIT 16**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN GRAPHICS INSTITUTE, INC. and
CHRISTOPHER SMITH,

v.

ACQUIRED LEARNING, INC., SYSTEMS
SOLUTION, INC., JUDEANN STIPE, DEAN
NOVASAT, CLARK EDWARDS, and
RICHAR WEIN

## SUBSTITUTE SUBPOENA IN A CIVIL CASE

CASE NUMBER[1]: Civil Action No. 04-12611-JLT
Judge Joseph L. Tauro
U.S. District Court for the District of Massachusetts

TO:    **Sir Speedy Printing
854 N Prince Street
Lancaster, PA 17604**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Hamilton, Brook, Smith & Reynolds, P.C. 530 Virginia Road P.O. Box 9133 Concord, Massachusetts 01742-9133 | August 23, 2005 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Giovanna H. Fessenden, Attorney for Plaintiffs | 8/12/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Giovanna Fessenden, Esq., Hamilton, Brook, Smith & Reynolds, P.C., 530 Virginia Road, Concord, Massachusetts 01742-9133, (978) 341-0036

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

| | DATE | PLACE |
|---|---|---|

PROOF OF SERVICE

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                   SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may, in order to attend trial, be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) require a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS INSTITUTE, INC.,
and CHRISTOPHER SMITH,

        Plaintiffs,

        v.

ACQUIRED LEARNING, INC., SYSTEMS
SOLUTION, INC., JUDEANN STIPE, DEAN
NOVOSAT, CLARK EDWARDS,
and RICHARD WEIN,

        Defendants.

Civil Action No. 04-12611-JLT

## PLAINTIFFS' NOTICE OF
## SUBPOENA *DUCES TECUM* TO SIR SPEEDY PRINTING

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs require Sir Speedy Printing to produce the documents and things that are

identified on Schedule A attached hereto at the offices of Hamilton, Brook, Smith &

Reynolds, P.C., 530 Virginia Road, Concord, Massachusetts 01742-9133, **on or before the**

**23rd day of August, at 9:00 a.m.**

AMERICAN GRAPHICS INSTITUTE, INC., and
CHRISTOPHER SMITH

By their attorneys,

Dated: August 12, 2005

I hereby certify that a **true copy of the
above document was served upon the
attorney of record for each other party
by mail / fax - hand on** _8/12/05_.

568298

John L. DuPré (BBO No. 549659)
Giovanna H. Fessenden (BBO No. 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone: (978) 341-0036
Facsimile: (978) 341-0136

## Schedule A
### Definitions and Instructions

1.      As used herein, the term "document" shall mean all written, recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in whatever medium it is maintained (paper, magnetic tape, electronic or optical recording, including e-mail, video recordings, computer files or disks, etc). Documents to be produced include the originals of all documents, plus all drafts of any requested document and all copies of any requested document, by whatever means made, which bear any marking or other notation or differ in any way from the original. Each electronic document shall be produced in its native format, with all original file creation and print dates preserved. For example, an e-mail should be produced electronically in its native format, such as ".pst" or ".msg" format. Where a document is in both hardcopy and electronic formats, all copies of both formats shall be produced.

2.      As used herein, the terms "you" and "your" shall refer to Sir Speedy Printing and any of its employees, agents, representatives, attorneys, servants, successors, assigns and others who have acted on its behalf.

2.      As used herein, the term "ALI" shall refer to defendant Acquired Learning, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

3.      As used herein, the term "SSI" shall refer to defendant Systems Solution, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

4.      As used herein, the terms "electronic data," "electronic document," and "electronic documents" shall mean any and all information stored on media that may be

accessed by a computer, including but not limited to any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files on the media.

5.      As used herein, the phrase "course materials" shall mean any and all documents and electronic data that reflect or relate to any training literature, curriculum, handouts, electronic lesson files, study guides, books, exercises, and other documents used in any computer training courses or computer consulting services.

6.      As used herein, the phrase "training services" shall mean any courses, education, instruction and consulting services related to computers, software, and electronic and print publishing.

7.      As used herein, the terms "communication" or "communications" includes, but is not limited to, written communications and oral communications, of any sort, and any document containing records that reflect or relate to any communication, including but not limited, to sound recordings and transcripts thereof, letters, telegrams, faxes, e-mails, notes and memoranda of meetings or conversations.

8.      All documents filed in an identifiable folder, or identifiable as filed in a labeled or named file or filing subdivision, shall be produced together with the file folder, label, name or subdivision in the order in which they occur in the file.

9.      Should you assert that any of the documents requested may be withheld from production pursuant to the work-product doctrine or the attorney-client privilege, please identify each document as follows:  (a) the date of the document; (b) a description of the

2

document; (c) the author(s) of the document; (d) the name(s) and address(es) of all persons known to have received the document; and (e) the factual and legal basis for withholding the document.

## Documents to be Produced

1.    Any and all documents and electronic data concerning, referring to, or constituting communications, including but not limited to any e-mails, letters, bills, or correspondence between you and ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from July 1, 2004 through the July 1, 2005.

2.    Any and all documents and electronic data concerning, referring to, or constituting any addresses, mailing lists, customer lists, client lists, customer profiles, e-mail lists, customer contacts, or any contact information used in bulk mailing postal forms you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from July 1, 2004 through the July 1, 2005.

3.    Any and all documents and electronic data concerning, referring to, or constituting any addresses, mailing lists, customer lists, client lists, customer profiles, e-mail lists, customer contacts, or any contact information used in bulk mailing postal forms you manage for ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from July 1, 2004 through the July 1, 2005.

4.    Any and all documents and electronic data concerning, referring to, or mentioning The Monotype Composition Company, Inc., Kleen-Rite Corporation, Colgate University, Educational Testing Services, Inc., Educational Testing Services, or MBNA

3

Corporation you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards,

Richard Wein, or Carl Leinbach from July 1, 2004 through the July 1, 2005

  5.  Any and all documents and electronic data concerning, referring to, or

constituting any marketing materials you received from ALI, SSI, Judeann Stipe, Dean

Novosat, Clark Edwards, Richard Wein, or Carl Leinbach from July 1, 2004 through the July

1, 2005.

568303_1.DOC_v.1

4

**EXHIBIT 17**

HAMILTON
BROOK
SMITH &
REYNOLDS, P.C.

PATENTS, TRADEMARKS
COPYRIGHTS & LITIGATION

530 VIRGINIA ROAD
P.O. BOX 9133
CONCORD, MA 01742-9133
TEL (978) 341-0036
FAX (978) 341-0136
www.hbsr.com

MUNROE H. HAMILTON
(1905-1984)

DAVID E. BROOK
JAMES M. SMITH
LEO R. REYNOLDS
JOHN L. DuPRÉ
DAVID J. BRODY
MARY LOU WAKIMURA
ALICE O. CARROLL
N. SCOTT PIERCE
HELEN C. WINKLER
SUSAN G. L. GLOVSKY
DOREEN M. HOGLE
ROBERT T. CONWAY
RODNEY D. JOHNSON
DAVID J. THIBODEAU, JR
ANNE J. COLLINS
TIMOTHY J. MEAGHER
STEVEN G. DAVIS
DEIRDRE H. SANDERS

MICHAEL J. RADZINSKI
SANDRA A. BROCKMAN-LIN
D. JAMES COE
CHRISTINA M. DOE
COLIN C. DURHAM
CAREN A. EGNER
GIOVANNA FESSENDEN
CAROLINE M. FLEMING
TODD A. GERETY
JOSEPH M. MARAIA
MARY K. MURRAY
KEVIN T. SHAUGHNESSY
CHARLTON SHEN
MARK B. SOLOMON
TROY E. SMITH
RALPH TREMENTOZZI
KEITH J. WOOD

OF COUNSEL
ELIZABETH W. MATA
DARREN J. L. WONG

PATENT AGENTS
SUSAN M. ABELUUHA
ALEXANDER AKRUZOL
KHARI ANDERSON
LARRY LUBASHEV
VIVIEN J. TANNOCH MARIN
PAMELA A. TORREY
KAREN J. TOWNSEND
ROBERT H. UNDERWOOD

TECHNOLOGY SPECIALISTS
KAMILAH ALEXANDER
PAUL Q. ALLOWAY
THOMAS J. ANNA
ERIC M. BALICKY
SETH M. CANNON
SUSAN C. KELLY
RAYMOND SHIM LIM
MICHAEL M. YAMAUCHI

MICHAEL KISMESSIAN
ADMINISTRATIVE DIRECTOR

BARBARA J. PERKER
ADMINISTRATOR OF
PATENT AND
TRADEMARK PRACTICE

July 29, 2005

**Via Facsimile and First Class Mail**

Esme Caramello, Esq.
Holland & Knight LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116

Re:    American Graphics Institute, Inc., et al v.
       Acquired Learning, Inc., et al.
       U.S. District Court for the District of Massachusetts,
       C.A. No. 04-12611-JLT

Dear Esme:

        Enclosed is Plaintiffs' Notice of Subpoena *Duces Tecum* for Brian
Reese.

        If you have any questions, please feel free to contact us.

                                        Very truly yours,

                                        Giovanna H. Fessenden

GHF/lb
Enclosures

cc:  James D. Smeallie, Esq.

565645_1.DOC

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS INSTITUTE, INC.,
and CHRISTOPHER SMITH,

       Plaintiffs,

       v.

ACQUIRED LEARNING, INC., SYSTEMS
SOLUTION, INC., JUDEANN STIPE, DEAN
NOVOSAT, CLARK EDWARDS,
and RICHARD WEIN,

       Defendants.

Civil Action No. 04-12611-JLT

### PLAINTIFFS' NOTICE OF
### SUBPOENA *DUCES TECUM* TO BRIAN REESE

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs require Brian Reese to produce the documents and things that are

identified on Schedule A attached hereto at the offices of Hamilton, Brook, Smith &

Reynolds, P.C., 530 Virginia Road, Concord, Massachusetts 01742-9133, **on or before the**

**9th day of August, at 9:00 a.m.**

AMERICAN GRAPHICS INSTITUTE, INC., and
CHRISTOPHER SMITH

By their attorneys,

Dated: July 29, 2005

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail / fax - hand on ___7/29/05___ .

John L. DuPré   (BBO No. 549659)
Giovanna H. Fessenden (BBO No. 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone: (978) 341-0036
Facsimile: (978) 341-0136

## Schedule A
### Definitions and Instructions

1.     As used herein, the term "document" shall mean all written, recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in whatever medium it is maintained (paper, magnetic tape, electronic or optical recording, including e-mail, video recordings, computer files or disks, etc). Documents to be produced include the originals of all documents, plus all drafts of any requested document and all copies of any requested document, by whatever means made, which bear any marking or other notation or differ in any way from the original. Each electronic document shall be produced in its native format, with all original file creation and print dates preserved. For example, an e-mail should be produced electronically in its native format, such as ".pst" or ".msg" format. Where a document is in both hardcopy and electronic formats, all copies of both formats shall be produced.

2.     As used herein, the terms "you" and "your" shall refer to Brian Reese and any of his employees, agents, representatives, attorneys, servants, successors, assigns and others who have acted on his behalf.

2.     As used herein, the term "ALI" shall refer to defendant Acquired Learning, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

3.     As used herein, the term "SSI" shall refer to defendant Systems Solution, Inc. and any of its officers, directors, employees, agents, representatives, attorneys, servants, parent corporations, subsidiaries, successors, assigns and others who have acted on its behalf.

4.     As used herein, the terms "electronic data," "electronic document," and "electronic documents" shall mean any and all information stored on media that may be

accessed by a computer, including but not limited to any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files on the media.

5.     As used herein, the phrase "course materials" shall mean any and all documents and electronic data that reflect or relate to any training literature, curriculum, handouts, electronic lesson files, study guides, books, exercises, and other documents used in any computer training courses or computer consulting services.

6.     As used herein, the phrase "training services" shall mean any courses, education, instruction and consulting services related to computers, software, and electronic and print publishing.

7.     As used herein, the terms "communication" or "communications" includes, but is not limited to, written communications and oral communications, of any sort, and any document containing records that reflect or relate to any communication, including but not limited, to sound recordings and transcripts thereof, letters, telegrams, faxes, e-mails, notes and memoranda of meetings or conversations.

8.     All documents filed in an identifiable folder, or identifiable as filed in a labeled or named file or filing subdivision, shall be produced together with the file folder, label, name or subdivision in the order in which they occur in the file.

9.     Should you assert that any of the documents requested may be withheld from production pursuant to the work-product doctrine or the attorney-client privilege, please identify each document as follows:  (a) the date of the document; (b) a description of the

document; (c) the author(s) of the document; (d) the name(s) and address(es) of all persons known to have received the document; and (e) the factual and legal basis for withholding the document.

## Documents to be Produced

1.      Any and all documents and electronic data concerning, referring to, or constituting communications, including but not limited to any e-mails, letters, bills, or correspondence between you and ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

2.      Any and all documents and electronic data concerning, referring to, or constituting course materials you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

3.      Any and all documents and electronic data concerning, referring to, or evidencing any training services you provided on behalf of ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

4.      Any and all documents and electronic data concerning, referring to, or constituting a list of attendees who received any training services you provided on behalf of ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

5.      Any and all documents and electronic data concerning, referring to, or constituting any marketing materials you received from ALI, SSI, Judeann Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1, 2005.

6.     Any and all documents and electronic data concerning, referring to, or

constituting any consulting services or training services you provided for ALI, SSI, Judeann

Stipe, Dean Novosat, Clark Edwards, or Richard Wein from July 1, 2004 through the July 1

7.     Any and all documents and electronic data concerning, referring to, or

constituting any consulting services or training services you provided to Monotype
Composition, Inc. from July 1, 2004 through the July 1, 2005.

561773_v.1