UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC. and CHRISTOPHER SMITH,<br>             Plaintiffs,<br><br>v.<br><br>ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS and RICHARD WEIN,<br>             Defendants. | C.A. No. 04 12611 JLT |

## AFFIDAVIT OF JUDEANN STIPE

I, Judeann Stipe, hereby depose and state as follows, based on my personal knowledge and my review of documents:

1.   I am a sales representative for Defendant Acquired Learning, Inc. ("Acquired Learning"). I was hired into that position in September 2004. I work exclusively in the Lancaster, Pennsylvania office. I submit this affidavit in support of DEFENDANTS' MOTION TO QUASH THIRD-PARTY SUBPOENAS AND FOR A PROTECTIVE ORDER TO USE DISCOVERY FOR LITIGATION PURPOSES ONLY.

2.   From 1996 through July 2004, I was employed as a sales representative by Plaintiff America Graphics Institute, Inc. ("AGI"), and before that at CyberSolutions, Inc. ("CyberSolutions"), another business venture of Plaintiff Christopher Smith ("Smith"). During that time, I had the occasion to work with Richard Wein and others at Defendant Systems Solution, Inc. ("SSI").

3.   During the course of my employment at AGI, I viewed SSI's website and the course descriptions listed on its website. I also noticed that SSI indicated copyright ownership in

its website and related content. At no time during my employment at AGI did anyone from AGI suggest that any content on the SSI website belonged in any way to CyberSolutions or AGI, that the SSI website content infringed any AGI copyright, or that there were any restrictions of any kind on SSI's ability to use its website content for whatever purpose it chose.

     4.     In September 2004, I became a sales representative for Acquired Learning. Christopher Smith and his wife, Jennifer, did not take this news well. Jennifer, an officer of AGI and long-time friend, told me that she was "in shock" and felt like she had "been punched in the gut." She warned me that "this is a small industry" and vowed to "do [her] best to let everyone know my disappointment on this matter." She also warned me, "Good luck getting through Chris with this one…I won't even be his voice of reason anymore."

     5.     Shortly thereafter, Christopher Smith contacted trainers who were listed in the SSI/Acquired Learning announcement and threatened to withdraw business from them if they did not remove their names from the Acquired Learning website. He even told one prospective Acquired Learning trainer, *a propos* of nothing, that I had filed a personal bankruptcy petition.

     6.     To date, Christopher Smith's activities in harassing Acquired Learning's customers and instructors has resulted in at least three instructors refusing to work with Acquired Learning.

     7.     For example, Brian Reese had been a contract instructor for Acquired Learning since the company started. He wanted to build his business as an independent contractor and ALI wanted to build its business as a training organization. After Brian and Acquired Learning came to an agreement on rates, we asked that Brian affiliate his Adobe certifications with our Lancaster, Pennsylvania facility. Brian agreed. Acquired Learning even offered to reimburse

Brian for the cost of the exams as long as he passed, which he did.  Business was going well between the two parties.

8.  After Brian received a subpoena from Christopher Smith, he panicked.  He contacted Acquired Learning and informed us that he could not work with us anymore because he was concerned about Christopher Smith coming after him.  Brian asked to be removed from our contract instructor roster.  He also has disaffiliated his Adobe certifications with our Lancaster facility.  After that, Acquired Learning immediately saw a drop in business, with fewer incoming calls and on-line inquiries.

9.  Carl Leinbach is another contract instructor who has stopped working with Acquired Learning after being harassed by Christopher Smith.  In January 2005, Carl called me and asked me to remove his name from our company website, because he had been contacted by Christopher Smith to do so.  Carl was working for both Acquired Learning and AGI at the time.

10.  Carl continued to do classroom training for Acquired Learning from January to June 2005.

11.  In or about June 2005, Carl received a subpoena from Christopher Smith and AGI in connection with this case, demanding that he produce documents related to his working relationship with Acquired Learning.  I understand that, in response to the subpoena, Carl turned over a stack of documents to Christopher Smith's counsel.

12.  Carl was contacted by Christopher Smith in July 2005, and Smith threatened Carl with civil and criminal sanctions or penalties based on an email that Carl had produced in response to the subpoena.

13.  On August 2, 2005, Christopher Smith sent an email to Carl in which he claimed that Carl had crossed "the bounds of civil wrongdoing" and moved "into criminal activity" for

providing me with the contact information for a gentleman at Harley Davidson.  (See 08/02/05 Email, attached as Ex. 3 to Motion to Quash.)  In that email, Smith also threatened to use "civil and criminal channels" and seek "damages" from Carl.

14.     Two days later, Smith offered not to pursue civil and criminal charges against Carl if he would sign an affidavit prepared by Smith, to be used against Defendants in this litigation.  On August 5, 2005, Smith emailed Carl a proposed settlement agreement (Ex. 4 to Motion to Quash) and affidavit (Ex. 5 to Motion to Quash) that attempted to have him admit to statements that were not true or with which Carl did not agree.

15.     Carl ultimately refused to sign the proposed settlement agreement and affidavit.  Instead, he retained counsel.  On August 8, 2005, his counsel sent a letter to counsel for the parties to this litigation, insisting that no further contact be made directly with Carl.  (See 08/08/05 Letter, attached as Ex. 6 to Motion to Quash.)

16.     Leinbach has not conducted any training for Defendants since being contacted and threatened by Smith.  On July 13, 2005, I received a call from Carl in which he requested that, in light of the threats by Christopher Smith, he no longer wanted to be an instructor for Acquired Learning.  On July 14, 2005, Carl sent me an email in which he confirmed that he needed to "eradicate this BS from my life" (referring to his dealings with Christopher Smith).  07/14/05 Email, attached as Ex. 7 to Motion to Quash.)

17.     Because Acquired Learning is a small start-up company, we rely heavily on contract instructors, such as Carl and Brian.  Losing those instructors significantly hurts our company.

- 5 -

Signed this 25th day of August 2005 under the pains and penalties of perjury.


       /s/  Judeann Stipe_____
      Judeann Stipe