UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., and CHRISTOPHER SMITH, <br><br>          Plaintiffs, <br><br>     v. <br><br> ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, and RICHARD WEIN, <br><br>          Defendants. | Civil Action No. 04-12611-JLT |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts, Plaintiffs American Graphics Institute, Inc. ("AGI") and Christopher Smith hereby set forth their response to Defendants' Local Rule 56.1 Statement of Material Facts.[1]

1.  Plaintiffs deny Defendants' statement of alleged facts in Paragraph 1 of the Local Rule 56.1 ("Defendants' Local Rule 56.1 Facts") insofar as it attempts to mischaracterize the background concerning defendants SSI and Wein's relationship with plaintiff.

1A.  In 1995, plaintiff Christopher Smith co-founded Cyber Solutions, Inc. ("Cyber"),

---

[1] References to affidavits filed in connection with Plaintiffs' Motion For Partial Summary Judgment On AGI's Copyright Claims are identified by the last name of the affiant followed by "Aff. ¶ __" or "Aff. Exh. __." References to affidavits filed in connection with Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment And Cross-Motion For Summary Judgment are identified by last name of the affiant followed by "Opp. Aff. ¶ __" or "Opp. Aff. Exh. __." References to the Supplemental Affidavit of Christopher Smith in Opposition to Defendants' Cross-Motion for Summary Judgment and in Support of Plaintiffs' Motin for Partial Summary Judgment on AGI's Copyright Claim are identified by "Smith Supp. Aff. ¶__" or "Smith Supp. Aff. Exh. __."

1

which incorporated in Pennsylvania. In 2000, Cyber changed its name to American Graphics Institute, Inc. ("AGI"). (Supp. Smith Aff. 1, Exh. A; Edwards Opp. Aff. ¶2.)

   1B. Because AGI / Cyber was in the business of offering software training courses, it made sense for AGI to develop business relationships with companies that could lease AGI computer equipment so that AGI could conduct hands-on training for its students using the computer equipment. (Supp. Smith Aff. ¶11.) Defendant Service Solutions, Inc., which trades as Systems Solution, Inc. ("SSI"), is engaged in the business of consulting, reselling and leasing computer hardware and software. Starting in 1996, AGI, then known as Cyber, developed a business relationship with defendants Richard Wein and SSI to have SSI lease computers to AGI so that could conduct its training courses. Specifically, SSI provided AGI's customers with computer equipment at the customer's location throughout the country or at some training facility, while AGI provided the training services. (Smith Supp. Aff. ¶11; Smith Aff. ¶8.)

   1C. In addition to the computer equipment leasing arrangement, SSI and AGI developed a reseller business arrangement whereby SSI would resell AGI's software training courses on behalf of AGI. Although SSI had some software training courses of its own, they were specifically directed to certain operating systems, and were <u>not</u> competitive with AGI's software training courses. In particular, AGI's courses were generally related to software applications used in the print and electronic publishing industries. (Smith Supp. Aff. ¶12.)

   1D. During the years of 1996-2001, AGI / Cyber and SSI executed several different types of agreements to facilitate their ongoing computer equipment leasing relationship and their reseller relationship. None of these agreements involved the transfer of any rights associated with AGI's copyrighted works or the independent or collaborative development of advertising materials. (Smith Supp. Aff. ¶¶13, 15-19.)

2.  Plaintiffs deny Defendants' statement of alleged facts in the first sentence of Paragraph 2 of Defendants' Local Rule 56.1 Facts insofar as it is intended to suggest that the Agreement entered into on May 14, 1996 ("May 14, 1996 Agreement") provides SSI with any right, title or interest in AGI's copyrighted works, (U.S. Copyright Registration Nos. TX 6-052-029 and TX 6-062-024) ("AGI's Copyrighted Works"). (Wein Opp. Aff. Exh. 1; Smith Aff., ¶6, Exh. 1, 2.; Smith Supp. Aff. ¶16, Exh. H). Plaintiffs admit Defendants' statement of alleged facts in the second sentence of Paragraph 2 of Defendants' Local Rule 56.1 Facts.

2A. On May 14, 1996, SSI and Cyber executed the May 14, 1996 Agreement whereby Cyber agreed to provide to software training solutions and SSI agreed to provide training facilities for Cyber's software training solutions and to market and promote Cyber's training services. (Wein Opp. Aff. Exh. 1 at pp. 2-3; Smith Supp. Aff. ¶16, Exh. H at pp. 2-3)

2B. The May 14, 1996 Agreement did not authorize SSI to use Cyber's course descriptions without permission. In fact, a Termination Clause in the May 14, 1996 states that Cyber has the right to "terminate" the Agreement if there was "***Use by SSI of CYBER copyrighted materials without the written permission of CYBER.***" (Wein Opp. Aff. Exh. 1 at p. 2; Smith Supp. Aff. ¶16, Exh. H at pp. 2.) [Emphasis added.]

3.  Plaintiffs admit Defendants' statement of alleged facts in Paragraph 3 of Defendants' Local Rule 56.1 Facts. On May 13, 1996, SSI signed "Agreement Not to Compete" with Cyber. (Wein Opp. Aff. Exh. 3.) On April 15, 1996, Cyber and SSI entered into Confidentiality Agreement. (the "1996 Confidentiality Agreement") (Wein Opp. Aff. Exh. 2; Smith Supp. Aff. ¶15, Exh. G).

4.  Plaintiffs deny Defendants' statement of alleged facts in Paragraph 4 of Defendants' Local Rule 56.1 Facts insofar as it is intended to suggest that the 1996

Confidentiality Agreement provides SSI with any right, title or interest in AGI's Copyrighted Works.  (Wein Opp. Aff. Exh. 2; Smith Supp. Aff. ¶15, Exh. G).

       4A.     Plaintiffs admit Defendants' statement of alleged facts in the second sentence of Paragraph 4 of Defendants' Local Rule 56.1 Facts insofar as those statements accurately recite and quote from the 1996 Confidentiality Agreement, and otherwise Plaintiffs deny those alleged facts.  Plaintiffs deny that the statement of alleged facts in the second sentence of Paragraph 4 of Defendants' Local Rule 56.1 Facts have any bearing on information that is well known, such as course advertising materials that are distributed to customers.  (Smith Supp. Aff. ¶15, Exh. G.)

       4B.     The 1996 Confidentiality Agreement dealt exclusively with confidential information owned by SSI and disclosed to Cyber.  The Confidentiality Agreement defined the term "Confidential Information" to mean "any information which is proprietary to SSI, whether or not owned by SSI, *which is not generally known other than by SSI,* and which Cybersolutions may obtain through any direct or indirect contact with SSI."  (Wein Opp. Aff. Exh. 2.; Smith Supp. Aff. ¶15, Exh. G.) (Emphasis added.)

       4C.     While the Confidentiality Agreement defined "Confidential Information" to include, "computer programs and listings," it did not include the course descriptions that were independently developed by Cyber.  In fact, *the Confidentiality Agreement specifically excluded from the definition of "Confidential Information," "information independently developed by Cybersolutions."*  (Smith Supp. Aff. ¶15, Exh. G.)

       5.     Plaintiffs deny Defendants' statement of alleged facts in Paragraph 5 of Defendants' Local Rule 56.1 Facts insofar as it is intended to suggest that the "1996 Agreement and related contracts" provide SSI with any right, title or interest in AGI's Copyrighted Works. (Smith Supp. Aff. ¶¶14-19.)

4

6. Plaintiffs deny Defendants' statement of alleged facts in Paragraph 6 of Defendants' Local Rule 56.1 Facts. All of the course descriptions that appear on the AGI website were independently created and developed by AGI. Defendant Service Solutions, Inc., which trades as Systems Solution, Inc. ("SSI"), never assisted or collaborated with AGI or Cyber to develop the course description content. From 1995 to the present, neither AGI nor Cyber created course description for, or at the request of, SSI or delivered any course descriptions to SSI for use on SSI's website. (Smith Supp. Aff. ¶6.)

6A. Defendants SSI infringed twenty-eight course descriptions from AGI's copyrighted materials. Out of the twenty-eight course descriptions, only seven contain remotely similar passages to the course descriptions that appeared on Defendant SSI's website in 1997. Portions of these seven course descriptions appeared on AGI's 1996 Course Advertising Materials that were independently developed by Cyber and first published by Cyber. These seven course descriptions were created by Cyber Solutions, Inc. before SSI copied them and put them on the SSI Infringing Website in 1997. (Smith Supp. Aff. ¶3-5; Smith Aff. 13, Exh. 6.) AGI's course descriptions changed substantially over the years. The SSI Infringing Website contained verbatim copying of what appears on AGI's website today. The SSI Infringing Website reflects new content that AGI added in 2003, such as Photoshop III and Premiere II, and new course descriptions that AGI added in 2003, such as Photoshop I, Photoshop II and DreamWeaver II. (Smith Supp. Aff. ¶24.)

6B. Indeed, defendants SSI and Richard Wein also admit that the course descriptions at issue are AGI's. For example, there is e-mail correspondence from defendant Richard Wein to defendants Dean Novosat, Judeann Stipe and Clark Edwards dated December 20, 2004, which was six days after the complaint was filed in this case. (Smith Supp. Aff. ¶7, Exh. C.)

6C. In this December 20, 2004 e-mail, Wein explains that he has "***expunged all AGI language***" from the SSI website. (Emphasis added.) (Smith Supp. Aff. ¶8, Exh. C.)

6D. Additional e-mail correspondence from defendant Richard Wein to defendants Dean Novosat, Judeann Stipe and Clark Edwards dated December 17, 2004 in which Wein acknowledges that "***I should have checked them myself before I put [the course descriptions] back up.***" (Emphasis added.) In other words, before he activated the education section of the SSI's website, www.ssi-net.com, ("SSI Infringing Website") and tried to give Acquired Learning permission that SSI didn't have in the first place to use the course descriptions, he should have checked the course descriptions because he would have realized they were AGI's copyrighted works. (Smith Supp. Aff. ¶9, Exh. D.)

6E. SSI activated the "education section" on its website in or around August 25, 2004. (Smith Supp. Aff. ¶10, Exh. E.)

7. Plaintiffs deny Defendants' statement of alleged facts in Paragraph 7 of Defendants' Local Rule 56.1 Facts. However, for purposes of the instant motion, Plaintiffs do not deny those alleged facts insofar as it the statement is not intended to suggest that SSI had any right, title or interest in AGI's Copyrighted Works.

8. Plaintiffs deny Defendants' statement of alleged facts in Paragraph 8 of Defendants' Local Rule 56.1 Facts insofar as it is intended to suggest that AGI was a "contractor to SSI" or that SSI had any right, title or interest in AGI's Copyrighted Works. (Smith Supp. Aff. ¶¶6-19.)

9. Plaintiffs deny Defendants' statement of alleged facts in Paragraph 9 insofar as it is intended to suggest that AGI was a "contractor to SSI" or that SSI had any right, title or interest in AGI's Copyrighted Works. (Smith Supp. Aff. ¶¶6-19.)

10. Plaintiffs deny Defendants' statement of alleged facts in Paragraph 9 of Defendants' Local Rule 56.1 Facts insofar as it is intended to suggest that the May 2002 Agreement provided SSI with any right, title or interest in AGI's Copyrighted Works. (Smith Supp. Aff. ¶¶6-19, Exh. I.)

10A. On May 20, 2002, AGI and SSI entered into a Reseller Agreement in which SSI agreed to resell and promote AGI's courses, and SSI agreed to provide a training room use at the SSI facility. (Smith Aff. ¶17, Exh. I.)

11. Plaintiffs deny Defendants' statement of alleged facts in Paragraph 11 Defendants' Local Rule 56.1 Facts. All of the course descriptions that appear on the AGI website were independently created and developed by AGI. Defendant Service Solutions, Inc., which trades as Systems Solution, Inc. ("SSI"), never assisted or collaborated with AGI or Cyber to develop the course description content. From 1995 to the present, neither AGI nor Cyber created course description for, or at the request of, SSI or delivered any course descriptions to SSI for use on SSI's website. (Smith Supp. Aff. ¶6.)

11A. AGI previously had a reseller relationship with SSI. SSI began advertising AGI's courses on SSI's website and SSI received a commission on the AGI course sales that originated from SSI. SSI created an "Education" section on its homepage at its website, located at [www.ssi.net.com](www.ssi.net.com), ("SSI Infringing Website"), where it promoted AGI's training courses. Without permission from AGI, SSI used AGI's course advertising materials on the "Education" section of its website to promote AGI's training courses. (Smith Aff. ¶9, Exh. 3; Smith Supp. Aff. ¶¶22, 23.)

11B. In the late Summer of 2003, AGI and SSI's reseller relationship terminated. At that time, AGI objected to SSI's use of its course descriptions. In particular, AGI prohibited SSI

7

from reselling AGI's courses. Accordingly, SSI removed all of AGI's course descriptions in the late Summer/early Fall of 2003. (Smith Supp. Aff. ¶¶21, 22, 23; Smith Aff. ¶¶10, 12, Exh. 4.)

      11C.    SSI activated the "education section" on its website in or around August 25, 2004 to include AGI's copyrighted materials. (Smith Supp. Aff. ¶10, Exh. E.)

      11D.    Indeed, defendants SSI and Richard Wein admit that the course descriptions at issue are AGI's. For example, there is e-mail correspondence from defendant Richard Wein to defendants Dean Novosat, Judeann Stipe and Clark Edwards dated December 20, 2004, which was six days after the complaint was filed in this case. (Smith Supp. Aff. ¶7, Exh. C.)

      11E.    In this December 20, 2004 e-mail, Wein explains that he has "***expunged all AGI language***" from the SSI website. (Emphasis added.) (Smith Supp. Aff. ¶8, Exh. C.)

      11F.    Additional e-mail correspondence from defendant Richard Wein to defendants Dean Novosat, Judeann Stipe and Clark Edwards dated December 17, 2004 in which Wein acknowledges that "*I should have checked them myself before I put [the course descriptions] back up.*" (Emphasis added.) In other words, before he activated the education section of the SSI's website, www.ssi-net.com, ("SSI Infringing Website") and tried to give Acquired Learning permission that SSI didn't have in the first place to use the course descriptions, he should have checked the course descriptions because he would have realized they were AGI's copyrighted works. (Smith Supp. Aff. ¶9, Exh. D.)

      12.    Plaintiffs deny Defendants' statement of alleged facts in Paragraph 12 of Defendants' Local Rule 56.1 Facts for the same reasons set forth above in Paragraph 11.

      13.    Plaintiffs lack the knowledge and information sufficient to admit or deny the statement of alleged facts in Paragraph 13 of Defendants' Local Rule 56.1, and needs discovery to ascertain whether that statement of alleged fact is true or is disputed.

14.     Plaintiffs deny Defendants' statement of alleged facts in Paragraph 14 of Defendants' Local Rule 56.1 Facts insofar as it is intended to suggest that the SSI had some right, title or interest in AGI's Copyrighted Works.  SSI never requested permission from AGI to use the course descriptions and never informed AGI that it intended to reactivate the Education portion of its website.  Neither AGI nor Christopher Smith granted Defendants permission to copy AGI's course advertising materials from the AGI Website onto the SSI Infringing Website, or permission to use AGI's proprietary advertising content to promote Defendants' competitive courses in 2004. (Smith Aff., ¶14.)

15.     Plaintiffs lack the knowledge and information sufficient to admit or deny the statement of alleged facts in Paragraph 15 of Defendants' Local Rule 56.1, and needs discovery to ascertain whether that statement of alleged fact is true or is disputed.

16.     Plaintiffs lack the knowledge and information sufficient to admit or deny the statement of alleged facts in Paragraph 16 of Defendants' Local Rule 56.1, and needs discovery to ascertain whether that statement of alleged fact is true or is disputed.

17.     Plaintiffs admit Defendants' statement of alleged facts in the second sentence of Paragraph 17 of Defendants' Local Rule 56.1 Facts insofar as those statements accurately recite and quote from the Jennifer Smith's e-mail, and otherwise Plaintiffs deny those alleged facts.

18.     Plaintiffs deny Defendants' statement of alleged facts in Paragraph 18.  However, for purposes of the instant motion, Plaintiffs do not deny those alleged facts insofar as it the statement is not intended to suggest that SSI had any right, title or interest in AGI's Copyrighted Works.

19.     Plaintiffs deny Defendants' statement of alleged facts in Paragraph 19.  However, for purposes of the instant motion, Plaintiffs do not deny those alleged facts insofar as it the

9

statement is not intended to suggest that SSI had any right, title or interest in AGI's Copyrighted Works.

20. Plaintiffs deny Defendants' statement of alleged facts in Paragraph 20. The defendants, however, maintain that they had a right to use AGI's copyrighted works and assert that infringement has not occurred. (Fessenden Aff., ¶¶6, 7, Exh. E, F; Smith Aff., ¶69.)

### PLAINTIFFS' STATEMENT OF ADDITIONAL UNDISPUTED FACTS

Plaintiffs hereby submit the following statement of material facts in support of Plaintiffs' Opposition to Defendants' Cross-Motion for Summary Judgment.

#### Background Facts Relating To AGI And Its Copyrighted Works

21. In November and December of 2004, respectively, AGI filed two copyright registration applications on its course descriptions authored by AGI on its website found at or through URL *www.agitraining.com*, for which the Register of Copyrights has duly issued Registration Certificate Nos. TX 6-052-029 and TX 6-062-024 (collectively, "AGI's Copyrighted Works"). Registration Certificate No. TX 6-052-029 claims a January 2, 2003 publication date of the AGI website. This copyright registration claims copyright in "text, compilation and photos," and specifically acknowledges that the compilation contains "some previously published text." (Smith Aff. ¶6, Exhs. 1, 2.) Seven of AGI's course descriptions contain portions from AGI's 1996 Course Descriptions, and AGI disclosed this in its copyright application by specifically acknowledging that AGI's Copyrighted Work contained "some previously published text." Registration Certificate No. TX 6-062-024 is directed to a June 5, 2002 publication date of the website, and it similarly claims copyright in "text, compilation and photos." (Smith Exhs. 1, 2; Smith Supp. Aff. ¶¶3, 4)

22.    The seven course descriptions that contain some similar language to AGI's current copyrighted works are "Acrobat & PDF 1," "QuarkXpress 1," "QuarkXpress 2," "PageMaker 1," "PageMaker 2," and "HTML 1." It should be noted that although only portions of the seven course descriptions are similar to the 1996 Course Descriptions. The names of the courses are different and portions of the description are different. With respect to "QuarkXPress 2" and "PageMaker 1," for example, only the aspects of the first sentence of the course description are the same, while the remainder of the course descriptions are different, and the titles are different. (Smith Supp. Aff. ¶¶3, 4.)

**Facts Relating To Defendants SSI And Richard Wein, And Their Infringing Activities**

23.    Although AGI / Cyber never granted SSI with any rights to use its course descriptions, SSI began using AGI's course descriptions as early as 1997 to promote its courses. For example, AGI's 1996 Course Advertising Materials are copied verbatim in SSI's 1997 website and SSI's course catalogue, which illustrates a pattern of SSI's copying of AGI's course descriptions. (Smith Aff. ¶19; Compare Compare Wein Opp. Aff. Exhs. 4, 5 with Smith Supp. Aff. Exh. B.)

24.    Up until the Summer of 2003, SSI received a commission if it was able to resell one of AGI's courses for AGI. AGI provided the instructors and the training materials for all of its courses that SSI sold. (Smith Supp. Aff. ¶20.)

25.    In the late Summer of 2003, AGI and SSI's reseller relationship terminated. At that time, AGI objected to SSI's use of its course descriptions. To the extent SSI may have previously had an implied right to use AGI's materials while it was promoting AGI's courses, that right unquestionably and indisputably ended with the 2003 termination. AGI prohibited SSI from reselling AGI's courses and required SSI to remove all of AGI's course descriptions.

Accordingly, SSI removed all of AGI's course descriptions from its website in the late Summer/early Fall of 2003. (Smith Supp. Aff. ¶21; Wein Opp. Aff. ¶¶15, 16.)

26.     Although SSI was no longer permitted to resell AGI's courses, AGI still retained SSI's computer leasing services until the summer of 2004. For example, AGI had a customer in Dayton, Ohio, and on February 12, 2004, at AGI's request, SSI sent computer equipment to Ohio so that AGI could conduct computer training at the customer's location. During this period, the reseller agreement was no longer in effect, and SSI did not use AGI's course descriptions (AGI's Copyrighted Works) to promote AGI's courses. (Smith Supp. Aff. ¶11.)

27.     Over a year after SSI had appropriately removed all of AGI's Copyrighted Works following AGI's and SSI's termination of their reseller business arrangement, Christopher Smith discovered that SSI had copied AGI's Copyrighted Works again on the SSI website, *www.ssi-net.com* ("SSI Infringing Website"), in the summer of 2004. At that time, the SSI Infringing Website used verbatim content, at least twenty-eight pages of proprietary content, taken from AGI's Copyrighted Works. It should be noted that SSI did not use the materials that it first copied from AGI in 1997, but it copied content from AGI's current website. The SSI Infringing Website also listed, *for the first time,* at least one new course title that was substantially similar to a new 2004 custom course offered on the AGI website, which was modeled after a book co-authored by Christopher Smith. (Smith Aff., ¶¶13, 17-44, Exh. 6-33; Smith Supp. Aff. ¶22.)

28.     SSI never requested permission from AGI to use the course descriptions and never informed AGI that it intended to reactivate the Education portion of its website. Neither AGI nor Christopher Smith granted Defendants permission to copy AGI's course advertising materials from the AGI Website onto the SSI Infringing Website, or permission to use AGI's proprietary advertising content to promote Defendants' competitive courses in 2004. (Smith Aff.,

¶14.)

29. In the summer of 2004, the SSI Infringing Site also contained the same typographical errors that existed in AGI's copyrighted works. (Smith Aff., ¶20, 21.)

30. AGI independently authored each and every one of the twenty-eight course descriptions at issue, and Defendants agree that the infringing course descriptions all constitute "AGI language." (Smith Supp. Aff. 8-9, Exh. C, D.)

31. In the summer of 2004, Defendant SSI and Wein copied, without permission, AGI's Copyrighted Works, i.e. AGI's website as it appeared in publication in 2002 and 2003, to promote courses not offered by AGI, but courses offered by a newly formed competing company, the Defendant corporation, Acquired Learning, Inc. ("Acquired Learning"). (Smith Supp. Aff. ¶10.)

**Facts Relating To Defendants Judeann Stipe, Dean Novosat,
Clark Edwards And Acquired Learning, Inc., And Their Infringing Activities**

32. Defendant Dean Novosat is a former consultant to AGI. (Smith Aff., ¶33.) Defendants Clark Edwards and Judeann Stipe are former employees of AGI. (Stipe Opp. Aff., ¶2; Smith Aff., ¶33.) Defendant Clark Edwards was formerly the assistant treasurer of AGI when AGI was operating out of Pennsylvania. (Smith Supp. Aff. ¶25.) Judeann Stipe started working at AGI in 1996. (Stipe Opp. Aff. ¶2.) Judeann Stipe was employed at AGI through June 30, 2004 as a Sales Manager and later a Strategic Account Manager. (Smith Supp. Aff. ¶25)

33. While Judeann Stipe was still working for AGI, without AGI's management's knowledge, she used AGI's resources to make sales to AGI's customers not for AGI, but for her new competition company, Acquired Learning. For example, in June of 2004 Judeann Stipe while Judeann was still working for AGI, she made sales on behalf of Acquired Learning to

13

AGI's customers. (Smith Supp. Aff. ¶¶26-33, Exhs. J-M.)

34. For example, there is e-mail correspondence from Judeann Stipe at her AGI e-mail address to Leslie Schenkel, an AGI customer contact at Education Testing Services ("ETS") regarding such sales. On June 21, 2004 Leslie Schenkel at ETS wrote in an e-mail to Judeann Stipe, at her AGI email address stating, "I'm ready to start booking everything. InDesign will be 6-7 classes during August OSX Demo/CS Suite overview for July 20th." Stipe was an employee of AGI at the time of this message. (Smith Supp. Aff. ¶27.)

35. In violation of AGI's standard sales procedures, Judeann Stipe never entered this customer confirmation for the July 20, 2004 training or the August 6-7 2004 training classes into AGI's customer or scheduling databases. (Smith Supp. Aff. ¶28.)

36. Stipe intentionally did not enter this information into AGI's order entry system because she was intending to wrongfully divert this sale to her new employer, Acquired Learning. (Smith Supp. Aff. ¶28.)

37. On June 28, 2004 Stipe wrote to Leslie Schenkel at ETS indicating that "I am working from home today. I will call you this afternoon. I have some other good news to share with you." (Smith Supp. Aff. ¶29.)

38. The "good news" that Stipe shared is that she was going to work for Acquired Learning, and that she would deliver all of the July and August training for ETS through Acquired Learning – the training that Shenkel at ETS had previously requested that AGI deliver. (Smith Supp. Aff. ¶29.)

39. Stipe resigned her employment at AGI effective July 1, 2004, and told AGI management that her intention was to become a homemaker. (Smith Supp. Aff. ¶29.)

40. Immediately after resigning from AGI, Stipe instead went to work for Acquired

14

Learning, which was formed in 2004 with the intent of offering services identical to those of AGI. (Smith Supp. Aff. ¶31.)

41. Ten days after Judeann Stipe left AGI, on July 11, 2004, she e-mailed Leslie Schenkel at ETS using her new Acquired Learning e-mail account to "to thank her for the support," and tell her "It means a lot to me to have you follow me and help get things off to a great start." (Smith Supp. ¶32, Aff. Exh. K.)

42. On July, 12, 2004 and July 13, 2004, Judeann Stipe and Leslie Schenkel at ETS corresponded to discuss the new pricing options and new dates for the scheduled training. (Smith Supp. ¶33, Aff. Exh. L.)

43. On July 16, 2004, Judeann directed Acquired Learning to invoice ETS for the training orders she received while employed at AGI and that she deliberately withheld from AGI. Acquired Learning issued invoice number 1 in the amount of $7,200 to ETS for Acquired Learning to deliver the InDesign Training on August 11, 12, 13, 16, and 17 which Schenkel had requested AGI to deliver. (See Exhibit e-mail from Schenkel on June 21). This was 15 days after Stipe's resignation from AGI. In response, Acquired Learning issued invoice number 2 in the amount of $1,500 to ETS. (Smith Supp. Aff. ¶34, Exh. M.)

44. In July and August, 2004 Judeann Stipe, after she was no longer an employee of AGI, and Dean Novosat accessed without permission AGI's secured database servers located in Woburn, MA from their computers in Lancaster, Pennsylvania. (Smith Supp. Aff. ¶35.)

45. On one occasion when Stipe accessed AGI's secured database servers, she exported more than 23,000 customer names from AGI's customer lists and 14,000 email records. In particular, she exported AGI's customer information for New York, Delaware, New Jersey, Maryland, Pennsylvania and Washington D.C. (Smith Supp. Aff. ¶35.)

46. On at least three other occasions, Stipe and Novosat accessed and exported large amounts of proprietary confidential financial information from AGI's secured database servers. (Smith Supp. Aff. ¶35.)

47. To promote their courses to AGI's customers, Defendants Acquired Learning, Judeann Stipe, Dean Novosat and Clark Edwards copied AGI's course descriptions on the website *www.acquiredlearning.com* ("Acquired Infringing Website"). (Smith Aff. ¶47, 48.)

48. The Acquired Infringing Website used unauthorized copies of AGI's advertising materials to promote Acquired Learning's courses that are in direct competition with AGI. (Smith Aff. ¶48.)

49. The Acquired Infringing Website contained verbatim content, at least eighteen pages of proprietary content, from AGI's Copyrighted Works. (Smith Aff., ¶52.) The Acquired Infringing Website listed at least one new course title that was substantially similar to a new 2004 custom course offered on the AGI website, which was modeled after a book co-authored by Christopher Smith. (Smith Supp. Aff. ¶40.)

50. The Acquired Learning Defendants contend that they received permission to use AGI's Copyrighted Works from SSI. This allegation, however, is preposterous because each of the Acquired Learning Defendants had a long standing relationship with AGI and had intimate knowledge of AGI's Copyrighted Works. (Smith Supp. Aff. ¶38.)

51. Stipe, for example, worked for AGI / Cyber from 1996 through 2004, and she was actively involved in promoting AGI's courses using AGI's Copyrighted Works. The fact that Acquired Learning used AGI's Copyrighted Works to interface with AGI's customers, used a business name (Acquired Learning), which is similar to AGI, and occupied AGI's former office space in Lancaster indicates the extent to which Acquired Learning relied on AGI's goodwill and

proprietary information to misdirect customers.  (Smith Supp. Aff. ¶39.)

52. In any event, even if Acquired received permission from SSI, SSI could not grant such permission because, SSI had no rights in the materials.  (Smith Supp. Aff. ¶¶6, 18, 23; Smith Aff. ¶14.)

                                      AMERICAN GRAPHICS  INSTITUTE, INC., and
                                      CHRISTOPHER SMITH

                                      By their attorneys,

Dated: August 29, 2005                 /s/ Giovanna H. Fessenden
                                      John L. DuPré    (BBO No. 549659)
                                      Giovanna H. Fessenden (BBO No. 654681)
                                      Hamilton, Brook, Smith & Reynolds, P.C.
                                      530 Virginia Road
                                      P.O. Box 9133
                                      Concord, Massachusetts 01742-9133
                                      Telephone:  (978) 341-0036
                                      Facsimile:   (978) 341-0136

571209

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., and CHRISTOPHER SMITH,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, and RICHARD WEIN,<br><br>　　　　Defendants. | Civil Action No. 04-12611-JLT |

## CERTIFICATION UNDER L.R. 7.1(A)(2)

Giovanna H. Fessenden hereby certifies she conferred with Mr. Morgan in an attempt in good faith to resolve or narrow the issues associated with defendants' cross-motion for summary judgment.

　　　　　　　　　　　　　　　　　　AMERICAN GRAPHICS INSTITUTE, INC.,
　　　　　　　　　　　　　　　　　　and CHRISTOPHER SMITH

　　　　　　　　　　　　　　　　　　By their attorneys,

Dated: August 29, 2005　　　　　　/s/ Giovanna H. Fessenden
　　　　　　　　　　　　　　　　　　John L. DuPré   (BBO No. 549659)
　　　　　　　　　　　　　　　　　　Giovanna H. Fessenden (BBO No. 654681)
　　　　　　　　　　　　　　　　　　Hamilton, Brook, Smith & Reynolds, P.C.
　　　　　　　　　　　　　　　　　　530 Virginia Road
　　　　　　　　　　　　　　　　　　P.O. Box 9133
　　　　　　　　　　　　　　　　　　Concord, Massachusetts 01742-9133
　　　　　　　　　　　　　　　　　　Telephone:  (978) 341-0036
563387　　　　　　　　　　　　　　　Facsimile:  (978) 341-0136