UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., and CHRISTOPHER SMITH,<br><br>        Plaintiffs,<br><br>    v.<br><br>ACQUIRED LEARNING, INC., SYSTEMS SOLUTION, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, and RICHARD WEIN,<br><br>        Defendants. | Civil Action No. 04-12611-JLT |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO QUASH THIRD-PARTY SUBPOENAS
AND FOR A PROTECTIVE ORDER**

**I.   Introduction**

Defendants, who substantially failed to meet their obligations under the Court's Rules to voluntarily produce all relevant documents in their possession, now object to Plaintiff's reasonable and measured efforts to obtain what Defendants should have produced in the first place. Defendants also, with a change of counsel, seek to unilaterally change the terms of a negotiated Protective Order that was agreed to by the parties, filed with the approval of Defendants' new counsel, and approved and entered by the Court. For the reasons stated herein, Defendants' Motion should be denied.

**II.   The Subpoenas Were Proper**

The Discovery Order entered by the Court on March 24, 2005 required the parties to provide the other parties, without awaiting a discovery request, the documents in its possession

relevant to the disputed facts.  Defendants failed to meet this obligation.  On May 9, 2005, Plaintiff's Counsel wrote to Defendants counsel inquiring as to the missing documents.  (Fessenden Aff. ¶2, Exh. A.)  In the absence of a response, Plaintiffs sought the documents in a reasoned and limited series of subpoenas.  Plaintiffs were cooperative with all the subpoenaed parties and minimized any burden on them.  The requested documents, that Defendants should have previously provided, have been received and the matter is now moot.

At the Scheduling Conference on May 12, 2005, the parties discussed with the Court the depositions they would need in the case and the Order issued listing the deponents.  Both parties did not understand the Order to prohibit all other non-deposition discovery.  Both parties served and responded to written discovery requests.  The non-deposition subpeonas for documents were the subject of discussion with prior counsel for Defendants who were at the May 12, 2005 conference and at no time was there an objection from such counsel.  The entered Protective Order has a negotiated Paragraph 3 that expressly deals with and contemplates documents received from third parties, such as by subpoena.  This Order was filed with the consent of Defendants' current counsel and has been entered by the Court. (Fessenden Aff. ¶3, Exh. B.)  To the extent Defendants' current position with new counsel is that subpoenas were not proper without leave of Court, the Protective Order which expressly deals with this situation constitutes such leave.

### III.  The Request to Quash the Subpoenas is now Moot

Plaintiffs were reasoned and measured in their third party subpoenas.  Both extensions and clarification requests were given the subpoenaed parties.  Where necessary, further narrowing of the requests was given to ensure that only the relevant documents would need to be provided.  To

the extent there was any burden on the subpoenaed parties, it was caused by Defendants for failing to meet their obligations of voluntary production of these documents. Virtually all of the documents from the third parties are documents that Defendants should have produced.

In addition, it is significant that at the time of the filing of the Motion to Quash, all of the subpoenaed parties have responded and produced the requested documents. Defendants' counsel knew there were no outstanding subpoenas. To the extent there were technical defects in the subpoenas, they have been waived. The matter is moot and the Motion should be denied as such.

## IV.     The Negotiated and Agreed Protective Order should Not be Changed

The Protective Order entered in this case was presented and entered without the unnecessary limit proposed by Defendants. While parties could voluntarily agree to more narrowly limit discovery materials, it is not required by the rules nor agreed to in all cases. This was a case where this unnecessary limit was not part of the proposed Protective Order and the Order was agreed to by the Parties. Although the parties considering having additional limits in the Protective Order, they agreed that they were not necessary in this case. (Fessenden Aff. ¶4, Exh. C.) The agreement of the parties as approved by the Court should not be unilaterally changed.

Plaintiffs made proper use of discovery materials to investigate and protect its rights. Defendants failure to meet its disclosure obligations has made Plaintiffs actions necessary. Plaintiffs have not used materials to "harass, intimidate and annoy Defendants' customers and instructors." Plaintiffs are merely taking appropriate actions to protect its rights. To expose Plaintiffs to a potential claim of contempt for good faith use of what are admittedly <u>non-confidential</u> documents to investigate and protect against violations of its rights, would not be

3

appropriate where the parties have already agreed to a Protective Order with no such limit. Defendants' Motion for an additional or amended Protective Order should be denied.

### V.  Conclusion

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Quash and Motion for a Protective Order be denied.

AMERICAN GRAPHICS  INSTITUTE, INC., and
CHRISTOPHER SMITH

By their attorneys,

Dated: September 12, 2005

/s/ Giovanna H. Fessenden
John L. DuPré    (BBO No. 549659)
Giovanna H. Fessenden (BBO No. 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
Facsimile:  (978) 341-0136

573958